IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY CARTER JR,.          *
    PETITIONER,          *          CR.NO. 02-007-N
              *          CR.NO. 02-07-N

VS.          *
              *          2.05CV1016-F

UNITED STATES OF AMERICA,          *
       RESPONDENT,          *

              *

---

## SEPARATE MEMORANDUM MOTION
## IN SUPPORT OF PETITIONER'S SECTION 2255 MOTION

---

COMES NOW, Petitioner Jimmy Carter JR,. pro-se, in the above styled case with his Memorandum of Law in support of his Motion To Correct Vacate, and or Set-Aside illegal Sentence Pursuant to Title 28 U.S.C. § 2255. Petitioner request this Honorable Court to GRANT his Section 2255 Motion in parts on **each and all** issues Raised before this Court. Petitioner further request this court to conduct **Fairness** and Equal PROTECTION under the LAWS and CONSTITUTION of the United States on all ( 8 ) Claims and or raised in his § 2255 Motion because, stated in **United States V. Shackelford**, 777 F.3d 1141, 1145, Holding that the SIXTH AMENDMENT'S Right to Trial by Jury "is Designed to **ensure** Criminal defendant's a **fair** Trial by a panal of IMPARTIAL, INDIFFERENT Jurors". Quoting **Ivin V. Dowd**, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). With the assurance of the Supreme Court ruling in HAINES V. KERNER, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972), holding that, allagations of a **pro-se** Complaint MUST be viewed "Less Stringent Standards" than formal pleadings drafted by Lawyers.

## STATEMENTS OF THE FACTS

The argument the Petitioner makes regarding the requirements that **Indictments** in drug Cases brought under 21 U.S.C. § 841 amd 846 **MUST** "Recite the drug types and Quantities" involved in the Charged Offense appears to be First impression in the ELEVENTH CIRCUIT COURT OF APPEALS as Cited with it's Case Law Authority and it's Circuit Court percedent in these proceedings. Other Circuits have held that this is the CURRENT State Law. See Other Circuits such as United States V. Fields, 242 F.3d 393, 396 (D.C. Cir. 2001) (In Light of APPRENDI, it is Now Clear that, in drug Cases under 21 U.S.C. § 841 and 846, "Before a defendant can be Sentenced to **Any** of the Progressively Higher Quantities of drugs Specified in Subsections § 841(b)(1)(A) or (B)", The Government **MUST** State the drug type and Quantity in the INDICTMENT. See Other Circuit Court Stating the Same in United States V. Jones, 235 F.3d 1231, (10th cir. 2000)(United States V. Rogers, 228 F.3d 1318 (11th cir. 2000)(Stated and has ruled drug Quantity is an**"ESSENTIAL ELEMENT"**Of The Offense Under the ENHANCED Penalty Provisions of 21 U.S.C. § 841(b)(1) That **MUST** be alleged or Charged in the INDICTMENT.

Also The Sixth Circuit has included Language in some of it's Decision Suggesting a Similar result. See, e.g., United States V. Strayhorn,250 F.3d 462, 467-68 (6th cir. 2001 (Stating that, "Already, We have held, Pursuant to APPRENDI, that the Government **Must** name in the Indictment the Quantity of the Drug for Which it **Seeks** to HOLD the defendant Responsible Under 21 U.S.C. § 841 § (a) (Citing United States V. Ramirez, 242 F.3d 348, 351 (6th cir. 2000 ) and (United States V. Flowal, 234 F.3d 932, 938 (6th cir. 2001). The Government **"Did Not"** in this Case NAME in the INDICTMENT the Quantity of drugs of SIXTY (60) KILOGRAMS of COCAINE for Which it **SEEKED** to Hold the Petitioner Responsible "Under 21 U.S.C. § 841(a), Which Clearly Violated Petitioner's SIXTH AMENDMENT RIGHT TO TRIAL BY A JURY.

In U.S. V. Ramirez 242 F.3d 348, 350-51 (6th cir. 2001), The APPRENDI decision Was applied to VACATE Ramirez's Sentence. There, the Court held that **"aggravating factors"**, Other than a prior Conviction, that increases the penalty from a "NONMANDATORY MINIMUM SENTENCE TO A MANDATORY MINIMUM SENTENCE", or from a Lesser

to a GREATER MINIMUM SENTENCE, are in fact **"ELEMENTS"** of the Crime to be CHARGED AND
PROVEN. Simply put, The Indictment here are "Fatally Flawed" as it **"Did Not"** allege or
Charge, as an "ELEMENT of the Offense, a Specific drug amount of Sixty (60) Kilograms
of Cocaine that have resulted in a Mandatory Sentence above the Maximuum Penalty of
what was Charged in the Indictment of the Fifty (50) Grams of Crack Cocaine upon
CONVICTION. Which Violated Petitioner "Subutantail Right" and his SIXTH AMENDMENT RIGHT
TO TRIAL BY A JURY". Therefore The JUDGEMENT was rendered "WITHOUT JURISDICTION".

The Petitioner Invoke's All his CONSTITUTIONAL, STATUTORY, and FEDERAL RIGHTS
under Section 2255 that directs the Court to give the Petitioner **FULL and FAIR Consider-
ation on EACH of the Eight (8)** CLAIMS raised in his Section 2255 Motion as in according
to KAUFMEN V. UNITED STATES, 384 U.S. 217 89 S.Ct. 1068, 22 L.Ed.2d 227 (1960).

The Petitioner was Convicted on June 19, 2003. The Petitioner was Sentence on
September 29, 2003. The Petitioner filed an Appeal on February 19, 2004. On August 2,
2004 Petitioner's Appeal was denied. On or about August 14, 2004 Petitioner filed a
Petition For RE-HEARING EN BANC. On October 27, 2004 Petitioner's MOTION or PETITION
FOR RE-HEARING EN BANC were Denied. BLAKELY V. WASHINGTON, 124 S.Ct. 2531, 2537, 159
L.Ed.2d 403 (2004) "Was NEWLY ANNOUNCED" by the U.S. Supreme Court on JUNE 24, 2004,
during Petitioner's Direct Appeal process were pending, and before Petitioner Conviction
became final on OCTOBER 27, 2004 during his pending of his Petition FOR RE-HEARING EN
BANC. Therefore BLAKELY, Supra, **AUTOMATICLY** apply RETROACTIVELY in the present Case,
quoting GRIFFITH V. KENTUCKY, 479 U.S. 314, 328, 107 S.Ct. S.Ct. 708, 716, 93 L.Ed.2d
649 (1967).

The Petitioner are "Entitled to the **Benifits** of the rule announced in BLAKELY
Supra,. The Petitioner request Counsel Donald Madison on Several Occassion by Letter
and by Phone to **AMEND** The NEWLY announced U.S. Supreme Court's Case BLAKELY to his APPEAL
While pending on direct Appeal or review under RULE Fed. R. CRIM. P. Rule 28 (j) but,
Counsel Madison failed to do so. See "Exhibit (G) Attachment" Letter to Counsel Madison
dated July 11, 2004.

On January 12, 2005 BOOKER V. WASHINGTON, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)

Was NEWLY announced within NINTY (90) days of OCTOBER 27, 2004 to January 27, 2005 during the Time Petitioner had to File a Petition to the United States Supreme Court for a WRIT OF CERTIORARI or from OCTOBER 27, 2004 of the Latest date of JANUARY 27, 2005 that the Petitioner Would have Had Time to File for a Petition for a WRIT OF CERTIORARI To The U.S. SUPREME COURT according to CLAY V. UNITED STATES, 537 U.S. 522, 155 L.Ed.2d 88, 123 S.Ct. 1072 (2003) for the **Ninty-90 -day** Time period or deadline to file for a WRIT of CERTIORARI to the U.S.Supreme Court while Petitioner Still pending "Direct Review or Appeal" and that the Petitioner Should be Awarded the Benifits announced in BOOKER, Supra, See Griffith V. Kentucky, 479 U.S. 314, 107 S.C.t 708,716, L.Ed.2d 649 (1087) because, Today's Holdings in both Cases-Holds The "SIXTH AMENDMENT RIGHT REMEDIAL INTERPRETATION of the Sentencing Act-To ALL CASES on direct review." ("A New Rule for the Conduct of Criminal prosecutions is to be applied on direct Retroactive to All Cases pending on Direct Review or not yet FINAL."). Therefore BLAKELY / BOOKER / AUTOMATICLY applies to Petitioner's § 2255 Motion.

The Petitioner requested Counsel Donald Madison again on Several Occasions by phone and by Letter dated Juauary 18, 2005 to **AMEND** The Newly announced U.S. Supreme Court's Case BOOKER, to his Appeal of to file a Motion to Re-Consider his Sentence before his **90-day Time-period** expires or not yet final in the U.S. Supreme Court to Petition for a WRIT of CERTIORARI. See "Exhibit (G) Attachment" request to Counsel Madison. Counsel Madison Failed to AMEND but instead, Counsel Donald Madison "Filed an UNTIMELY, INCORRECTLY, FRIVOIUS, INAPPROIATE Motion To Correct Petitioner's Sentence under Fed. R. Crim. P. Rule 35(a) on JANUARY 24, 2005. The Petitioner were **prejudice** when Counsel Madison Entirely Failed to Subject the Prosecutions Case to Meaningfull Adversarial Testing." Both, Counsel Donald Madison and Counsel Maurice Bell were **Called Upon** to render Assistance to the Petitioner during PRE-TRIAL, TRIAL and during APPELLATE process and during the APPEAL process under Criticial Circumstances where Competent Counsel very likely Could not." (Quoting United States V. Cononic, 466 U.S. 648, 659-662 (1984))); Mickens V. Taylor, 535 U.S. 162, 166 (2002) ("Stating, We have **SPARED** the defendant the need of Showing probable effect upon the OutCome," and have Simply

iii

presumed such effect, Where Assistance of Counsel have been denied during a CRITICAL stage of the proceedings. "ACTUAL or CONSTRUCTIVELY" denied the Assistance of Counsel Altogether during TRIAL Court Proceedings therefore required REVERSAL ("WITHOUT a Showing of PREJUDICE"). See HUNT V. MITCHELL, F.3d 575, 582-83, 585 (5th cir. 2001).

## STATEMENTS AS TO WAIVER, CAUSE AND PREJUDICE

Petitioner Carter has presented Several Facts Set Forth in his Section 2255 Motion were and are "Material to the Claims herein of Ineffective Assistance of Counsel" but, were not part of the record for direct Appeal. See Massoro V. United States, 155 L.Ed. 2d 714, 123 S.Ct. 1690 (2003)(holding that , an Ineffective Assiatance of Counsel "MAY be brought in a Collateral proceeding under Section 2255", Whether **or not** the Petitioner could have raised on direct Appeal.

## JUDGEMENT REQUESTED

Pursuant to Rule (5) of the Rules Governing Section 2255 proceedings, Petitioner Carter request this Honorable Court to ORDER an Evidentiary Hearing on the Merit's of the Facts in the Record on the issues raised in these proceedings Pursuant to Rule 8 (C) of the Rules Governing § 2255. The Petitioner further Moves this Court to issue an ORDER for a Responsive pleading to be Submitted on or about a Specific date Prusuant to Rule 6 (e), F.R.CV.P. Rule 26 (C), Rule 45 (e). Petitioner also request for JUDGEMENT of All the Said Documents of Records Pursuant to Rule 6 (b)(2), 6 (e)(3)(ii) and 6 (f) of the F. R. Crim. P., Petitioner further request this Court to Comply with Rule 23 (C), F.R.CV.P.-Rule 81 (a)(2), 28 U.S.C.A. § 2250, and 28 U.S.C. § 636 (C).

