"EXHIBIT (F)"

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: 2:05CV61-F |
| | ) |
| JIMMY CARTER, JR. | ) |
| and ARTRONE CHEATHAM. | ) |

**MOTION TO WITHDRAW AS COUNSEL;**
**MOTION TO WITHDRAW PETITION UNDER 18 U.S.C. 2255**

COMES NOW Donald G. Madison, the undersigned counsel for Jimmy Carter, Jr., and respectfully moves this Honorable Court to allow him to withdraw as counsel for Mr. Carter (hereinafter referred to as the Defendant Carter). Additionally, counsel also files a Motion to Withdraw the Petition previously filed on behalf of the Defendant Carter which was filed as a Joint Motion to Set Aside and/or Vacate Sentence; or in the Alternative, Motion to Amend only as to the Defendant Carter. In support hereof, counsel would show unto this Honorable Court the following:

1. That Artrone Cheatham and the Defendant Carter filed a Joint Motion to Set Aside and/or Vacate Sentence; or in the Alternative Motion to Amend on or about January 24, 2005 in Case Number CR-02-07-N. Paragraph 1 of the Joint Motion stated that the Motion was filed pursuant to Rule 35, *Federal Rules of Criminal Procedure*[1]. Paragraph 1 of the Joint Motion stated that Rule 35 allowed for the filing of a Motion to Vacate and/or Amend the sentence when a new ruling was issued by the United States Supreme Court which modified the case law and rulings upon

---

[1] The undersigned counsel may have erroneously denoted the Motion as a Rule 35 motion as opposed to a Rule 44 Request for Rehearing.

1

which a conviction and sentence were imposed in a case at anytime prior to the judgment becoming final.

Counsel noted that January 25, 2005, was the last date for the filing of a Petition for Writ of Certiorari for both Carter and Cheatham. As the Motion was filed a day in advance of the ninety (90) day time limitation expiring for appeal from the Eleventh Circuit decision denying both Cheatham's and Carter's Appeal, the Motion was filed before judgment having become final in the case and while their cases were still on direct appeal.

2. Cheatham and Carter both cited *United States v. Booker* (2005 WL 50108 (U.S.) ___ S.Ct. ___) as substantiating the granting of the Motion in paragraph 2 on page 2 of said Joint Motion.

3. In the Joint Motion counsel requested in paragraph 7 that should this Honorable Court deny the Joint Motion to Alter, Amend or Vacate, that the Joint Motion be treated alternatively as a Petition under 28 U.S.C. 2255. This provision was inserted based upon an incorrect reading of 28 U.S.C. 2255 or a reading of the old statute prior to its revision wherein counsel believed that he had read under 2255 that cases still on direct appeal would be reconsidered based upon new rulings issued by the United States Supreme Court while the cases were still on direct appeal.

The reference to 28 U.S.C. 2255 was limited solely to that issue (i.e., 2255 Motion for new decision while case was on direct appeal) since counsel was arguing that the cases were still on direct appeal at the time of the filing of the Joint Motion, and that the time had not ripened for the filing of a habeas corpus petition under 28 U.S.C. 2255.

Additionally, not all of the issues which might be addressed through a 28 U.S.C. 2255 habeas corpus petition were raised in the Joint Motion in asking that the Complaint be viewed alternatively

2

to the Motion to Alter, Amend or Vacate.

4. That, additionally, Artrone Cheatham's case is still pending before the United States Supreme Court with no final judgment having been rendered therein under a brief filed requesting a rehearing of Cheatham's issues. His case is not final; is still on direct appeal and not find, therefore, cannot be construed as a habeas corpus petition under 28 U.S.C. 2255.

5. That this Honorable Court by and through the Honorable Charles S. Coody, Chief United States Magistrate Judge, ordered on April 14, 2005, that two (2) separate civil actions for each movant under 28 U.S.C. 2255 be created and that the case number of the present civil action (2:05cv61-F) should be assigned to Jimmy Carter, Jr. In paragraph 2 of said Order this Honorable Court stated that a new number would be assigned to the newly opened case to the Magistrate Judge and District Judge to whom the instant case is assigned. Paragraph 4 thereof stated that the case files would be sent to the appropriate Magistrate Judge for further proceeding upon the completion of the foregoing directives.

6. Due to the fact that: (a) not all issues were raised which could have been raised by the Defendant Carter through a 28 U.S.C. 2255 habeas corpus petition; (b) that counsel, at the time of filing the Joint Motion, did not intend that the Petition to be considered a post-direct appeal habeas corpus petition; (c.) that the Defendant Carter has now requested that counsel withdraw from representing the Defendant Carter; and (d) That the Defendant Carter has requested that counsel withdraw the Motion without prejudice filed on Carter's behalf, that the undersigned files this Motion to Withdraw as the Defendant Carter's attorney.

7. That, additionally, counsel moves to voluntarily dismiss, **without prejudice,** Carter's 28 U.S.C. 2255 Petition as being inappropriately filed prior to the time for the direct appeal having

3

run and, therefore, unable to be construed and considered as a 28 U.S.C. 2255 habeas corpus petition. In so requesting, counsel would move that this **Court dismiss without prejudice** the Defendant Carter's 28 U.S.C. 2255 claim and allow him to refile the 28 U.S.C. 2255 habeas corpus petition with all issues which the Defendant Carter would deem appropriate for filing, and not one limited to the sole issue raised in the Joint Motion, which Joint Motion was intended only to be construed as a motion filed during the parties' direct appeals.

In the event that this Court would not be amenable to voluntarily dismissing the Defendant Carter's Petition without prejudice so that the Defendant Carter's habeas corpus relief would still be available to him, then counsel would request alternatively that the Defendant Carter be allowed to amend his pleadings. However, counsel would note that the Defendant Carter has requested that counsel withdraw his Joint Motion without prejudice to him as opposed to leaving in tact the Petition under the separate proceedings which this Court ordered on April 14, 2005.

That based upon the above and foregoing, counsel respectfully moves this Honorable Court to allow him to withdraw as counsel for the Defendant Carter; that the Defendant Carter be allowed to proceed with either new counsel or pro se; that the Joint Motion construed by the Court as a separately filed Petition under 28 U.S.C. 2255 in this case be allowed to be withdrawn without prejudice and/or dismissed without prejudice; or, alternatively, that the Defendant Carter be allowed substantial time with which to amend the Petition to assert all claims which he deems appropriate as being raised through a 28 U.S.C. 2255 habeas corpus petition.

4