RECEIVED

2005 NOV 21 P 3: 59

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:05cv1016-F |
| | ) | |
| JIMMY CARTER, JR. | ) | |

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | : |
| COUNTY OF MONTGOMERY | ) |

### AFFIDAVIT OF DONALD G. MADISON IN RESPONSE TO
### §2255 MOTION OF DEFENDANT JIMMY CARTER, JR.

BEFORE ME, the undersigned Notary Public in and for the State of Alabama at Large, personally appeared Donald G. Madison, who after first being duly sworn by me upon his oath, did depose and say as follows:

"My name is Donald G. Madison. I am over the age of nineteen years and a resident of Montgomery County, Alabama.

Maurice "Red" Bell represented Jimmy Carter, Jr. (hereinafter referred to as Mr. Carter) at trial and at sentencing. I did not begin representation of Mr. Carter until after sentencing.

I was not representing Mr. Carter at his sentencing. The Minutes of Mr. Carter's sentencing indicated there were no objections raised by Mr. Carter to the PSI.

1

Mr. Carter elected to forego retaining me to file a Petition for Writ of Certiorari for him. I did proceed on behalf of Mr. Cheatham.

Mr. Carter made the statement in his Petition that his judgment became final on October 27, 2004 (on date of denial of *En Banc* Petition to the Eleventh Circuit). This was incorrect. The judgment did not become final until ninety (90) days thereafter, which was January 25, 2005, after the time ran for filing a Petition for Writ of Certiorari..

Even though Mr. Carter elected not to proceed with the Petition for Writ of Certiorari at the time, U.S. v. Booker was issued on January 14, 2005, I voluntarily filed a Rule 35 for Mr. Carter seeking to amend Mr. Carter's sentence based upon Booker in the United States District Court for the Middle District of Alabama on January 24, 2005. I had just learned of the U.S. v. Booker decision and at that time Mr. Carter only had one (1) day left on direct appeal (i.e., before the ninety (90) days ran to file Writ of Certiorari). I filed the Motion in an attempt to place a pleading on record to raise U.S. v. Booker prior to the judgment becoming final.

I quite possibly should have filed a Rule 44 Rehearing request in the Eleventh Circuit or a motion to supplement; however, the filing of the motion in District Court should have been construed as timely filed notwithstanding that it may have been filed in District Court as opposed to the Eleventh Circuit and under Rule 35 as opposed to Rule 44.

Notwithstanding, the Booker issue, contrary to Carter's statement, was raised in the joint appellate brief (the excerpts are attached hereto as Exhibit 1).

2

Page 30 of the initial brief, Issue 2(B), counsel argued that there was no substantial independent evidence of a conspiracy to allow the co-conspirator statement.

2(c) at page 32, the <u>Apprendi</u> issue was raised that drug quantity must be presented to the jury. Cheatham alleged that the only physical evidence in the case were those drugs alleged in the Indictment. Salery's drugs were not alleged in the Indictment. The Government conceded that the drugs in his Indictment did not involve Cheatham. Therefore, Cheatham argued that there was no evidence to find conspiracy between Carter and Cheatham.

Also, Issue 8 at pages 38 and 39, it was argued that Salery's testimony violated Sixth Amendment confrontation rights.

Issue 10, pages 40 through 42, Carter and Cheatham argued that allowing Salery's testimony in effect represented an impermissible constructive amendment to the Indictment (i.e., Salery's drug quantities were not alleged in the Indictment).

In the Reply Brief, Sixth Amendment arguments were raised as to Salery's testimony in issue IV, pages 6 through 10.

Even though Mr. Carter elected not to join in the filing of a Petition for Writ of Certiorari to the United States Supreme Court (a copy of which is attached hereto as Exhibit 2), Mr. Cheatham did proceed with said filing.

Cheatham argued <u>U.S. v. Booker</u>, in the initial Writ as Issue III, pages 12 and 13 (I.e., jury verdict only found fifty (50) grams or more as in <u>Booker</u>, as well as raised the Sixth

3

Amendment confrontation issue regarding Salery's testimony involving Carter's alleged co-conspirator statement (see Issue III (b), pages 14 through 16).

Cheatham raised the U.S. vs. Booker issue in the Petition for Rehearing attached hereto as Exhibit 3 (see Issues I and II, pages 1 through 3, Petition for Rehearing).

The "50 grams or more" issue from the Carter/Cheatham jury verdict form as well as use of Salery's testimony quantities not being alleged in the Indictment were raised as issues on pages 2 and 3 of the Petition for Rehearing.

I cannot for the life of me understand why this case has not been reversed and remanded or rehearing had on U.S. v. Booker issue, simply on the same issue of the use of the jury verdict form. It is beyond me however, why the Eleventh Circuit and United States Supreme Court rejected the issue after having been appropriately raised in the context of Apprendi - Crawford v. Washington construction amendment, violation of Sixth Amendment confrontation rights and so on.

Regarding Carter's statement that he mailed me letters attached to his Petition as Exhibit G, dated July 11, 2004, and dated January 18, 2005, respectively, I never received either one of the two letters. The only letter I received was his letter dated May 25, 2005, which is attached hereto as Exhibit 4.

I disagree with the contents of Mr. Carter's May 25, 2005, letter. The briefs speak for themselves as to the issues raised. I wrote Mr. Carter a letter on November 15, 2004, (attached hereto as Exhibit 5) advising him as to how much the estimated costs were for

4

printing a Petition for Writ of Certiorari. I wrote Mr. Carter another letter on January 14, 2005, attached hereto as Exhibit 6, and advised him that because he had not made financial arrangements with me I would not be filing a Petition for Writ of Certiorari with the United States Supreme Court. It should be noted that with exception of "conversation of yesterday" confirming I would not proceed on his behalf that this was also due to his lack of notification which meant that I advised him that I had not heard from in a substantial time at least since my November, 2004, letter."

FURTHER AFFIANT SAITH NOT.

*Donald G. Madison*
DONALD G. MADISON (MAD008)
AFFIANT

SWORN TO and SUBSCRIBED before me on this the 21st day of November, 2005
*Brenda T. Jarvis*
NOTARY PUBLIC
My Commission Expires: July 15, 2009

## CERTIFICATE OF SERVICE

I hereby cert I hereby certify that a true and correct copy of the foregoing document has been served upon the following parties by depositing a copy of the same in the United States mail, postage prepaid, on this the 21st day of November, 2005.

Honorable Todd A. Brown
Assistant United States Attorney
Office of the United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197

Honorable Maurice S. Bell
Attorney at Law
609 South McDonough Street
Montgomery, Alabama 36104-5811

Jimmy Carter, Jr. 10986-002
Delta B
Federal Correctional Institution
Post Office Box 34550
Memphis, Tennessee 38138-0550

*Donald G Madison*
DONALD G. MADISON (MAD008)
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511
E-mail: btjarvis1@bellsouth.net
        btjarvis@knology.net

6