IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

CASE NO. 03-13602-D

UNITED STATES OF AMERICA,

PLAINTIFF-APPELLEE,

v.

JIMMY CARTER, JR.;
ARTRONE CHEATHAM

DEFENDANTS-APPELLANTS.

BRIEF OF DEFENDANTS-APPELLANTS
JIMMY CARTER, JR.;
ARTRONE CHEATHAM

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
CASE NO.: 02-7-N

Donald G. Madison, Esquire
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511
Counsel for Jimmy Carter, Jr.
Counsel for Artrone Cheatham

(b)    The Court did not conduct a James hearing to determine whether there was corroborative evidence other than Carter's alleged statement to Salery. The only evidence of a conspiracy was the testimony of Wallace Salery who testified that Carter said the other cocaine was Cheatham's when Carter allegedly picked up more than one kilo.

> "[5]    Under *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), the trial judge must determine the admissibility of a coconspirator's statements by deciding whether the government has offered substantial independent evidence of a conspiracy sufficient to go to the jury.
>
> Usually this is accomplished by holding a *James* hearing out of the presence of the jury. If, after the hearing, the judge is satisfied that there is substantial independent evidence that (1) a conspiracy existed, (2) that the coconspirator and the defendant against whom the statement is to be offered were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy, then he may allow into evidence the statements of the coconspirator. Fed.R.Evid. 801(d)(2)(E). As an additional measure of protection the trial judge, on appropriate motion at the conclusion of all the evidence, must determine as a factual matter whether the prosecution has established the three facts listed above by a preponderance of the evidence. If the prosecution has failed to link the coconspirator's statements to proof of a conspiracy, the judge must determine whether a curative instruction to the jury to disregard the coconspirator's statements will correct the default or whether a mistrial is mandated. *James*, 590 F.2d at 582-83.
> *U.S. v. Alvarez*, 696 F.2d 1307, 1310 (11th Cir 1988).

There was no testimony as to any agreement between Carter and Cheatham; no testimony as to how they conspired together or the elements of a partnership; no

31

testimony as to whom Cheatham supposedly sold to; no evidence as to Cheatham cooking any cocaine. Carter's statements are the only statements implying a conspiracy, which violates *U.S. v James, id.*

(C)  The Government admitted that none of the possessory drugs applied to Cheatham. Therefore, the Government failed to establish drug quantity alleged in the Indictment. The Government and the trial court conceded this fact at the sentencing as well.

> "Pursuant to Apprendi, [HN2] in order to sentence a defendant under § 841(b)(1)(B), instead of § 841(b)(1)(C)'s catch-all [**6] statutory maximum of twenty years, the drug quantity must be treated as an element: charged in the indictment, submitted to a jury, and proved to a jury beyond a reasonable doubt. N2 *United States v. Angle*, 230 F.3d 113, 2000 WL 1515159, at *10 (4th Cir. 2000); *United States v. Doggett*, 230 F.3d 160, 2000 WL 1481160, at *3 (5th Cir. 2000), *United States v. Cavender*, 228 F.3d 792, 2000 WL 1459838, at *58 (7th Cir. Oct. 3, 2000).

Without proof that Cheatham had anything to do with any of the physical evidence in the case, there was no evidence to charge Cheatham with conspiracy particularly where Salery only testified about "powder" cocaine. Therefore, it follows that the jury could in no way find a "drug quantity" as to Cheatham to prove the conspiracy indictment. This represented a fatal variance requiring dismissal.

4.  The trial court committed prejudicial error in consolidating the Defendants in a joint trial.

32

6. That a constructive amendment to the Indictment occurred where the only evidence attributable to Cheatham during the conspiracy period was "powder" cocaine, not "crack" cocaine as alleged in the Indictment.

*United States v. Simpson, supra*, at page 1299 of said opinion, addressed a constructive amendment to an indictment. The 11th Circuit held therein as follows:

> "[11] We have explained that "[a] constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged in the indictment." *United States v. Poarch*, 878 Fd 1355 1358 (11th Cir. 1989). A constructive amendment to the indictment is reversible error per se. *Id (citing United States v. Peel*, 837 F.2d 975, 979 (11th Cir. 1988)."

Based upon the above, as well as the argument set forth in Paragraph 3 herein, Cheatham submits that the trial court allowed a constructive amendment to the indictment to occur.

7. That a *Batson* challenge was upheld by Chief United States District Judge W. Harold Albritton which should have required a mistrial and/or dismissal.

The jury venire had one potential black venire member available for selection prior to use of Carter and Cheatham's ten strikes. She was struck for cause. Carter and Cheatham raised a *Batson* challenge because the

Government used five of its seven strikes to strike black jurors. Judge Albritton found and sustained the *Batson* challenge as to one black venire strike made by the Government. A white juror was removed from the jury panel. Judge Albritton replaced the white juror with the previously struck black juror after he sustained the *Batson* challenge.

