

EXHIBIT
3

No. 04-640

# In the
# Supreme Court of the United States

ARTRONE CHEATHAM,

*Petitioner,*

v.

THE UNITED STATES OF AMERICA,

*Respondent.*

―――♦―――

ON PETITION FOR WRIT OF CERTIORARI
TO THE SUPREME COURT OF THE UNITED STATES

―――♦―――

PETITION FOR REHEARING PURSUANT TO RULE 44.2

―――♦―――

Donald G. Madison
*Counsel of Record*
418 Scott Street
Montgomery, Alabama 36104
(334) 263-4800

*Counsel for Petitioner*

# TABLE OF CONTENTS

|  | | Page |

Table of Contents............................................................................................................i

Table of Authorities........................................................................................................ii

I.   Authority and Grounds for Rehearing....................................................................1

II.  The Trial Court violated Cheatham's right to trial by jury in finding Petitioner guilty of conspiracy and sentencing Petitioner on drug amounts not alleged in the Indictment and, therefore, not proved to the jury...................................................................................................................2

III. This Court should require independent evidence other than the hearsay statement attributed to a co-conspirator to establish not only the drug conspiracy charge but also drug quantity.......................................................................................4

IV.  Petitioner's right to a fair trial was violated by reason of the compelling prejudice which arose from the joint trial where the Government presented evidence against Petitioner which it had stipulated had no relevance to Petitioner...........................................................5

Conclusion.....................................................................................................................6

Certification Pursuant to Rule 44.2................................................................................7

i

ii

# TABLE OF AUTHORITIES

Page

Cases:

U.S. v. Alvarez,
696 F.2d, 1307, 1310 (11Cir. 1988)..............4

U.S. v. Booker,
S. Ct. 2005 WL 50108..............1

United States v. Cavendar,
228 F.3d 792 (7th Cir. 2000)..............2, 3

United States v. Gonzales,
804 F.2d 691 (11th Cir. 1986)..............5

Rules:

Federal Rules of Evidence,
801(d)(2)(e)..............4

U.S. Supreme Court R. 44.2..............1

---

1

# PETITION FOR REHEARING

**I.  Authority and Grounds for Rehearing**

Pursuant to Rule 44 of the Rules of this Court, Petitioner respectfully requests rehearing of the Court's March 7, 2005, Order denying Petitioner's Writ of Certiorari. This Petition is timely and seeks rehearing in light of this Court's decision in *U.S. vs. Booker*, S. Ct 2005 WL 50108. Rehearing is warranted under *U.S. v. Booker* as Petitioner, whom had no prior felony conviction, was sentenced to eighteen (18) plus years in prison under a drug conspiracy conviction premised upon a hearsay tie-in to a co-conspirator tried jointly with Petitioner. In Petitioner's case, the Government conceded that none of the physical evidence in the case allegedly seized from the charged co-conspirator (Carter) had any connection to Petitioner and dismissed Petitioner from Carter's Counts 2 through 5 of the Indictment. Notwithstanding the Trial Court refused to sustain Petitioner's objections to the introduction against Petitioner of the physical evidence (Carter's counts 2 through 5) in the case at the joint trial of Petitioner and co-conspirator Carter thereby allowing the evidence to be used inferentially against Petitioner (even though the Government conceded that Petitioner was not connected to the physical evidence offered in the case).

*U.S. v. Booker* was applicable as Petitioner argues that the non-physical evidence hearsay testimony of Wallace Salery used to establish drug amount was not alleged in the Indictment (i.e., it was not alleged that Petitioner's prosecution was a continuation of the Salery conspiracy). Petitioner's sentence was premised upon drug amounts attributable to Salery's testimony, not the physical evidence charged in the Indictment. Petitioner was convicted on a conspiracy charge much like *Booker* (i.e., the jury verdict form read "in excess of fifty (50)

grams…"). Petitioner's sentence was premised upon sixty (60) kilograms.

Petitioner was convicted by testimony given by a Federal inmate, Wallace Salery, whom received a downward departure (reward) for his testimony. He stated that he knew that when he sold more than one ounce of powder cocaine to Carter (the alleged co-conspirator) that the other was allegedly for Petitioner because that was what he was told by Carter. This relevant conduct did not pertain to the physical evidence in the case charged in the Indictment.

II.

The trial court violated Cheatham's right to trial by jury in finding Petitioner guilty and sentencing Petitioner on drug amounts not alleged in the Indictment and, therefore, not found by a jury.

Salery's testimony was not alleged in the Indictment and, therefore, could not be found as an element of the offense charged by the jury.

Petitioner argued that *Apprendi v. New Jersey*, cited from *United States v. Cavender*, 228 F.3d 792 (7th Cir. 2000) precluded the jury from finding a drug quantity against Cheatham by reason that the Government stipulated that the physical evidence charged in the Indictment had no connection to Petitioner.

The jury found Carter and Cheatham guilty of conspiracy to sell "50 grams or more of crack". Cheatham had no prior felony convictions nor enhancements. The trial court attributed crack cocaine amounts under the preponderance of the evidence standard against Petitioner premised upon Salery's testimony as to Carter cooking crack cocaine for Salery. Salery testified that he allegedly only sold powder to Cheatham during the term of conspiracy not-

2

withstanding and that he never saw Cheatham cooking cocaine.

