EXHIBIT 4

To: Donald Madison

    Due to the incidents that have occured over the past 12 months while I was on my appeal process, you told me when Blakely vs. Washington was ruled on that I had no Blakely issue and you based your opinion on that. Because of the U.S. vs Reese case (11th circuit was denied) and you never supplemented Blakely on my En Banc brief and during the Booker decision you never filed a writ of cert. on my behalf, then 2 days before my case would have been finalized you filed a rule 35 motion to the courts and alledged Blakely & Booker after you told me while I was pending En Banc it did not apply and abandoned the issue, then Judge Coody after reviewing the rule 35 motion construed it as a <u>2255</u>, and alledged the rule 35 motion was untimely.

    So I feel that out of all of this it would be in my best interest to ask you to file a motion to the District Court and resign off of the case and I also ask that you file a motion to withdraw the rule 35 motion under United States vs Castro 540 us, 157 led2d 778, 124 S.Ct-.

    I'm sorry things did not work out for us but I'm doing whats in my best interest.

Thank You,
Jimmy Carter

    Summary attatched (See the following page)
CERTIFICATE OF SERVICE

    I Jimmy Carter Jr. hereby certify that a true and correct copy of the forgoing has been served upon Attorney Donald Madison this 25 day of MAY 2005, through the U.S. postal service, postage pre paid.

Respectfully Submitted

Mr. Jimmy Carter Jr.
10986-002
P.O. BOX 34550
MEMPHIS, TN 38184-0550

HERNAN ORYAN CASTRO, Petitioner

v

UNITED STATES

540 US —, 157 L Ed 2d 778, 124 S Ct —

[No. 02-6683]

Argued October 15, 2003. Decided December 15, 2003.

**SUMMARY**

In 1994, a federal prisoner attacked his federal drug conviction by filing, in a Federal District Court, a pro se motion that the prisoner called a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. The District Court denied the motion on the merits, referring to it as both a Rule 33 motion and a motion for relief under 28 USCS § 2255, which restricted a litigant's right to file a "second or successive motion" under § 2255. The prisoner, on his pro se appeal, did not challenge the District Court's recharacterization of the motion as a § 2255 motion. The United States Court of Appeals for the Eleventh Circuit summarily affirmed (82 F3d 429).

Subsequently, in 1997, the prisoner filed a pro se motion that the prisoner called a § 2255 motion, which motion raised new claims, including a claim of ineffective assistance of counsel, that had not been raised in the 1994 motion. After the District Court denied the motion, the Court of Appeals, on appeal, remanded for the District Court to consider, among other matters, whether the 1997 motion was the prisoner's second § 2255 motion. The District Court (1) determined that the 1997 motion was the prisoner's second § 2255 motion (the 1994 motion having been his first); and (2) dismissed the 1997 motion for failure to comply with § 2255's requirement that the prisoner obtain the Court of Appeals' permission to file a "second or successive" motion. The Court of Appeals affirmed (290 F3d 1270).

On certiorari, the United States Supreme Court vacated and remanded. In an opinion by BREYER, J., expressing the unanimous view of the court with

778

respect to the court's judgment, and joined by REHNQUIST, Ch. J., and STEVENS, O'CONNOR, KENNEDY, SOUTER, and GINSBURG, JJ., with respect to the holdings below, it was held that:

(1) A District Court could not recharacterize a pro se litigant's motion as a first motion for postconviction relief under § 2255, unless the court (a) notified the litigant that the court intended to recharacterize the pleading, (b) warned the litigant that this recharacterization meant that any subsequent § 2255 motion would be subject to § 2255's restrictions on "second or successive" motions, and (c) provided the litigant an opportunity to withdraw the motion or to amend it so that it contained all the § 2255 claims that the litigant believed that the litigant had.

(2) Because of the absence of the required warnings, the prisoner's 1994 motion could not be considered a first § 2255 motion.

(3) Thus, the prisoner's 1997 motion could not be considered "second or successive" for § 2255 purposes.

SCALIA, J., joined by THOMAS, J., concurring in part and concurring in the judgment, (1) agreed that the Supreme Court had the power to review the prisoner's claim; but (2) expressed the view that (a) because of the risk involved, pleadings never ought to be recharacterized as § 2255 motions, and (b) even if this were not so, running the risk was unjustified where, as in the case at hand, there was nothing to be gained by recharacterization.

**HEADNOTES**

Classified to United States Supreme Court Digest, Lawyers' Edition

**Courts § 538.12; Criminal Law § 74.5; Supreme Court of the United States § 9 — recharacterization of motion — successive motion for postconviction relief — supervisory power — procedure rule**

1a, 1b. With respect to federal courts' longstanding practice of sometimes recharacterizing a motion, which a pro se litigant had labeled differently, as the litigant's first motion for federal postconviction relief under 28 USCS § 2255, a Federal District Court's recharacterization powers were limited, in that the court had to (1) notify the litigant that the court intended to recharacterize the pleading, (2) warn the litigant that any subsequent § 2255 motion would be subject to § 2255's restrictions on "second or successive"

motions, and (3) provide the litigant an opportunity to withdraw the motion or to amend it so that it contained all the § 2255 claims that the litigant believed the litigant had. If the District Court failed to do these things, then the motion could not be considered to have become a § 2255 motion, for purposes of applying to later motions the "second or successive" restrictions, as:

(1) Subjection of any subsequent motion under § 2255 to the restrictive conditions imposed upon a "second or successive" motion could be a serious consequence.

(2) No one in the case at hand contested the lawfulness of similar requirements that had been placed on such recharacterization by nine Federal Courts of Appeals.

(3) The United States Supreme Court agreed with the Federal Govern-

779

JIMMY CARTER  10986-002
FCI MEMPHIS
P.O.BOX 34550
MEMPHIS, TN 38184-0550




LEGAL MAIL SPECIAL MAIL

DONALD G.MADISON
418 SCOTT ST.
MONTGOMERY, AL 36104