```
1           IN THE UNITED STATES DISTRICT COURT FOR
2                THE MIDDLE DISTRICT OF ALABAMA
3                       NORTHERN DIVISION
4
5
6    UNITED STATES OF AMERICA
7
8         Vs.                    CR. NO. 02-7-N
9
10   JIMMY CARTER, JUNIOR
11
12
13                *   *   *   *   *   *   *   *
14                       SENTENCE HEARING
15                *   *   *   *   *   *   *   *
16             Before Hon. Mark E. Fuller, Judge,
17           at Montgomery, Alabama, September 23, 2003
18                *   *   *   *   *   *   *   *
19
20
21   APPEARANCES: For the Government: Todd A. Brown
22                                    Assistant U.S. Attorney
23              For the Defendant: Maurice S. Bell,
24                                 Attorney at Law
25
```

1        (The above case coming on for hearing at Montgomery,
2   Alabama, September 23, 2003, before Honorable Mark E. Fuller,
3   Judge, the following proceedings were had commencing at 10:38
4   a.m.:)
5        THE COURT:  The next case will be United States of
6   America versus Jimmy Carter. The attorneys can get in place,
7   we will take a ten minutes recess before we proceed with this
8   sentencing.
9        THE CLERK:  Court will be in recess ten minutes.
10       (At which time, 10:38 a.m., a recess was had until
11  10:50 a.m., at which time the hearing continued.)
12       THE COURT:  Is the government prepared to go forward
13  in the case of United States of America versus Jimmy Carter?
14       MR. BROWN:  Yes, Your Honor.
15       THE COURT:  Is the defense prepared, Mr. Bell?
16       MR. BELL:  Yes, Your Honor.
17       THE COURT:  Are there any objections, Mr. Bell,
18  before we proceed?
19       MR. BELL:  Your Honor, there are no objections to
20  the contents what so ever of the presentence investigation
21  report. Our only objection is -- and I have always stated --
22  is to the guidelines itself. I mean to the -- I think it's
23  repressive, you understand.  And the controversy about it in
24  Congress and so forth. But as far as the inserts in here and
25  what the probation officer has stated --

1       THE COURT: I will cover that on the record, I just
2 wanted to for the sake of accommodating the respective
3 parties --
4       MR. BELL: I researched and I can't find anything
5 that he made a mistake on.
6       THE COURT: To the extent that the guidelines will
7 be other than followed in my court, certainly someone in a
8 higher pay grade than me will have to make that decision. But
9 I fully intend to follow the guidelines, Mr. Bell.
10       MR. BELL: I understand that, Your Honor.
11       THE COURT: Without choice. Mr. Bell, you and your
12 client please approach the podium. And for the record this is
13 United States of America versus Jimmy Carter, Junior. Mr.
14 Carter, have you and your attorney reviewed the presentence
15 report before today's date?
16       THE DEFENDANT: Yes, sir.
17       THE COURT: Do you have any objections to any of the
18 content of the presentence report?
19       THE DEFENDANT: No, sir.
20       THE COURT: There being no objections, the Court
21 adopts the factual statements contained in the presentence
22 report, with specific findings that the offense level is 38,
23 the criminal history category is VI. The guideline range is
24 from three hundred 60 months to life. The supervised release
25 period is ten years, and the fine range is from 25 thousand

1  to 14 million dollars. Do either you or your client have
2  anything to say in mitigation or otherwise before the Court
3  pronounces sentence in this case, Mr. Bell?
4       MR. BELL:  Well, I would like to say this, Your
5  Honor, that he was on monitoring for approximately a year. He
6  complied with all the conditions of the prerelease. He has
7  attended every hearing.  We have had numerous hearings as you
8  well know, Your Honor, with Magistrates and Judges, and
9  several issues will be addressed on appeal. But -- and then
10 also he was without the monitoring for approximately a year.
11 He was employed and broken no laws and he has complied with
12 the conditions of the probation. I might add, we went to
13 trial, Your Honor; however, he did not testify at the trial.
14 It was a question of facts and law, Your Honor, as you well
15 know, that would be issues on appeal.
16      THE COURT:  If the counsel is raising any issue
17 about release or detention of the Defendant, the Defendant
18 pending sentence or appeal, the Court finds persuant to
19 Section 3143 of Title 18 of the United States Code that the
20 offense for which this Defendant has been convicted, in
21 referring back to Section 3142 subparagraph F, this is an
22 offense for which the maximum sentence is life in prison and
23 it is a violation under the Controlled Substances Act. For
24 those reasons the Court would not be in a position to
25 entertain release pending appeal, subject to the