## MOTION FOR DISCOVERY

Pursuant to Rule 6 (a) of the Rules Governing Section 2255 proceeding, Petitioner Carter request leave of this Court to **Invoke** the process of Discovery. More Specifically, Petitioner request this Court to ORDER and Allow the Evidence developed through the foregoing disposition that will "Materially Support the Facts Set forth in the proceedings. Rule 6 (C) Allow addition "Discovery devices in HABEAS CORPUS Proceedings" as Stated in BRACY V. GRAMLEY, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) ("Stating that,

Where Specific Facts or allegations before a Federal Court Show reason to believe that a Petition for Habeas Corpus Relief May, if the Facts are fully develope, be able to demonstrate entitlement to Relief'.' it is the **Duty** of the Courts to prove the necessary facilities and proceduers for an adequate inquire. In BRACY V. GRAMLEY, the Supreme Court Vacated a District Court and Court of Appeals denial of Discovery in HABEAS CORPUS, 28 U.S.C. § 2255.

## MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to Rule 6(c) and Rule 8(C) of the Rules Governing Section 2255 proceedings, Petitioner Carter request that Counsel be Appointed for Discovery and for assistance in the above styled Case. Upon Proof of Petitioner alleged Facts herein, Petitioner request this Honorable Court to ORDER that his Conviction be Vacated, and / or this Court Grant an Evidentiary Hearing on ANY facts if True, where the facts May be properly developed on the Record for Relief as to the Fully Reviewing of **each** SEPERATE Claims raised before this Court in this Section 2255 Motion at hand.

## STATEMENT

It has been a Long Standing of the Law throughout each and every Federal, State, and Local Court that, it "Shall Not" Except **any** Evidence gathered, Seized, or ANY Testimony from ANYONE with **"UNCLEAN HANDS"** No Matter WHO they May BE. This includes AGENT ... GENE SISSON, as to where the Court record Clearly Shows and proves that Sisson Knowingly, Intentionally Lied under his OATH of office to a Magistrate Judge in Open Court to get a Search Warrant alleging Petitioner Carter OWNED the home at 304 payson road in Deatsville, Alabama where drugs were found. Petitioner Carter has always denied he Owned the home at 304 payson road.

Agent Sisson SWORN under OATH in open Court that Petitioner Carter OWNED the home at 304 payson road, and that Lots of drugs were there belonging to Petitioner Carter. The Petitioner Carter always have Clearly stated over and over again and proved that he did not OWNED the home at 304 payson road, That "Did Not" Stop Agent Sisson and others from "Falsifying his testimony within the court to conduct a Search Warrant at that resident Which Clearly VIOLATED TITLE 18 U.S.C. § 1621'.'

V

## QUESTION OF LAW PRESENTED
## SUMMARY OF THE ARGUMENT - (1)
## AND CASE LAW OF AUTHORITY

### WHETHER DRUG QUANTITY ARE ESSENTIAL ELEMENTS OF THE OFFENSE OF 21 U.S.C. SECTION 841 (a)(1) THAT MUST BE CHARGED IN THE INDICTMENT FOUND BY A JURY AND PROVEN BEYOND A REASONABLE DOUBT

Petitioner argues "Drug Quantities are **ELEMENTS**" of the Offense under 21 U.S.C. Section 841'(a)(1) that MUST be charged in the Indictment, Found by a Jury, and Proven Beyond a Reasonable Doubt." The district court **Clearly Error** by attributing Sixty (60) Kilograms of cocaine to Petitioner at the Sentencing of September 23, 2003 by a preponderance of the evidence Standards from the statement of Sixty (60) Kilo's of cocaine by government witness Wallace Salery, which statement "Stood alone", Were Not Supported by any other evidence", and were not "CORROBARATED" according to the Record at hand, and that, because the Sixty (60) Kilograms of cocaine WERE NOT Charged in the INDICTMENT, nor Submitted to the Jury, and Never were proven beyond a Reasonable Doubt. The district **LACK JURISDICTION** to impose the Current-360 Months Sentence. The district Court Violated Petitioner's SIXTH AMENDMENT RIGHT TO TRIAL BY A JURY TO DETERMINE THE AMOUNT OF DRUGS TO BE PUNISHDED." Therefore Petitioner Sentence MUST be VACATED. See United States V. Thomas, 274 F,3d 655 (2nd cir. 2001)  United States V. Rogers, 228 F.3d 1318 (11th cir. 2000) United States V. Vazquez, 271 F.3d 93 (3nd cir. 2001) In Re Winship, 397 U.S. 358, 363 (1970) and United States V. Nordby, 225 F.3d 1053 (9th cir. 2000). All Stating that "Drug Quantity are **"ELEMENTS"** and All ELEMENTS **MUST** be Charged or Alleged in the INDICTMENT."

The indictment **Only** Charged or alleged FIFTY (50) Grams of crack cocaine in Count (1) under 21 U.S.C. § 841 (a)(1). The Jury **Only** Found FIFTY (50) Grams of crack cocaine NOT sixty (60) Kilograms of cocaine. See "EXHIBIT ATTACHMENT (A)" of the indictment ONLY Charged Fifty (50) Grams of crack cocaine. See "EXHIBIT ATTACHMENT (B)" of the Jury Verdict Form ONLY found Fifty (50) Grams of crack cocaine. NOT 60-Kilograms. The Sixty (60) Kilograms of drug amounts attributed to Petitioner for Sentencing purposes **are an "Essential Elements"** that MUST have been charged in the indictment, Submitted to the Jury, and proven beyond a reasonable doubt in order for Petitioner

1

be held accountable for or Guilty for. In Rogers, it have clearly stated that, "Drug

Quantity are **"Elements"** under the Offense of 21 U.S.C. § 841 (a)(1) that MUST be

Charged in the indictment, Submitted to the Jury, and Proven beyond a Reasonable Doubt,

and where "Specific drug quantity was "Neither Charged in the indictment Nor proven

to the Jury beyond a reasonable doubt", then defendant had to be Sentenced **WITHOUT**

Reference to drug quantity" Following APPRENDI V NEW JERSEY, 120 S.Ct. 2348, 147 L.Ed.

2d 435 (2000).

> "The Indictment of Information shall State for each
> COUNT the Official or **Customary Citation** of the
> Statute, Rule, Regulation or Other Provision of the
> Law which the defendant is alleged therein to have
> Violated".

The indictment at bar Failed to set Forth **any** Penalty Provisions Encompassed by

21 U.S.C. § 841 (b). The government "CANNOT" enforce Mandatory Minimum Punishment

"Without first Obtaining a Grand Jury Specifically Identifying the **amount** of Narcotics

that the defendant could be expected to be Sentenced upon Conviction". It is Clear that

the **amount** of Narcotic is an **ELEMENT** of the crime "Which means that the section 841

(b)(1)(A) and 841 (b)(1)(B)"May Not" be **Utilized** for Sentencing"WITHOUT finding of durg

Quantity by The JURY". The Jury **"did not"** Make a FINDING of Sixty (60) Kilograms of drug

Quantity". Sence the government Witness Wallace Salery Statement on the Sixty (60) was

a Single factor, Standing alone, May be Insufficient to Support an inference of a

Conspiracy and CANNOT be used because the JURY "did not Make a Finding to those sixty (60)

Kilograms of drug quantities". See U.S. V. Riggins, 15 F.3d 992, 994 (10th cir. 1994) on

a single factor Standing alone may be insufficient to Support an inference of a Consp-

iracy.

Before **any** defendant can be Sentence to **any** of the Progressively Higher STATUTORY

MAXIMUM that are based onProgressively Higher quantity of drugs "Specified in Subsections

841 (b)(1)(A) or (B)"; the government **Must** State the "DRUG TYPE AND QUANTITY in the

INDICTMENT". (Drug Quantity is an "ESSENTIAL ELEMENT" of the Offense Under the Enhanced

Penalty Provisions of 18 U.S.C. § 841 (b)(1)" that MUST be alleged in the Indictment").

The Petitioner's Indictment "DID NOT" Charge § 841 (b)(1)(A) drug quantity penalty

"Statute Under § 841, it **Only** Charged § 841 (a)(1) in the Indictment. See Exhibit

(A) of the Attachment of the Indictment." Therefore the district **exceeded** the STATUTORY MAXIMUM" of Twenty (20) years under 21 U.S.C. § 841 (b)(1)(C) for an Unspecified amount of drugs that were not Charged in the Indictment that is in Violation of the Rule announced in **APPRENDI/ROGERS/THOMAS/NORDBY/VAZQUEZ.** ALL has ruled that "Drug Quantities are ESSENTIAL ELEMENTS" that **MUST** be Charged in the Indictment, Submitted to a Jury, and Proven beyond a Reasonable Doubt." Failure to allege an ELEMENT in the INDICTMENT is a **"JURISDICTION DEFECT"** that can be raised at AnyTime during the proceedings. Sence it is Clear Under the ABOVE CaseLaw Authority and Court Precedent that "Drug Quantity are ELEMENTS" that MUST be Charged in the Indictment and found by a Jury. The Sixty (60) Kilograms of Cocaine attributed to Petitioner for Sentencing purposes "Were Never Charged in the Indictment, Submitted to a Jury, nor Proven beyond a reasonable Doubt and "CANNOT" be UTILIZED for Sentencing purposes."THE SUPERSEDING INDICTMENT IS DEFECTIVE."

The Indictment here is **"Fatally Defective"** at hand according to the Rule of Law in Haning V. United States, 418 U.S. 87, 117 S.Ct. 2887, 41 L.Ed. 2d 590 (1974)(Stating that the Indictment **Must** "FULLY, DIRECTLY, and EXPRESSLY, WITHOUT ANY UNCERTAINLY or AMBIGUITY, SET FORTH **ALL ELEMENTS** NECESSARY TO CONSTITUTE THE OFFENSE INTENDED TO BE PUNISHED"). The Sixty (60)-Kilograms Drug Quantity of cocaine are an "ELEMENT" that Intended for Petitioner to be PUNISHED, and were Never Charged or alleged in the Indictment as required."

Therefore Petitioner's SIXTH AMENDMENT RIGHT TO A TRIAL BY A JURY to Determine and find the "SPECIFIC" Drug Amount were Violated. The district court are **"WITHOUT JURISDICTION"** to impose **any** Sentence EXCEEDING Twenty (20) Years-at- Offense-Level-32 of Fifty (50) Grams to 150 Criminal History Category (V1) at 210 to 262 Months, instead of the Sixty Kilograms of cocaine for sentencing purposes established by a "Preponderance of the Evidence Standards" at Offense level-38 criminal history category of-V1- putting Petitioner at- 360 Months to life. The Indictment here is "DEFECTIVE" for failure to allege all ELEMENTS of drug quantity, and that Petitioner Sentence Should be VACATED Sence Petitioner do admits  the Indictment Did in fact" Charge and allege Fifty (50) Grams of Crack Cocaine."