> "[3-6] In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that "[p]urposeful racial discrimination in selection of the venire violates a defendant's right to equal protection."
> *Batson,* 476 U.S. at 86, 106 S.Ct. at 1717.
>
> Courts must engage in a three-step analysis in evaluating *Batson* claims. First, the defendant must establish a prima facie case of discriminatory intent on the part of the prosecution. A prima facie case is constructed by a showing by a defendant that "'he is a member of a cognizable racial group' and that the 'relevant circumstances raise an inference' that [the prosecution] has 'exercised peremptory challenges to remove from the venire members of [his] race.'" *Fludd v. Dykes,* 863 F.2d 822, 829 (11th Cir.1989) (quoting *Batson,* 476 U.S. at 96, 106 S.Ct. at 1723).
>     *BUI v.* Haley, 279 F.3d 1327, 335 (11thCir. 2002).

8.    That Wallace Salery's testimony regarding the conspiracy as to Cheatham was premised upon the statements of Carter who did not testify, which violated Cheatham's and Carter's Constitutional Right to Confrontation.

> " . . . This circuit holds that "[o]nly those statements by a non-testifying defendant which directly inculpate a co-defendant

38

give rise to the constitutional violation." *United States v.Veltmann,* 6 f.3D 1483, 1500 (11th Cir.1993). . ."
*U.S. v. Costa*, 31 F.3d 1073, 1080 (11thCir. 1994).

Carter and Cheatham respectfully submits that their right to confrontation prevails over the *Federal Rules of Evidence*, and that prejudicial error occurred where Salery was allowed to testify as to statements purportedly made by Carter concerning Cheatham upon which the conspiracy could be prosecuted.

9. That the Government, in failing to produce exhibits pursuant to the Standing Order of the Middle District of Alabama (Rule 16), and then proffering the same for trial, with trial court admitting the same, represented *Brady v. Maryland* violation. It is undisputed that evidence which was seized by the Government was not provided to the Defendants in discovery. This was evidence seized at 304 Payson Road. The trial court allowed this evidence to be presented to the jury over the objections of Carter and Cheatham concerning the conspiracy charge.

### "C. Brady Violation

[26-28] After *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), a prosecutor who suppresses evidence that is both favorable to a defendant and "material either to guilt or to punishment" violates due process, "irrespective of the good faith or bad faith of the prosecution." *Id* at 87, 83 S.Ct. 1194. A reasonable probability is one that is "sufficient to undermine confidence in the outcome" of the trial. *Id.* "The

39

10. This Honorable Court, in allowing the Wallace Salery testimony, permitted evidence of a separate conspiracy to be submitted to the jury. This represented a constructive amendment to the Indictment adding Salery to the conspiracy. *United States v. Simpson, supra*, at page 1299 of said opinion, addressed a constructive amendment to an indictment. The 11th Circuit held therein as follows:

> "[11] We have explained that "[a] constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged in the indictment." *United States v. Poarch,* 878 Fd 1355,1358 (11th Cir. 1989). A constructive amendment to the indictment is reversible error *per se. Id* (citing *United States v. Peel,* 837 F 2d 975,979 (11th Cir. 1988)."

Cheatham submits that this Court, in failing and/or refusing to provide jury instructions as to Salery's testimony, and in permitting the same to be considered by the jury without limiting and/or special instructions permitted the jury to use the separate conspiracy evidence to be utilized to prove the Count I conspiracy. This is particularly true where the government conceded (and in fact made representations to the Court at the severed trial of Cheatham) that the physical evidence in this case submitted against Carter in Counts II-V of the Indictment had nothing to do with Cheatham. The only evidence then to establish the conspiracy was Salery's other conspiracy

41

testimony. A constructive amendment, therefore, occurred in adding Salery as a co-conspirator for fact finding purposes in the evidence utilized to establish guilt of Cheatham and Carter in the conspiracy Count.

Additionally, without Carter's statements, the only testimony was if one believes Salery, is that Salery sold to Carter and Salery sold to Cheatham. This is evidence of separate conspiracies.

> "*Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) (holding that if at trial the government produces evidence that each defendant had a conspiratorial relationship with a single outside person, but fails to show that the defendants also were aware of and conspired with each other, the government has proved only multiple individual conspiracies rather than one agreement encompassing all defendants). We disagree with appellants and find the situation before us distinguishable from Kotteakos. . . ."
>
> " . . . the members of the conspiracy were working in conjunction with him and others to achieve a common goal of purchasing and distributing drugs. . . ."
>
> " . . .IV.   Proof of a Single Conspiracy. . . .
>
> . . .To sustain a conviction for conspiring to distribute narcotics the government must prove that 1) an agreement existed between two or more persons to distribute the drugs; 2) that the defendant at issue knew of the conspiratorial goal; and 3) that he knowingly joined or participated in the illegal venture. *United States v. Guerrero*, 935 F.2d 189, 191 (11th Cir.1991).
>
> "The government may establish a defendants' knowing participation in the conspiracy through proof of surrounding

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of Appellants in paper format has been served upon upon the following, by placing a copy of the same in the United States mail, postage prepaid, and that I have completed the Internet upload on this same date at 12:40 P.M.

_Donald G. Madison_
**Donald G. Madison**
**AL Bar No: MAD008**
Counsel for Defendants-Appellants
Jimmy Carter, Jr. and Artrone Cheatham

OF COUNSEL:
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile (334) 265-8511