The Salery drug quantities (which Cheatham denies) were not alleged in the Indictment. The physical evidence alleged in the Indictment was powder cocaine and crack cocaine allegedly seized from Carter in 2001 and 2002, which was over one and one-half years after Salery was incarcerated. Cheatham also objected to use of the Salery attributed drugs at sentencing. See Appendix A of Petition for Writ of Certiorari.

"Pursuant to *Apprendi*, [HN2] in order to sentence a defendant under § 8419(b)(1)(B), instead of § 841 (b)(1)(C)'s catch-all [**6] statutory maximum of twenty years, the drug quantity must be treated as an element: charged in the indictment, submitted to a jury, and proved to a jury beyond a reasonable doubt. N2 *United States v. Angle*, 230 F.3d 113, 2000 WL 1515159, at *10 (4th Cir.2000), *United States v. Doggett*, 230 F.3d 160, 2000 WL 1481160, at *3 (5th Cir. 2000), *United States v. Cavendar*, 288 F.3d 792, 2000 WL 1459838, at *58 (7th Cir. Oct. 3, 2000)

According to this Court's recent case of *U.S. v. Booker*, 2005 WL 50108(U.S.)___ S. Ct. ___ , the holding of *Blakely v. Washington*, 542 U.S. ___ (2004), which required every element of an offense including enhancements to be pled in the Indictment, was extended to cases involving the Federal Sentencing Guidelines. The facts of this case with respect to sentencing are very similar to those cited in *U.S. vs. Booker*; id., pages 4 and 5 thereto (found guilty of "50 grams or more"). Therefore, the Salery drug amounts not alleged in the Indictment could not be utilized as a premise for sentencing Petitioner nor in finding him guilty of a drug conspiracy charge.

3

4

III.    Carter's alleged hearsay statement made to Salery did not qualify as a hearsay exception under co-conspirator's statement as it was used against Carter in the joint trial to support the conspiracy charge.

*Federal Rules of Evidence* 801(d)(2)(e), pertains to a statement of a co-conspirator. The rule requires as a condition precedent to admissibility of the alleged statement as follows:

"….The contents of the statement shall be considered but are not alone sufficient to establish…or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under (E)."

Salery's testimony of what Carter (co-conspirator) supposedly told him is the only evidence of any alleged conspiracy to sell "crack" cocaine. There is no independent basis for the finding of a conspiracy. Therefore, the Rule itself precludes use of the statement to establish a conspiracy against Petitioner in a joint trial.

Petitioner argued to the Eleventh Circuit that it should uphold its prior dictates stated in *U.S. v Alvarez*, 696 F.2d 1307, 1310 (11Cir. 1988) and dispense with the rationale of *Bourjaily v. U.S.* (*i.d.*), which stated:

"[5] Under *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), the trial judge must determine the admissibility of a co-conspirator's statements by deciding whether the government has offered substantial independent evidence of a conspiracy sufficient to go to the jury…" *U.S. v. Alvarez*, 696 F.2d 1307, 1310 (11th

5

Cir 1988).

There was no substantial independent evidence other than the Salery testimony of the Carter hearsay statement to establish the conspiracy. Therefore, *Bourjaily v. U.S., i.d.,* should be abandoned with the logic of *U.S. v. Alvarez*, placed in its stead to preclude the hearsay statement in this case.

IV.    Petitioner's right to a fair trial was violated by reason of the compelling prejudice which arose from the joint trial where the Government presented evidence against Petitioner which it had stipulated had no relevance to Petitioner.

The Trial Court refused to sustain Petitioner's objections to admission of the Carter physical evidence against Petitioner (all of the physical evidence presented in the case).

"Entitlement to severance arises if a defendant shows that without severance he will suffer "compelling prejudice against which a trial court could offer no protection." *United States v. Gonzales*, 804 F.2d 691, 694 (11th Cir. 1986)(quoting *United States v. Magdanieal-Mora*, 746 F.2d 715, 718 (11th Cir. 1984)). See also *United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989).

The Government paraded the physical evidence in front of the jury in the joint trial, notwithstanding that at the severed trial the Government not only did not attempt to introduce the physical evidence but also dismissed the possessory Counts II-V against Petitioner. The Government stipulated Petitioner had nothing to do with said physical evidence yet the trial court still refused to grant Petitioner's objections to the physical evidence offered at the joint trial as well as permitted the

6

evidence to be offered against Petitioner without requested instructions clarifying the physical evidence had no relation to Petitioner. After being hung, the jury found Petitioner guilty because his name was on the proffered Carter physical evidence drug report. (See jury note and jury's subsequent action, Appendix A.) This emphatically proved the prejudice resulting from the joint trial which violated Petitioner's fair trial rights.

## CONCLUSION

Wherefore, Petitioner respectfully requests that the Supreme Court grant their Petition for Rehearing of the previously denied Petition for a Writ of Certiorari from the United States Eleventh Circuit Court of Appeals.

Respectfully submitted,

*Donald G. Madison*
Donald G. Madison, Esq.
Counsel of Record
418 Scott Street
Montgomery, Alabama 36104
(334) 263-4800

7

## CERTIFICATION PURSUANT TO RULE 44.2

Counsel for Petitioner certifies that this Petition for Rehearing is presented in good faith and not for the purposes of any delay. The contents of the Petition for Rehearing are limited to matters cognizable under Rule 44.2 of the Rules of this Court.

*Donald G. Madison*
Donald G. Madison, Esq.