1    extraordinary circumstances as set forth in Section 3143
2    United States Code.
3         MR. BELL: Your Honor, I might add we are not asking
4    for a release order knowing that.
5         THE COURT: The sentence will now be stated, Mr.
6    Carter, but you will have a final chance to make legal
7    objections before the sentence is imposed. Pursuant to the
8    Sentencing Reform Act of 1984, it is the judgment of the
9    Court that you are hereby committed to the custody of the
10   Federal Bureau of Prisons to be imprisoned for a total term
11   of three hundred and 60 months. The sentence consists of
12   three hundred and 60 months on counts one, two and four; 24
13   months on count three; and one hundred and 20 months on count
14   five. All sentences to run concurrently. The Court
15   recommends that you be designated to a facility where
16   intensive residential substance abuse treatment is available.
17   You are remanded to the custody of the United States Marshal.
18   You shall pay to the United States District Court Clerk a
19   special assessment fee of five hundred dollars, which is due
20   immediately. Based upon your inability to pay the Court
21   waives the imposition of any fine.
22        Upon release from imprisonment you shall be placed
23   on supervised release for a term of ten years. This term
24   consists of ten years on counts one and four; six years on
25   count two; one year on count three; and eight years on count

1  four. All such terms to run concurrently. Within 72 hours of
2  release from custody you shall report to the probation office
3  in the District to which you are released.
4        While on supervised release you shall comply with
5  the mandatory and standard conditions of supervised release
6  on file with this Court. The Court also orders the following
7  special conditions: You shall participate in drug testing
8  and/or treatment if directed by the probation officer. You
9  shall contribute to the cost of any treatment based upon your
10 ability to pay and the availability of third-party payments.
11 You shall submit to a search of your person, residence,
12 office or vehicle pursuant to the search policy of this
13 Court. The Court finds that there is no identifiable victim
14 who incurred a financial loss as a result of this offense.
15       Before I impose the sentence, Mr. Carter, let me go
16 back and restate the conditions of supervised release upon
17 release from imprisonment. You shall be placed on supervised
18 release for a term of ten years. This term consists of ten
19 years on counts one and four; six years on count two; one
20 year on count three; and eight years on count four -- I'm
21 sorry, eight years on count five. That is the point that I
22 misspoke, it is eight years on count five. All of those terms
23 shall run concurrently as I have said earlier. You shall
24 report within 72 hours to the probation office in the
25 District to which you are released from custody. The sentence

1   is imposed at three hundred and 60 months because the Court
2   deems this sentence is sufficient and sufficiently punitive
3   to address the factors to be considered in imposing a
4   sentence as provided in 18 United States Code Section
5   3553(a).
6          Are there any objections to the sentence or to the
7   manner in which the Court pronounced it? For example, do you
8   have any objections to the Court's ultimate findings of fact
9   or conclusions of law? If you fail to state such objections
10  at this point you run the risk of being unable to raise any
11  said objections on appeal.
12         MR. BELL: Your Honor, the only objection that we
13  would have is this, there are various issues that will be
14  addressed on appeal, but as far as the ultimate sentence of
15  the guidelines and so forth, we have no objection.
16         THE COURT: Mr. Carter, the sentence is imposed as
17  stated. You have a right to appeal. If you can not afford the
18  cost of an appeal you have a right to apply for leave to
19  appeal in forma pauperis. I wish you the best of luck and you
20  are remanded to the custody of the marshal.
21         MR. BELL: Your Honor, if I can state this. If I
22  can withdraw from the case because of health problems and at
23  my age I might not be around for the extensive appeal, and I
24  think Mr. Madison will be handling the appeal for Mr. Carter,
25  and if I may withdraw.

1        THE COURT: If you will file a motion and I will
2   consider it.
3        MR. BELL: Thank you, Your Honor. I will help
4   anyway, but thank you, Your Honor.
5        THE COURT: File your motion.
6              *    *    *    *    *
7        I certify that the foregoing is a correct transcript
8   from the record of proceedings in the above-entitled matter.
9   This the 20th day of October, 2003.

10
11                                      _____
                                         Official Court Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24
25