3

QUESTION OF LAW PRESENTED
SUMMARY OF THE ARGUMENT - 2
AND CASE LAW AUTHORITY

WHETHER PETITIONER WERE HELD IN UNCONSTITUTIONAL DETENTION FOR MORE THAN FORTY FIVE (45) MINUTES DURING A ROUTINE TRAFFIC STOP BEYOND CITATION FOR SPEEDING IN VIOLATION OF PETITIONER'S FOURTH AMENDMENT RIGHT TO THE CONSTITUTION

Petitioner argues he were held in "UNCONSTITUTIONAL DETENTION" and Search for More than Forty Five (45) Minutes during a Routine Traffic Stop "Beyond Citation" for Speeding in Violation of Petitioner's Fourth Amendment Right To The Constitution. On July 25, 2001 the Petitioner were pulled over for a routine traffic stop for speeding. The Petitioner showed the patrol officer valid driving license and car insurance. The patrol officers issued Petitioner a Warning Ticket for Speeding. The Petitioner were Never under any investigation for a criminal activity during the Traffic Stop on July 25, 2001 but, yet held in "UNCONSTITUTIONAL DETENTION" for More than Forty Five (45) Minutes". Detention of Petitioner Beyond Traffic Citation" **Was Not** AUTHORIZED under the Fourth Amendment to CONTINUE for more than-45 Minutes. The Petitioner gave a Limited consent to search the vehicle **Only in Plain View** breifly , right after the giving of the Warning Ticket for Speeding. Petitioner were pat searched by the patrol officers and nothing were found on him in person. The dog went around the vehicle or car and nothing were found. After the first search of Petitioner Vehicle there were nothing illegal found in the car nor on Petitioner. The Petitioner then asked the THREE patrol officers to STOP the Search and that he Wanted to Leave and the THREE patrol Officers refused to let Petitioner leave by **hindering** him from leaving. The Patrol officers then at some point  stated Petitioner Can leave but, Continue to HINDER Petitioner from Leaving **each** Time he tried to turn and leave". Petitioner told the patrol officers that he have been here at the routine Traffic Stop for More than-45 Minutes to an HOUR and have the Warning Ticket for Speeding and wanted to leave". The patrol officers Continue to **hinder** Petitioner from leaving by BOXING HIM IN".

Then the patrol officers again went into another Long "FISHING EXPEDITION" asking Petitioner Many More Questions and Continuing HENDERING Petitioner from leaving the Scene. The THREE Officers had **NO intent** for Petitioner to leave. "See The Traffic Stop TAPE"

4

put into evidence at Trial showing the THREE patrol officers HINDERING Petitioner from Leaving by Continuing Question him and "BOXING HIM IN FROM LEAVING ON THE TRAFFIC STOP TAPE which is Clearly in Violation of Petitioner's Fourth Amendment Right To The Constitutional of"FREE from being HELD IN UNCONSTITUTIONAL DETENTION." Long after the "Unconstitutional Detention" of the Petitioner the patrol officer said he found some Small amount of powder cocaine on the ground away from where Petitioner an the patrol officer's were. Another patrol officer or the DEA sitting -100 yards away in an unmarked car pulled up and told the patrol officers that some cocaine were there on the ground and that Petitioner must have thrown it there but, The Three Officer's that were there on the scene Never stated that they saw Petitioner throw any drugs on the ground from where they were at after all that Time being there. Once such brief questions were Completed Petitioner Carter Should have-been FREE-TO-GO. See United States V. Puritt, 174 F.3d 1215 (11th cir. 1999).

Petitioner argues the evidence of drugs found were NOT on him....or not in his Possession that was gathered should have been-Excluded" from the Jury's Consideration at trial that **prejudice** Petitioner to have a Fair Trial." There were **no** Sufficient factual Basis existed to Support the district courts an"Investigatory Stop and Search of the vehicle after it's Initial Detainment for a Speeding Offense." The district court should have **granted** Petitioner's Suppression Motion on the evidence because the **record** indicates **NO Facts** Sufficient to Justify the"Further Investigatory Detention of Petitioner Carter Beyond a Citation For Speeding." See United States V. Tapia, 912 F.2d 1367 (11th cir. 1990).

The Petitioner Conviction Should be Vacated in light of the Eleventh Circuit Court Caselaw precendet and Authotity set out in United States V. Pruitt, 174, F.3d 1215 (11th cir. 1999) because the **"UNCONSTITUTIONAL DETENTION"** of More-Than **Forty Five (45) Minutes** Beyond a Traffic Citation for Speeding. This district-Court-Judge Mr. MARK E. FULLER Dismissed a Case from the "Suppression of Forty-Two-Pounds (42) of Cocaine in 2004 that was found Beyond a Traffic Citation" for Speeding" because the Patrol Officer's had **questioned** the Suspect and her boy-friend TWO-LONG After having pulled them OVER

for going Eight-Miles per-hour Faster than the Speed Limit"s. The "CONTENT" of the
Officer's **questions** are what we're arguing Stated Judge Mark E. Fuller." The Judge
Stated in his Finding of Facts in the Hernandez Case that, If you are a TROOPER and
PULL someone over for Speeding you **CAN'T** be asking them how many times they've gone
to MEXICO in the last year, what part  of Mexico have you traveled to, and things like
that DON'T Apply to the Traffic Stop." "HE WAS FISHING." This Case are **indentical** to the
Petitioner's Case at Hand."See the Petitioner's Traffic Stop Tape" on the Day of July
25, 2001. The district Court "CLEARLY ERROR" for not Granting Petitioner's Motion To
Supress" because, Once such brief Questioning was Completed, Petitioner Carter was FREE
to go but, was HINDERED from doing so by the Three-Patrol Officers. The THREE or the
Four patrol officer's at the Traffic Stop was provided at that time **no** Reasonable
Suspicion of **any** of his Criminal Activity." The Traffic-Stop-Video-Tape will show this
court Proof that Petitioner Carter was Continue **hindered** from Leaving-and WERE BLOCKED
or "BOXED" in by the FOUR patrol-officers from leaving the scene", and the police-Video-
Tape will show this court that the-FOUR police patrol officers was acting on an "UNSUPP-
ORTED HUNCH" instead of a reasonable Suspicion that Petitioner Carter had broken **anything**
Other Than The Speeding Law." See <u>United States V. Pruitt</u>, 174 F.3d 1215 (11 th ci. 1999).
Pruitt is still the case law precedent and Caselaw Authority in the Eleventh Circuit
Court of Appeals because, it has Not beenOverTurned by the En Banc-12 Panel
Court in the Eleventh Circuit, nor have it been OverTurned by the United States Supreme
Court. Therefore Petitioner Carter Conviction Should be Vacated and he Should be Remand
to the extent that Petitioner were held in "UNCONSTITUTIONAL DETEDTION" beyond the
Traffic Stop Citation."

QUESTION OF LAW PRESENTED
SUMMARY OF THE ARGUMENT - 3
AND CASE LAW OF AUTHORITY

**WHETHER THE DISTRICT COURT LACK JURISDICTION TO ENHANCE PETITIONER'S SENTENCE
UNDER THE SENTENCING GUIDELINES OF MORE THAN THREE YEARS ON HIS PRIOR CONVICT-
IONS WITHOUT GIVING NOTICE AND COMPLYING PURSUANT TO 21 U.S.C. § 851 (A)(1) AND
(b) AND WHERE COUNSEL FAILURE TO CHALLENGE THE ACCURACY OF PETITIONER'S PRIOR
Convictions BEFORE IN OPEN COURT**

Petitioner argues that the "district court "LACK JURISDICTION" to Enhance his

6

sentence under the U.S.S.G. of more than Three-Years on his prior Convictions without giving "NOTICE and failure to Comply with 21 U.S.C. § 851 (a)(1 and (b) and where counsel failure to Challenge the Accuracy of Petitioner's PRIOR CONVICTIONS Within Open Court. The district court Must Not Constru, Overstate the Actual Language of the Statute and the requirements under 21 U.S.C. § 851 (a)(1) and (b) because the Language of the STATUTE States the Follow;

### § 851.  Proceedings to establish prior convictions

#### (a) Information filed by United States Attorney

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions,

**ID DRUGS**                                      **Ch. 13**

unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

#### (b) Affirmation or denial of previous conviction

If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

**(c) Denial; written response; hearing**

(1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section. The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have

the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

**(d) Imposition of sentence**

(1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.

(2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by this part. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

**(e) Statute of limitations**

No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

(Pub.L. 91–513, Title II, § 411, Oct. 27, 1970, 84 Stat. 1269.)

The Language are "Clear because it "Does " Verify and States that the prior Convictions to be used to Enhance Petitioner's Sentence the Government have to give **Notice** or file NOTICE of intent to Enhance his sentence base on his prior convictions under the "Actual Language in the Statute" The Petitioner's State prior convictions used to increase his sentence in **excess** of more than Three-Years were a "FACT" that should have been presented to the Jury" and in Open Court to be Affirmed or Denied by the Petitioner or by the Court to determine  Whether those prior Convictions were UNCOUNSELED, EXPUNGED, INVALID, CONSOLIDATED FOR SENTENCING PURPOSES and or to OLD to be COUNTED for Criminal History Point  Therefore the district court "LACK JURISDICTION" to impose the increase sentence based on Petitioner's prior Conviction. See Harris V. United States, 149 F.3d 1304 (11th cir. 1998)  The prior convictions should have been determined by a Jury surrounding the FACTS of those prior convictions. This violation prejudice;......................

8

the Petitioner to a "Fair Trial" and Violated his Fifth Amendment Right To DUE PROCESS." In terms of "Fundamental Fairness", it would Fundamentally **be UNFAIR to** Convict a defendant on Enhancements of his prior convictions which he had No NOTICE because it Violates Petitioner's Right to his "Due Process Clause of The Fifth Amendment" alone with the "FAIR NOTICE SUBCLAUSE OF THE INDICTMENT CLAUSE."

Had Petitioner receive NOTICE in Open Court as required under 21 U.S.C. § 851 (a)(1) and (b) on his prior convictions, the "Court ............ would have learned" that it **Error** on Petitioner's Criminal History Points, and his Criminal History Points for Sentencing purposes were IMPROPER because, Petitioner prior State Conviction for robbery 2nd degree on 12/5/1984 under case No. CC-85-005; total of Three(3) points under 4A1.1; robbery 2nd degree under case No. CC-85-006; total of Three(3) points under 4A1.1; on 12/5/1984; robbery 2nd degree on 12/5/1984 under case No. CC-85-007 under 4A1.1(b) ALL Cases were run CONCURRENT AND CONSOLIDATED as ONE CASE for Sentencing purposes." See "Exhibit Attachment (C)" of the PSI report pages-9,10 Where **Petitioner** received TWO-(2) points under case No. CC-85-007; totaling-8 points for All three prior convictions that was **CONSOLIDATED** for state sentencing therefore treated as ONE and RELATED for sentencing purposes. See U.S.S.G. § 4A1.2(a)(2) Stating; Prior Sentences imposed in related Cases are to be Treated as **One** Sentence for purposes of § 4A1(a), (b) and (C). See also U.S. V. Delvecchio, 920 F.2d 810 (11th cir. 1991) Stating, dispite defemdant's Dorsey's serious criminal history, "We held that the Language of the Guidelines Obligated" the Sentencing Court to Treat the THREE prior Robbery Convictions as a SINGLE Conviction. When ever a defendant sentences are Related it **Cannot** be assessed Seperately under the Guidelines. See id. § 4A1.2(a)(2) Stating; Cases are Related if they "(1) occurred on a Single Occasion, (2) Were part of a Single Common Scheme or plan, or (3) Were Consolidated for Trial or Sentencing...Therefore Petitioner Sentence should be VACATED for failure to file NOTICE."

Had Petitioner Counsel Mr. Maurice Bell "Challenge and Objected to the accuracy of the P.S.I. report in Open Court as required under the rule, He would have **Learned** the ABOVE and that Petitioner MISDEMEANOR'S Convictions for Possession of Imitation

Controlled Substance and making false statement on 10/31/1995 Only required for him to pay a fine of $294.00 and NO Jail Time or Probation and Petitioner should NOT have received the One-1 point under 4A1.1 (C)"because there were not any terms of imprisonment of probation" of at lease Thirty (30) days; Making false report on 3/30/1996 Only required Petitioner to pay a $144.00 Fine and NO Jail Time or no Probation, and Petitioner Should have Not received One- 1 point under 4A1.1; And on 5/13/1996 making false report Petitioner Only were required to pay a $94.00 fine and No Jail Time or No Probation and should Not have received One-1 point under 4A1.1 Totaling Three-(3) points for these Misdemeanor's all together are **Error, Improper and MISCALCULATED** under § **4A1.2 (C) note (1)** for Sentences Counted and Excluded". The Total for all the **above**

The total for All the **above** Error that are improper and Miscaculated on Petitioner Criminal History Points are Ten (10), putting Petitioner at a Criminal History Category V1--at level-38, Which should have put the Petitioner at a Total of Three (3) Criminal History Pionts, With a Criminal History Category of (111) at a Level-38; With 262-327 Months; instead of Criminal History Category (V1) and Criminal History Points of (13) Without 360-Months to Life. Therefore sense"Counsel failure to Challenge of Object" to Petitioner prior Convictions used to **increase** his Sentence of more than Three-Years, Petitioner Sentence should be VACATED in according with <u>Glover V. United States</u>, 531 U.S. 198, 148 L.Ed.2d 604, 121 S.Ct. 696 (2001) because his Sentence would have been reduced of more than five (5) years and constituted PREJUDICE.

### PART-(2) OF PRIOR CONVICTION
### GUIDELINES SENTENCING, GENERALLY

Petitioner Further argues his SIXTH AMENDMENT RIGHT TO THE CONSTITUTION WERE VIOLATED. The Judge and Jury should have been able to consider the "Facts of his prior Convictions" and other information to determine-Judicial-factfinding that rely on facts of a prior Conviction to **increase** his Sentence under the United States Sentencing Guidelines. See <u>U.S. V. Ramirez</u>, 405 F.3d 352 (5th cir. 2005).

**Judge Thomas** argues that prior Convictions should be Subject to **APPRENDI**. THOMAS asserted that "Majority of the Courts" now recognizes that <u>ALMENDAREZ- TORRES</u>, 523 U.S 224,225 (1998) Was **Wrongly Decided** and argued that it Should be **"RECONSIDERED"** quoting

10

SHEPHARD V. UNITED STATES, ___ U.S. ___ , 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).
In an Opinion by Judge ROBERT KING, in the Sixth Circuit Court of Appeals held that,
tha Sentence Enhancement on prior Conviction VIOLATED THE SIXTH AMENDMENT. The Court
based it's ruling in "Large Measures" on the U.S. Supreme Court's recent Treatment
on the APPRENDI doctrine in Shepard V. United States, 544 U.S. (2005). The APPRENDI
Court, however, expressly recognized an exception to the SIXTH AMENDMENT JURY-Trial
rule that allows Sentencing Enhancement Based on Facts of prior Conviction. The Court
in SHEPARD, decided that Sentencing Judges Should Look Only to Judicial documents that
MEMORIALIZE that found by the Jury or Admitted by the JUDGE or Admitted by the defendant.
A- Four Justice Plurality of the Court, relying on the rule that Calls for Courts to
reject "interpretation of a Statute that would rise to doubt about the STATUTE'S
CONSTITUTIONALLY reasoned that allow Sentencing Judges to Consider Other Sources
of information would give rise to Serious risk of allowing- Judicial-Fact Finding like
the Forbidden by the APPRENDI Doctrine.

JUSTICE-CLARENCE THOMAS, who represented the Fifth- VOTE in SHEPARD, "Went even
Further and decided that allowing-Judges to Examine Other Sources of Informatiom "Was
not Only of dubios CONSTITUTIONALITY" but, would actually "Violate the SIXTH AMENDMENT".
In the Case of DEWALT V. UNITED STATES, NO. 04-1594 pending CERTIORARI Now in the U.S.
Supreme Court on the matter of Sentencing- Enhancement based on prior Convictions that
was Neither Charged in the Indictment nor proven To The Jury. Therefore because of the
district Court's use of Petitioner Carter's prior Convictions to ENHANCE his Sentence
under the United States Sentencing Guidelines are "UNCONSTITUTIONAL." See also GARZA-
LOPEZ, 410 F.3d 268 (5th cir. 2005).

### QUESTION OF LAW PRESENTED
### SUMMARY OF THE ARGUMENT- 4
### AND CASE LAW OF AUTHORITY
**WHETHER COUNSEL MAURICE BELL CONSTITUTED INEFFECTIVE ASSISTANT OF COUNSEL
FOR FAILURE TO CHALLENGE AND OBJECT TO THE ALLEGATION OF FACTUAL INACCURACY
IN THE P.S.I. REPORT AS REQUIRED UNDER FED. R. CRIM. P. 32 (1)(3)(B) AND THE
UNITED STATES SENTENCING GUIDELINED § 6A1.3**

Petitioner argues Counsel Maurice Bell Constituted ineffective assistant of
Counsel at Trial Stage and at Sentencing when counsel Bell failure to Challenge and

11

Object to the allegations of factual inaccuracy in the P.S.I. Report Under FED.R.CRIM. P. 32(i)(3)(B) and U.S.S.G. § 6A1.3;

Trial Counsel Maurice Bell Constituted Ineffective Assistance of Counsel when he Clearly Stated in the record on page-(2) of the Sentencing Transcripts on line-19 and 20 that; your Honor, there are No Objections to the Contents what so ever of the pre-sentence investigation report. See Exhibit(D) Attachment".

Had Counsel Bell Objected to the inaccuracy of the P.S.I. report he would have learned that the district court sentenced Petitioner over the Statutory Maximum of Fifty(50) Grams of crack cocaine that is Charged in the Indictment, Found by a Jury, and proven beyond a reasonable doubt.

Had Counsel Bell Objected to the Sixty Kiolgrams of Cocaine he Would have learned that the Sixty(60) Kilograms of Cocaine were **never** Charged in the Indictment, nor Submitted to a Jury, nor proven beyond a reasonable doubt as required and set forth in the **APPRENDI** rule, which would have reduced Petitioner's to 210 to 262 Months at a Level-32 for fifty(50) to 150 grams of crack cocaine, instead of a Level-38 for Sixty(60) Kilo's of cocaine, giving Petitioner a reduction of More Than Five-Years. See Glover V.United States, 531 U.S. 198, 148 L.Ed.2d 604 121 S.Ct 696 (2001).

The Supreme Court has Stated Clearly in **GLOVER**, Right to Counsel an increase in a prison Sentence imposed under the U.S.S.Guidelines that results from "deficient Profor-mance by Counsel" **need Not exceed** some Minimum Length" to be **prejudice** "Within the meaning of the SIXTH AMENDMENT TEST" for Effective Assistant of Counsel set forth in Strickland V. Washington, 466 U.S. 668 (1984). The amount by which a defendant's Sentence is increases by a particular decision **"May be a Factor"** in determining whether Counsel's proformance in failing to argue or Object the Point Constitutes Ineffective under a "determinate system of Constrained discretion such as the Sentencing Guidelines it cannot serve as a BAR" to show **prejudice.** It is clear 6 to 21 Month Sentencing **increase** prison term "Did Flow an **error** the Petitioner here has established Strickland or GLOVER **prejudice".**

Had Counsel Bell Object to the Inaccuracy in the P.S.I. report, he would have

learned Petitioner Criminal History Points and Category were Calculated Improperly and Petitioner Sentence would have been **reduced** More than Five (5) years on his Criminal History Points and Category alone".

Had Counsel Bell Object to the Inaccuracy in the P.S.I. report he would have learned that Petitioner's State prior Conviction under Cases No. CC-85-005; CC-85-006; CC-85-007 were run Concurrent and "Consolidated" for Sentencing purposes and Counted as ONE (1) point under U.S.S.G. § 4B1.2 (C) note (1) for Sentences Counted and Excluded, instead of receiving eight (8) points for those Three-prior Convictions that were run Concurrent and Consolidated for Sentencing". See "Exhibit Attachment (C)" of prior-State Convictions run-Concurrent and Consolidated for Sentencing purposes for being related".

Had Counsel Bell Objected to the P.S.I. report, he would have learned Petitioner"s MISDEMEANOR'S Convictions dated 10/31/1995; 3/30/1996; and 8/3/1996 "Could Not" have received-Three-points because Petitioner's ONLY Punishment was a Fine and **no** Jail Time or no probation, therefore no points could be added and Petitioner Criminal History Points and Category were improperly Calculated under § 4A1.2(c) note (1). The record or "Exhibit Attachment (D)" shows clearly counsel Bell failed to challenge and object to the inaccuracy of the P.S.I. report at the sentencing which **prejudice** Petitioner of his Due Process Fifth Amendment Right to the Constitution that, constituted ineffective assistance of counsel. There Petitioner sentence should be Vacated and Remanded and for an evidentiary hearing. See ARON V. United States 291 F.3d 708 (11th Cir. 2000) stating that if the Petitioner alleges facts that, if True, would entitle him to relief, then the district court should ORDER an evidentiary hearing and rule on the Merits of his claim. The court in "ARON then rule the district court **abused** its discretion" in failing to hold an evidentiary hearing."

### QUESTION OF LAW PRESENTED
### SUMMARY OF THE ARGUMENT - (5)
### AND CASE LAW OF AUTHORITY

**WHETHER PETITIONER'S INDICTMENT ARE FATALLY DEFECTIVE FOR FAILURE TO CHARGE THE ONE ELEMENT PARTICIPATE UNDER THE OFFENSE OF 21 U.S.C. SECTION 846 AND WHETHER PARTICIPATE ARE AN ELEMENT UNDER 21 U.S.C. § 846 THAT MUST BE CHARGED IN THE INDICTMENT.**

13

Petitioner argues his superseding indictment failed to charge **participate** as an **Element** under the offense of section 21 U.S.C. § 846. PARTICIPATE are an ELEMENT under 21 U.S.C. § 846 that **Must** be charged in the Indictment submitted to a Jury, and proven Beyond a Reasonable Doubt. The district court should not Mis-Understand the valid argument of the above claim. The government tried to establish at trail the Petitioner participated in a conspiracy presenting no evidence in the record the petitioner made an **agreement** or agreed with Cheatham or any-one else to violate the drug narcotic law. The Petitioner are now arguing "Whether or not the Indictment failed to allege or charge "PARTICIPATE" as an Element" and that "Whether PARTICIPATE are an Essential Element" under the offense of 21 U.S.C. § 846 that must be charged in the indictment. quoting United States v. Gatewood, 173 F.3d 983 (6th Cir. 1999) United States v. High, 117 f.3d 464 (11th Cir. 1997) United States v. Toler, 144 F.3d 1423 (11th Cir. 1998).

The Petitioner's Indictment **"did not"** include the **One Element** (PARTICIPATE) which are an ELEMENT under 21 U.S.C. § 846 that **Must** be Charged in the Indictment, Submitted to a Jury, and proven beyond a Reasonable Doubt. See "Exhibit Attachment (A)" of the indictment **Failed** to Charge the ONE-ELEMENT **(PARTICIPATE).** The indictment on it's Face is Missing an Element under the Charged Offense of 21 U.S.C. § 846 Conspiracy. "PARTICIPATE are the""MISSING ELEMENT"that MUST be Charged in the indictment.

An Indictment MUST include **All Elements** of the Charged Offense. Quoting UNITED STATES V. GAUDIN, 515 U.S. at 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). The Indictment here **Never** Charged the "ONE ELEMENT" in the indictment (PARTICIPATE). The following "ELEMENTS" required to be Charged in the indictment under the Offense of section-846 and Must be Submitted to a Jury, and proven beyond a reasonable doubt are as the Follow;

(1) A **"AGREEMENT"**Exhisted Among Two or More Persons;

(2) The Defendant **"KNEW"** of the General purpose of the agreement;

(3) The Defendant Knowingly and Voluntarily **"PARTICIPATED"** in the AGREEMENT; "AGREEMENT" are an ELEMENT that was alleged and Charged in the indictment under the Charged Offense of 21 U.S.C. § 846.

"KNEW" are the Second ELEMENT that was alleged and Charged in the indictment under the Charged Offense of 21 U.S.C.§ 846.

"PARTICIPATE" are the Third"**ONE Missing ELEMENT**"that "Were Not" alleged nor Charged in the indictment under the Charged Offense of 21 U.S.C. § 846.

"PARTICIPATE" are the "ONE MISSING ELEMENT that "WERE NOT" Charged in the Indictment, Submitted to the Jury, and were Never proven beyond a reasonable doubt". The Government Failed to Charge that Particular ELEMENT in the indictment under the Charged Offense of 21 U.S.C. § 846. Therefore Petitioner's SUPERSEDED Indictment is **"FATALLY DEFECTIVE"** and MUST be Dismiss for FAILURE to Charge **"EVERY ELEMENT"** in the indictment. See <u>United States V. Gaudin</u>, 515 U.S. 506 115 S.Ct. 2310, 123 L.Ed.2d 444 (1995)(regarding a Jury Instruction issue)(<u>Hanling V. United States</u>, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 240 (1962)(Stating that an indictment **Must** "Fully, Directly, and Expressly, Without **Any** UNCERTANITY necessary to Constitute the Offense intented to be Punished")(And that Failure of an indictment to Charge **"EVERY ELEMENT"** of the Charged Offense is a"**JURISDICTIONAL DEFECT**," that Can be raised ANYTIME during the proceedings and requires Dismissal of the Indictment"). See <u>Russel V. United States,</u> 396 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

In <u>UNITED STATES V. GATEWOOD</u>, 173 F.3d at 983-988; The Indictment "FAILED to STATE **ONE** of the **ELEMENTS**" Under the Charged Offense of 18 U.S.C. § 1001; GATEWOOD argued the indictment FAILS to allege or Charge an Offense under 18 U.S.C. § 1001. Specifically, he Claims that the Indictment "<u>DOES NOT</u>" include "ONE of the ELEMENTS" of the Offense of-"<u>FALSE STATEMENT</u>." The "ELEMENTS required to establish a Violation of 18 U.S.C. § 1001 are as the Follow;

> (1) The making of a Statement: (2) The Falsity of such statement;
> (3) Knowledge of the Falsity of such Statement; (4) Relevence of
> such Statement to the Functioning of a Federal department of
> agency; and (5) That the "FALSE STATEMENT was MATERIAL.

The Indictment in <u>GATEWOOD</u> was "Fatally Defective" for the Failure to Charge the- **ONE ELEMENT** Number-(5) Stated Above; "(FALSE STATEMENT)" under the Offense of 18 U.S.C. § 1001 in the Indictment". The Petitioner's indictment here are "FATALLY DEFECTIVE" for Failure to Charge the ONE- ELEMENT number-Three (3)(**"PARTICIPATE"**) under the Charged

Offense Of § 846 CONSPIRACY.

In Contrast, to GATEWOOD the court stated that a "False Statement" Would have been present if the Certification had stated that GATEWOOD had made payment in Full to All of the Sudcontractors when in fact he had Not made payments in Full to All of them. Accordingly, the Court Concluded that the Indictment in this Case is "Premised on a Statement which on it's FACE is Not False because, an indictment **MUST** include "**ALL** of the **ELEMENTS**" of the Offense Charged, and because "False Statement" of 18 U.S.C. § 1001, that Indictment is Defective".

<u>GATEWOOD</u>, pled Not guilty to both Counts. The Jury Return a Verdict of Guilt as to One-Count on June 9, 1994. The district court Sentence GATEWOOD to Eight (8) Months imprisonment, Two-years supervised release, $11,338.00 restitution payments. In May of 1995 GATEWOOD Appeal was Affirmed, Upon GATEWOOD Petition for a "WRIT OF CERTIORARI", the Supreme Court GRANTED the Petition, Vacated the Judgement of the Sixth Circuit, and Remanded the case for Further Consideration in light of <u>United States V. Gaudin,</u> 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), regarding a Jury instruction issue. On January 5, 1996 the Court of Appeals for the Sixth Circuit VACATED the Conviction of GATEWOOD and Remanded the Case to the district Court for a "NEW TRIAL".

Petitioner's "Substantive Right were affective to a Fair Trial and Petitioner's Case **is a MATCH** to the GATEWOOD CASE because, the Constitution is the Constitution and BOTH, GATEWOOD and Petitioner's Indictment "FAILED to Charge **ONE** of it's ELEMENTS Under the Charged Offense". Petitioner Carter Conviction Should be Vacated and Remanded back to the district court for "LACK of JURISDICTION to impose the current sentence" and for "Fatally Defective Indictment" for Failure to Charge the ONE-Missing-ELEMENT <u>(PARTICIPATE)</u> in the Indictment.

Additional, the courts through these United States have Long- Established Principles of **"DUE PROCESS"** that ALL Criminal Convictions <u>MUST</u> Charge "EVERY ESSENTIAL ELEMENT" of the Charged Offense of the Crime in the Indictment. Agreement to COMMIT an Unlawful Act is the Essential Element of the Crime of Conspiracy, and existence of an Agreement Necessarily implies "Knowledge of the Object" of the Agreement, and the Voluntary

16

expression" of assent to "PARTICIPATE" in the Objective".

It is Clear from the record that "PARTICIPATE" are an "ELEMENT" Under the Offense of 21 U.S.C. § 846 Conspiracy Statute that MUST be Charged in the Indictment. "DUE PROCESS CLAUSE" also Protect's the accused against Convictions except Proof of "Every Element" that Constitutes the Crime Charged to the"Satisfaction of the Jury of What is Charged in the Indictment".

Therefore the district court "LACK JURISDICTION" to impose the said Sentence upon the Petitioner in this Case for the MISSING- ONE- ELEMENT- ("PARTICIPATE") and the Sentence Must be Vacated.

QUESTION OF LAW PRESENTED
SUMMARY OF THE ARGUMENT - (6)
AND CASE LAW OF AUTHORITY

**WHETHER PETITIONER SIXTH AMENDMENT RIGHT TO TRIAL BY A JURY WERE VIOLATED UNDER IN RE WINSHIP/APPRENDI/ BLAKELY/ BOOKER AND WHETHER COUNSEL MADISON WERE INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO AMEND AND ARGUE BLAKELY/BOOKER/ WHILE PETITIONER WERE PENDING DIRECT APPEAL OR REVIEW**

Petitioner argues his SIXTH AMENDMENT RIGHT TO A TRIAL BY A JURY WERE VIOLATED UNDER IN RE WINSHIP /APPRENDI/ BLAKELY/ BOOKER   when Counsel Donald Madison Constituted Ineffective Assistance of Counsel For Failure to AMEND and Argue BLAKELY / BOOKER while Petitioner were Pending Direct Appeal or Review. See GLOVER V. UNITED STATES, 531 U.S. 198, 148 L.Ed.2d 604, 121 S.Ct. 696 (2001).

The Fourth, Fifth, and Eleventh Circuit Court of Appeals join Other Federal Courts of Appeals applying recent decision to 21 U.S.C. § 841 (a)(1). Any quantity of drugs that increase the Maximum Sentence to which a defendant would otherwise be expose for a Conviction under 21 U.S.C. § 841 (a)(1) is a "FACT that MUST be found by the Jury beyond a reasonable doubt". The U.S. Court of Appeals for the Eleventh Circuit has decided that the United States SUPREME COURT'S Decision in APPRENDI V. NEW JERSEY, 503 U.S. 466 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000) BLAKELY V. WASHINGTON, 124 S.Ct 2532 2537, 159 L.Ed.2d 403 (2004) "UNDERMINES Circuit Precedent that Allowed Judges to determine drug quantity at SENTENCING by a Preponderance of the Evidence". quoting United States V. Rogers, 228 F.3d 1318 (11th cir. 2000). This includes the Sixty (60) Kilograms of Cocaine attributed to Petitioner at Sentencing that were "NEITHER Charged

in the Indictment, Neither Submitted to a Jury, nor proven beyond a reasonable doubt". See also <u>United States V. Norbdy</u>, 225 F.3d 1053 (9th cir. 2000).

The Supreme Court Justice,"SCALIA reached back" Not Only to <u>APPRENDI</u> and the Subsequent Line of Cases that......is Set Forth in the Standard  in <u>IN RE WINSHIP</u>, 398 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068 (1970), SIXTH AMENDMENT RIGHT TO A TRIAL BY A JURY with Respective beyond a reasonable doubt "PROOF STANDARDS"; also BlackStone, the Common Law, and the FRAMERS OF THE CONSTITUTION he Writes;

> Our precedent ⌊Emphasis added⌋ Makes Clear that the "Statutory Maximum" for APPRENDI purposes is the MAXIMUM Sentence a Judge May impose **SOLELY** on the Basis of the FACTS Reflected in the JURY VERDICT or Admitted by the defendand.

See "Exhibit (B) Attachment" of Petitioner's Jury Verdict Form of Fifty (50) Grams of cocaine base that was the"MAXIMUM punishment imposed **SOLELY** on the BASIS of the FACTS REFLECTED in the Jury's Verdict"; that was Charged in the Indictment, Submitted to a Jury, and proven beyond a reasonable doubt. The Petitioner Should have received alone an- Offense Level-of 32 for Fifty (50) Grams of Cocaine Base; Criminal History Category- V1; and a "Statutory Maximum" Sentence of 210 - 262 Months  instead of an Offense Level- of-38 for Sixty (60)Kilograms of Cocaine; Criminal History Category-V1 that "Were Not" the Basis of FACTS Reflected in the Jury's Verdict, that "Were Not" Charged in the Indictment, Never Submitted to a Jury, and "Were Never" proven beyond a reasonable doubt. The Petitioner SIXTH AMENDMENT RIGHT TO A TRIAL BY A JURY WERE VIOLATED, because the Sixty (60) Kilograms of Cocaine "Were Never Charged in the Indictment, Never found by a Jury, Never proven beyond a reasonable doubt but"; "Were Found by a Preponderance of the Evidence"; Which is"<u>forbidden</u> under the APPRENDI/BLAKELY/ BOOKER/RULE."

When a Judge **inflicts** punishment that the Jury's Verdict ALONE "Does Not" Allow, The Jury has Not Found **ALL** the FACTS which the Law makes Essential to the Punishment". Bishop, Supra, [Criminal Procedure] (2d ed. 1872) § 87,at 55, and the Judge **exceeds** his proper Authority. [Id., at 2537].

The Enhancement in this case above the punishment for Fifty (50) Grams of Cocaine

Base increased **both** the "Maximum and the Minimum" term to which the Petitioner was Subject for on the basis of the Jury Findings of-Fifty (50) Grams of Cocaine-Base at a Level -32; Criminal History Category- V1. Most Court's, including the First and the Eleventh Circuit, has ruled APPRENDI to require that "Drug Quantity" be treated as an **ELEMENT**, SPECIALLY Charged in the Indictment and Submitted to the Jury, Whenever the enhancement takes the Petitioner's Sentence over the Applicable Statutory Maximum.

The Sixth Amendment "does not" APPLY to agreed-upon facts, it regulates the decisionmaker of disputed facts. See Blakely V. Washington, 124 S.Ct. 2531,2537, 159 L.Ed.2d 403 (2004)(holding that "the Statutory Maximum" from APPRENDI purpose is the Maximum Setence a Judge May impose **SOLELY** on the basis of the Fact's REFLECTED in the Jury Verdict or admitted by the defendant"). From APPRENDI / TO BLAKELY / TO BOOKER, the Court has Continued to except such fact-finding from the requirements of the Sixth Amendment. Petitioner has Preserved All BOOKER Rights through APPRENDI and where Counsel made timely Constitutional Objections to the Guidelines Stating that the U.S.S.G. are UNQ[INSTITUTIONAL during the Sentencing hearing. Now because The UNITED STATES SUPREME COURT has Stated in BOOKER that BOOKER extends ALL the Way Back to APPRENDI and that Counsel did in fact make several Objections to the Guidelines at the Sentencing of September 23, 2003. The argument that a BOOKER Error occurred if PRESERVED if the defendant "argues or objects to the U.S.S.Guidelines" were Unconstitutional.

According to the BLAKELY - RULE, The SIXTH AMENDMENT IS VIOLATED when a JUDGE impose an Enhanced Sentence under the United States Sentencing Guidelines based on the JUDGE'S Determination of a FACT (Other than a prior Conviction) that was found by the JURY or Admitted by the defendant. The Petitioner Never admitted to the Sixty (60) Kilo's of cocaine attributed to him for Sentencing purposes by a Preponderance of the Evidence. The Indictment **ONLY** Charged Fifty-(50) Grams of Cocaine base, The Jury **ONLY** found Fifty-(50) Grams of Cocaine base, and Counsel made Constitutional Timely Objections to the Guidelined at the Sentencing as being Unconstitutional.

As Set Forth, in APPRENDI V. NEW JERSEY, 530 U.S. 147 L.Ed.2d 435, S.Ct. 2348 (200), the Supreme Court held that the Judge is **"PROHIBITED"** from **any** Enhancement to the

defendant's Stautory Maximum Sentence based upon FACT'S NOT pleaded in the Indictment, Not presented to the Jury, and Neither proven beyond a reasonable doubt or admitted by Mr. Carter.

As Set forth in <u>BAKELY V. WASHINGTON</u>, 124 S.Ct 2531, 159 L.Ed.2d 403,(2004), The Supreme Court **CLARIFIED, APPRENDI** by pointing out that APPRENDI Applies to **ANYTIME** Facts Supporting a Criminal defendant's Sentence are Neither admitted by the defendant, Nor found by a Jury. "The Supreme Court's APPRENDI decision requires JURY Finding as to Drug Quantity." A quantity of drugs that increase the Maximum Sentence from the amount Set Forth and Charged in the Indictment, found by a Jury for a Coviction under 21 U.S.C. § 841 (a) is a **FACT** that <u>MUST</u> be found by the Jury, and proven beyond a reasonable doubt. The Petitioner requested counsel several times to **AMEND BLAKELY/Booker on APPEAL** Herein, Therefore it is Clear the"<u>PRINCIPLES</u>" of APPRENDI / BLAKELY / <u>BOOKER</u>, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) were VIOLATED in the Petitioner's Case and that he Should be **entitled** to ALL the BENIFITS of the Rules announced in APPRENDI / BLAKELY / BOOKER / IN RE WINSHIP and his Sentence Should be VACATED. Counsel D. Madison"Erred To OFTEN".

During the Pending of Petitioner Direct Appeal Counsel Donald Madison Failed to **AMEND,** or **argue** The "NEW SUPREME COURT'S DECISION handed down in BLAKELY / BOOKER while pending direct Appeal or review." Paid Counsel Donald Madison for Petitioner Carter Should have **argued** that Petitioner's "SIXTH AMENDMENT RIGHT TO A TRIAL BY A JURY WERE VIOLATED"because, the "NEW SUPREME COURT PRECEDENT and decision in BLAKELY and BOOKER Ruled the U.S.S.Guidelines are UNCONSTITUTIONAL in Large parts" are now advisory instead of Mandatory", and that the Washington Sentencing Guidelines and the Federal Sentencing Guidelines Violated Petitioner's Rights to a Jury Trial to the extent that the TWO Schemes provided for 'increases to the Maximum term of the Standard Sentencing range on the facts that were found by JUDGES rather than JURIES". [Where drug quantity is **not** Charged in the Indictment, Submitted to a Jury nor proven beyond a reasonable doubt, a defendant's Sentence **"Cannot exceed"** the Statutory range provided for in the Statute]. The Petitioner were still pending direct review on Appeal at the Time the Petitioner request Counsel Madison to AMEND <u>BLAKELY</u> to his Appeal, and to AMEND <u>BOOKER</u> to his Appeal during the time Petitioner would have had (90 days to file his Petitioner for WRIT of CERTIORARI To the U.S. SUPREME COURT on January 27, 2005). In Stead, Counsel Donald Madicon Filed an **incorrectly, UnTimely, Frivolous, inapproiate Motion** To Correct

20

Petitioner's Sentence under Fed. R. Crim. P. Rule 35(a) on January 24, 2005. See "Exhibit Attachment(E)" of the Court's Order to the Rule 35(a) Motion Filed by Counsel Madison and where Appellate Counsel Madison rendered "deficient Proformance", as **ELEMENT** of ineffective assistance". Counsel Madison ineffectiveness and deficient Proformance **prejudice** Petitioner Chance to a Reduced Sentence or Correction of his Sentence because Rule 35(a) of the federal Rule of Criminal Procedure provides that "⌊W⌋ithin -7-days after Sentencing the court May Correct a Sentence that resulted from "Arithmetical, Technial or Other Clear Error". Fed. R. Crim. P. 35(a). Fed. R. Crim. P. 45(b)(2) Further states; "The court **MAY NOT** extend the Time to take Any Action under Rule 29, 33, 34, and 35, rules. There is NO privision in Rule -35 for an extention of the Seven-7 day period for Correcting a Sentence. Counsel FILED RULE 35(a) MOTION 1/24/05.

While Courts do not requires Attorneys to Foresee Changes in the Law but, "ONCE a CHANGE - Particularly an Important and revelant CHANGE -Does COME-about", The courts and The LAWYER'S ASSOCIATION expect COUNSEL To Be- **AWARE** of the "**NEW-LAWS** as it Accur's from the Courts such as LAND-MARK CASES Like BLAKELY / BOOKER. See Johnson V. United States, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). The Petitioner were "Fully entitled to the Benifits of the Legal arguments on his Appeal pending **both** those OPINION'S in BLAKELY V. WASHINGTON, SPURA, and BOOKER V. UNITED STATES, SPURA,.

The Supreme Court's decision in United States V. Booker, 125 S.Ct. 738, 160 L.Ed .2d 621 (2005), Serves to "Strengthen and Solidify" the Violations aspect of **APPRENDI.** By Counsel Failure to **AMEND** to Petitioner's APPEAL and To Argue-Those "NEW-LAND-MARK CASES BLAKELY / BOOKER, it **prejudice** the Petitioner to have A- FAIR- TRIAL and" Violated his Sixth Amendment Right to EFFECTIVE ASSISTANT OF COUNSEL ON APPEAL", and because of Counsel Madison "Deficient Proformance of The ELEMENTS of Ineffective Assistance of Counsel", the ERROR'S accured "Seriously effected the Fairness, Integrity, and the Public Reputation of Judicial Proceedings", and a Fundamental Defect in Petitioner Carter Sentencing resulted in a Complete Miscarriage of Justice, Causing an "Egregious Error", Violative of Petitioner's "**DUE PROCESS RIGHT TO THE CONSTITUTION**" 5.th 14.th

This Court must now turn to the question of Whether Petitioner Carter received

Ineffective Assistance of **Appellate** Counsel" due to the Failure of his Attorney Donald

Madison Failure to Raise his BLAKELY / BOOKER issue's on Direct Appeal" or Review, and

Whether Petitioner Carter is Entitle to Relief pursuant to BLAKELY / BOOKER. Petitioner

NOW Preserves All of his CONSTITUTIONAL, STATUTORY, and FEDERAL RIGHTS Under BLAKEKY /

BOOKER. Petitioner Carter on several occasions through Letter and by phone requested

Counsel Donald Madison to **AMEND BLAKELY /BOOKER** to his Appeal while Pending Direct

Appeal or review. See "Exhibit (G) letter to Counsel Madison dated

requesting him to AMEMD BLAKELY and BOOKER to my Appeal while pending direct Appeal.

Had counsel"**AMENDED** and Argued BLAKELY / BOOKER while Pending Direct Appeal"or

review as requested under the Circumstances Counsel would have learned that Petitioner's

Sixth Amendment Right To a Jury Trial was Violated by "Enhancement of his Sentence under

U.S.S.Guidelines", on the basis of a "Fact of Sixty (60) kilograms of cocaine found by

the JUDGE rather than by the JURIES" as required in those Cases BLAKELY / Booker and

that, the Error will always qualify as "STRUCTUAL ERROR" requiring resentencing.

The Petitioner Sentence may have been VACATED during the Appeal process had counsel

AMENDED BLAKELY / BOOKER on direct Appeal or review as requested but Counsel Madison

failed to do so, instead he filed a UNTIMELY Rule 35 (a) Motion on January 24, 2000

while still in the 90-day - Period Petitioner had to Petition the U.S. Supreme Court

for WRIT of CERTIORARI applying a BOOKER issue. Therefore Counsel Madison were ineffective

assistence of counsel. See GLOVER V. UNITES STATES, 531 U.S. 198, 148 L.Ed.2d 604 121

S.Ct. 696 (2001). See "EXHIBIT ATTACHMENT (F)" of Counsel Madison Motion, To Withdraw.

### QUESTION OF LAW PRESENTED
### SUMMARY OF THE ARGUMENT- 7
### AND CASE LAW OF AUTHORITY
### WHETHER PETITIONER'S COUNSEL MAURICE BELL WERE INEFFECTIVE ASSISTANCE OF
### COUNSEL DURING TRIAL AND PRE-TRIAL FOR FAILURE TO TIMELY FILE MOTION TO
### SUPPRESS THE EVIDENCE

Petitioner argues Counsel Bell Constituted INEFFECTIVE OF ASSISTANCE OF Counsel

during Pre-Trial and Trial for failure to Timely File Motion To Suppress The Evidence,

and because of Counsel Bell "Deficient Proformance during Pre-Trial and Trial to TIMELY

file Motion to Suppress the Evidence it **Prejudice** Petitioner to have effective assistant

of Counsel and to have a fair trial.

See Huynh V. King, 95 F.3d 1052 (11th cir. 1996). Petitioner's Fourth and Fourteenth Amendment Right To The Constitution were Violated in regards to "Counsel Bell's deficient Proformance" and his failure to TIMELY file Motion to SUPPRESS the Evidence during Pre-Trial and Trial because, Had Counsel Timely filed Motion to Suppress He Would have learned and would able to Show Proof to the Court that, The Search Warrrant for 304 Payson Road where drugs were found Came from the "FRUIT OF THE POISONESS TREE", (2) That the Petitioner **did not** "OWN" the home at 304 payson road; (3) That Petitioner Carter **did not** LIVE at 304 payson road; (4) That Petitioner Carter **did not** Have **No** KEYS to enter in to the home of 304 payson road; (5) That Petitioner Carter "did not" have "**ACTUAL or CONSTRUCTIVE POSSESSION**" to the drugs found at 304 payson road; (6) That Petitioner had No "KNOWLEDGE" of the drugs being found at 304 payson road; That Petitioner Carter **Never** had "ACTUAL or CONSTRUCTIVE POSSESSION" over the drugs found at 304 payson road; (7) That the Government **Never** Once....."CHARGED" the Petitioner Carter in  the Indictment with "ACTUAL or CONSTRUCTIVE POSSESSION" of the drugs found at 304 payson road; (8) That The Government NEVER proved that Petitioner Carter had "ACTUAL or CONST- RUCTION POSSESSION" of the drugs found at 304 payson road; (9) And That the Search Warrant for 304 payson road conducted by Agent Sisson Contained the Information was "KNOWINGLY or INTENTIONALLY FALSE", and Made with "Reckless" disregard for the TRUTH", in Violation  of Franks V. Delaware, 438 U.S. 154, 57 L.Ed.2d 667, 98 S.Ct 2674 (1978)(United States V. Brown, 121 F.3d 700 (1997). Counsel Marice Bell Should have Known that such a  MOTION and Claim is properly Made through a **Pretrial** Motion To SUPPRESS. RULE (b)(3)(C), Fed. R. Crim. P.,. Rule 12(b)(3)(C) directs that Motion evidence **Must** be raised Prior To Trial and provides in it's Subsection (e) states that, any Objections not raised by the Court's deadline is WAIVED. United States V. Gresham, 585 F.2d 103, 108 (5th cir. 1987). Therefore because Petitioner's Counsel Maurice Bell"Deficient Proformance and his Failure to Timely File Motion To Suppress the above Evidence" during pretrial in a PRETRIAL MOTION To Suppress the above Evidence, The district Court **denied** Counsel Bell's Motion to SUPPRESS as UNTIMELY", therefore reversing itself, and at page 698, Counsel Bell Stated in Open Court when asked by the court ("Was there a MOTION TO SUPPRESS FILED by either

defendant Carter"?), Counsel Bell Stated, "WE had NO Possessory interest to File a Suppression". Counsel Bell's Error abanding"SUPPRESSION MOTION were CRITICAL".

In Huynh, the court Stated, Determination as to Where defendant was **prejudice** under Strickland by Counsel's Failure to File Motion To Suppress relevant Evidence involved examination of TWO questions; (1) Was there a Meritorious Fourth Amendment Claim that necessitated the filing of such a Motion, (2) And if there was a Valid Fourth Amendment Claim that "Counsel should have raised in a Motion to SUPPRESS, Was the evidence that Should have been Excluded at Trial Critical but, for Counsel's Failure to File The Suppression Motion, There would have been a reasonable possibility that the Verdict would have been different U.S.C.A. Const. Amends. 4th. 6th.,.

In Cave V. Singletary,971 F.3d 1513, 1516 (11th cir. 1992)(States, "A Petitioner is entitled to an **Evidentary Hearing** in the Federal district Court if he alleges "Facts which, if proven, would entitle him to Relief"). Had Counsel Bell TIMELY Filed a Motion To Suppress to "Exclude All the FALSIFIED Evidence alleged against Petitioner Presented within the Court room" of Magistrate Judge Venzetta McPherson by Agent SISSON to get a Search Warrant, it likely would have been Granted, then because of Counsel Bell's failure and deficient proformance, Petitioner Carter was **prejudice** by Counsel Bell's Unreasonable proformance as a Matter of Law.

Had Counsel Bell TIMELY Filed Motion To SUPPRESS, made proper arguments of the facts, the district court may have Granted his Motion To Suppress The Evidence, it also would have Shown in Open Court that, When Agent Sisson Sworn under his **Oath** of Office and in his **Oath** of AFFIDAVIT in Open Court before a Federal Magistrate Judge in obtaining the Search Warrant for 304 payson road, Agent Sisson Made Many Knowingly, Willingly, Intentionally, False Statement of facts of the Evidence to the United States Magistrate Judge Venzetta McPherson to Obtain a Search Warrant at 304 payson road implicating Petitioner Carter. Agent Sisson Intentionally Committed **"False Declaration"** under his **Oath** in Open Court before Magistrate Judge V. McPherson FALSELY stated that, Petitioner Carter **OWNED** the Home at 304 payson road; Agent Stated that, The trash Can he Searched at 304 payson road was **OWNED** by Petitioner Carter. ALL were proven in open court "NOT TO BE TRUE." Therefore the Indictment should be Dismiss.

24

It has been a long standard of law throughout each and every
Federal and Local Court that, it "Shall Not" except any evidence
gathered, seized, or any testimony from ANYONE with UNCLEAN HANDS
no matter who they may be, including Agent Sisson. There is a penalty
for anyone who ever lie under OATH VIOLATES Title 18 U.S.C. § 1621.
Agent Sisson has clearly violated this Title which he squarely falls
up under for punishment.

Agent Sisson must be investigated and reprimanded for
"Knowingly, Willfully, and Intentionally under his sworn oath of
office in open court falsely lied" and misrepresented untrue facts
to the United States magistrate Judge McPherson to obtain the search
warrant for 304 Payson Road. Agent Sisson falsely misrepresented
in open court that the trash can he searched where evidence was seized and used
for probable cause came from the resident OWNED by Petitioner Carter. Agent Sisson
"disrespected" the Court when he **Knew** this information was false, and was made
"Knowingly and/or with reckless disregard for the Truth" under his **SWORN OATH**
in open court". This represents a Franks V. Delaware Violation and where there
is evidence of the government agent misconduct is serious, Courts sometimes
Dismiss the indictment even though the defendant fails to show the misconduct
prejudice him inparticular, see U.S. V. Ballivian, 819 F.2d 266 (11th cir.1997).
Agent Sisson knowingly, intentionally falsified information under his oath of
office in open court which **Prejudice** Petitioner to a fair trial and Petitioners
indictment should be dismissed.

The Petitioner's indictment must be Dismissed in light of Agent Sisson's
misconduct, his knowingly, willfully, intentionally presented "False information
Under Oath in open Court", disregarding the Truth that, Petitioner Carter Never
Owned or lived at the home of 304 Payson Road because, The evidence in open
court was proven as the following:

(1). At Trial, Vol (111), of the Transcripts on page 653,

Agent Sisson is questioned about the OwnerShip of 304
payson road.

(2) At page 654 of the Transcripts, Agent Sisson Says He **does not**
Know Who **OWNS** The HOUSE at 304 payson road.

(3) Agent Sisson was provided by Counsel Bell a "CERTIFIED COPY of a MORTGAGE"
which "Showed Ms. Sandra Thomas as the Mortgager" Petitioner Carter's
Name "Was Not on the MORTGAGE".

(4) At page 655, Agent Sisson was Shown Defendant's "Exhibit (7), Which was
the "CERTIFY COPY of the **DEED**" to Ms. Sandra Thomas's Home at 304 payson
road, Milbrook, Alabama, in Deatsville, County.

(5) Agent Sisson Confirmed that defendant Carter's name "Was Not" on the **DEED**
and that the REAL PROPERTY was DEEDED in Ms. Sandra Thomas's name who OWNED
the Home, "Not Jimmy Carter.

At page 677, the issue is raised as to the Misrepresentation made to Obtain
the Search Warrant by Agent Sisson. It is Clear that Petitioner Carter's CONSTITUTIONAL
RIGHTS as GUARENTEED by the FOURTEENTH AMENDMENT to the CONSTITUTION Were VIOLATED as
to when Agent Sisson Obtaining a Search Warrant for 304 payson road when Sisson "Did
Knowingly and Intentionally, under OATH, Falsified Facts and or Evidence in his SWORN
Affidavit" to the Federal Magistrate Judge to Obtain a Search Warrant at 304 payson road.

Therefore, "Had Counsel Bell TIMELY Filed a Motion To SUPPRESS All the FALSIFIED
Evidence presented to the Court by Agent Sisson, The Petitioner Carter Would have
gotten a FAIR TRIAL. His Sentence would have likely been Reduced, And the OutCome of the
Trial would have been different". Petitioner's Counsel Mr. Bell "Constituted Ineffective
Assistance of Counsel at Pre-Trial and at Trial, Therefore Petitioner's Sentence and
Conviction Should be Vacated and or Remanded for a New Trial.

### QUESTION OF LAW PRESENTED
### SUMMARY OF THE ARGUMENT- (8)
### AND CASE LAW OF AUTHORITY
### WHETHER PETITIONER'S INDICTMENT ARE FATALLY DEFECTIVE FOR FAILURE TO CHARGE THE ONE ELEMENT ACTUAL OR CONSTRUCTIVE POSSESSION UNDER THE OFFENSE OF 21 U.S.C. 841 (a)(1) AND WHETHER ACTUAL OR CONSTRUCTIVE POSSESSION ARE AN ELEMENT UNDER SECTION 841 (a)(1) MUST BE CHARGED IN THE INDICTMENT SUBMITTED TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT

Petitioner argues his Indictment are "Fatally Defective" for Failure to Charge
and allege ONE of the ELEMENTS...."ACTUAL or CONSTRUCTIVE" PSSSESSION" under the Offense
of 21 U.S.C. § 841 (a)(1), and that "ACTUAL and CONSTRUCTIVE POSSESSION" are **ELEMENTS**

that **MUST** be Charged in the Indictment, Submitted to the Jury, and proven beyond a reasonable doubt. See "Exhibit Attachment (A)" of the indictment's language failed to Charge or allege either of the **ELEMENTS ("ACTUAL or CONSTRUCTIVE" POSSESSION")**. In Order to Convict a defendand for possession with <u>intent</u> to distribute a Controlled Substance, The Government <u>MUST</u> Charge in the Indictment ALL the ELEMENTS under the Charged Offense of § 841 (a)(1), (ACTUAL or CONSTRUCTIVE POSSESSION), and Must establish that the defendant"Had Actual or Constructive Possession of the alleged Controlled Substance" The Government has Failed to do so in this case at hand. See <u>United States V. Ewards</u>, 166 F.3d 1362 (11th cir. 1999).

(1) There were Insufficient Evidence Shown in the Records at Trial that, Petitioner Carter had "ACTUAL or CONSTRUCTIVE" POSSESSION" to the <u>LOCKED</u> Home at 304 payson road. (2) There were Insufficient Evidence Shown in the Record that, Petitioner Had "ACTUAL or CONSTRUCTIVE POSSESSION" of the Drugs found at the home of 304 payson road. (3) The Petitioner's Indictment **Never** Charged him with "ACTUAL or CONSTRUCTIVE POSSESSION" of the Drugs found at 304 payson road, which Petitioner Never had any **KEYS** to the LOCKED Home at 304 payson road. The Evidence produced at Trial in the Record "DID" establish and "PROVE" Petitioner Carter **"Did Not'** LIVE at 304 payson road. The Evidence produced at Trial in the Record "DID" establish and "PROVE" Petitioner Carter**"Did Not" OWN** the Home at 304 payson road. The Evidence in the Record and at Trial does Show that, **"NO ONE"** Testified in Open Court that Petitioner Carter Had "KNOWLEDGE" of any drugs being found at the Home of 304 payson road.

The Indictment here has **"Failed** to Charge the **ELEMENT** "ACTUAL or CONSTRUCTIVE" POSSESSION" of the alleged drugs found at 304 payson road. The government in this Case "Never Proved it's Burden of Proof" nor did it establish Petitioner had Any **"Direct or Physical" Control** over the alleged Controlled Substance found at 304 payson road the home were Locked.

The GRAND JURY in this Case "Did Not" Include a **"ACTUAL or CONSTRUCTIVE POSSESSION ELEMENT"** in the Indictment against Petitioner Carter, and that Petitioner "Did Not' have **Any** House **KEYS** that would have "Constituted Actual Possession" to the Home at 304 payson road where drugs were found, quoting <u>**U.S. V. Edwards**</u>, **166 F.3d 1362 (11th cir.1999).**

In EDWARDS, Agent Flannery were working undercover as a narcotic Supplier as part of a reverse sting Operation. An informant put Agent Fannery in touch with EDWARDS Agent Fannery and EDWARDS discussed the possibility of a narcotics Sale; The next day the Two negotiated a deal in which EDWARDS Agreed to pay $5000. for One Half Kilograms of Crack Cocaine. Flannery and EDWARDS met in the parking lot under the watchful EYE of a group of DEA Agents. Flannery walked over to EDWARDS Car and asked to see the Money for the purchase. EDWARD flashed a bundle of cash. EDWARDS then allowed Flannery back to his car where he Open the TRUNK and pointed to a Manila envelope containing One half Kilograms of cocaine. EDWARDS reach into the Trunk and picked up the envelope. After inspecting the contraband, EDWARDS slid the plastic bag back into the envelope, returned the envelope to Flannery's Trunk, and said, "Lets go for ride". Flannery closed the Trunk, and as he and EDWARDS were getting into Flannery's Car, Flannery Contacted the DEA Agents (Via cellular telephone) Who proceeded to Arrest EDWARDS. The Case went to a Jury Trial which Convicted Edwards for possession with the intent to distribute Crack Cocaine. He Appealed. The Appeals Court For The Eleventh Circuit Held defendant EDWARDS "DID NOT" possess cocaine because, EDWARDS WAS NOT in possession of the Cocaine"and he"COULD NOT" be Found Guilty of possession with the intent to distribute" Therefore VACATED EDWARDS CONVICTION and SENTENCE.

The Appeals Court For The Eleventh Circuit ruled in the EDWARDS Case that, "The Only point at which EDWARDS had Any"PHYSICAL CONTROL" Over the Cocaine Was when he "PICKED up the Manila Envelope and briefly inspected its Contents". The Court Further Stated, Mere inspection of Contraband, Standing alone, is insufficient to establish Possession. See U.S. V. Derose, 74 F.3d 1177, 1186 (11th cir. 1996); See also U.S. V. Kitchen, 87 F.3d 516, 524 (7th cir. 1995). EDWARDS Therefore Had "ACTUAL POSSESSION of the COCAINE". In absence of "ACTUAL POSSESSION", the Government Must prove "CONSTRUCTION POSSESSION". For instance, a defendant Has "CONSTRUCTIVE POSSESSION of a Substance if it is being Held by a Codefendant or an Agent of the defendant, or if it is in a "Safe deposit Box to which the defendant has the KEY'S", or if it is in a COOKIE JAR at the defendant's House. The Government in the EDWARDS Case Contends that EDWARDS had CONSTRUCTIVE POSSESSION of the

28

Cocaine While it was in Agent Flannery's TRUNK." The Eleventh Circuit Court of Appeals **Disagree** because, The Cocaine was in a "LOCKED automobile Trunk to which **Only** Agent Flannery had the **KEYS**." EDWARDS had **NO** access to the Cocaine except through Agent Flannery. THEREFORE the Court found EDWARDS , Had **No** "ACTUAL or CONSTRUCTIVE POSSESSION of the Cocaine and VACATED EDWARDS CONVICTION."

The Evidence here in the Record and in the Indictment Shows that, Petitioner Carter "Was Not" on POSSESSION of the cocaine found and LOCKED at the Home of 304 payson road. The Indictment **Never** CHARGED a "ACTUAL or CONSTRUCTIVE POSSESSION ELEMENT" as required under 21 U.S.C. § 841 (a)(1). The "JURY INSTRUCTIONS Never were Instructed that Petitioner Carter Had "ACTUAL or CONSTRUCTED POSSESSION" Over or To the drugs found at 304 payson road, Nor was the Jury Instructed it Had to Find THE Petitioner Carter GUILTY of "ACTUAL orFFCONSTRUCTIVE POSSESSION" of the Cocaine He was Charged in the Indictment. THEREFORE Petitioner Carter "Could Not" be found GUILTY of "POSSESSION WITH THE INTENT TO DISTRIBUTE COCAINE" in **ABSENCE** of "ACTUAL or CONSTRUCTIVE POSSESSION ELEMENT **Not** being Charged in the Indictment, Submitted To a Jury, and Proven beyond a Reasonable Doubt" as required.

## CONCLUSIONS

COUNSEL DONALD MADISON has admitted Most of his Ineffectiveness of Assistance of Counsel while Representing Petitioner Carter as Stated in his MOTION TO WITHDRAW AS COUNSEL: MOTION TO WITHDRAW PETITION UNDER 18 U.S.C. § 2255 as Titled, Which surpose to be 28 U.S.C § 2255 instead 18 U.S.C § 2255. See "EXHIBIT ATTACHMENT (F)." Based upon the case Law Authority and the case Law precedent presented in **each** Seperate Claim in this § 2255 Motion, This district Court Should **Fairly** review ALL Eight (8) ISSUE'S raised" and Make "Findings of Facts of the Law to **each Seperate issue's** in these proceedings. Section 2255 provides the primary Means of Collateral Atteck of Federal Sentencing. Relief under this Section is Warranted for **Any Error** that "Occured at or prior to Sentencing," and that, The district Court Should "ORDER an Evidentiary Hearing"and rule on the MERITS of his Claim." See Holmes V. United States, 876 F.2d 1532, 1545 (11th cir. 1989) (Aron N. United States, 291, F.3d 708 (11th cir. 2002), Moreover, The Court Should Construe a HABEAS PETITION filed by a **pro-se** Litigant More Liberally than One filed by

29

an Attorney. See Green V. Nelson, 881 F.2d 949, 961 (11th cir. 1989).
Counsel Donald Madison ERRED Often to MUCH during the APPELLATE Proceeding in order
for Petitioner Carter to have received "EFFECTIVE ASSISTANCE OF COUNSEL AT APPELLATE LEVEL".
Petitioner Carter Pray The Court give him "Fairness within ....All Federal Laws, CONSTIT-
UTIONAL LAW and the Laws of the United States that were Violated in these proceedings",
and Vacate his Conviction and or Sentence, Remand the Case back to the district Court on
the Errors as found by the Court.

Petitioner hereby request the district Court Magistrate Judge to "ORDER the United
States to appear and Show CAUSE" in writing Within **Twenty (20) days** of the Courts ORDER
showing"WHY the Relief requested by the Petitioner should not be Granted".

Petitioner also gives"Notice of Right To Consent To Disposition of CIVIL CASE" by
a "UNITED STATES MAGISTRATE JUDGE" under **Title 28 U.S.C. § 636(c).**

Petitioner request for the Following Relief;
(1). Require the U.S.A. to file a response on the Time requirement to this
     Motion and set it on the Calender for an expedited Hearing.
(2). VACATE The Judgement of Conviction entered on September 29, 2003.
(3). Set Aside, and/or Correct Sentence of imprisonment which was erroneously
entered in this case.
(4). That this Court Grant New Trial in behalf of the Petitioner.
(5) That in the alternative, Petitioner Sentence be Reduced.
(6). Appoint Legal Counsel to Aid Petitioner in this Motion Under 18 U.S.C. ¶
3006 (A) and for to expand the record.

The dictrick Court **Erred** in the present Case resulting in the imposition of Petition
Carter's Sentence that was "Substantially Greater" than would otherwise have been premitted
under the Sentencing Guidelines of fifty (50) Grams of Crack Cocaine Charged in the
Indictment, Thereby affecting Jimmy Carter's **"SUBSTANTIAL RIGHT"** and the "FAIRNESS of the
Judicial Proceedings". The Petitioner Sentence Should be Vacated and he Should be
re-sentenced because, The "JUDGEMENT was rendered WITHOUT JURISDICTION".

## CERTIFICATE OF SERVICE

I, The Petitioner Jimmy Carter Jr. pro-se, in the above Styled Case hereby Certify that a True and Correct Copy of this Foregoing Motion To Vacate, Correct the Sentence Pursuant to Section 2255 was mailed to the United States District Court Clerk's Office, For The Middle District of Alabama, Post Office Box 711 Montgomery Alabama 36101-0711 17 this day of August 2005 through the United States Postal Service, postage pre-paid.

RESPECTFULLY SUBMITTED,

Mr. Jimmy Carter Jr.
Reg. No. 10986-002
P.O. Box 34550
Memphis, TN. 38184