IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY CARTER JR.
  PETITIONER        *   CV-No. 2-05CV-1016-F
                 CASE No. 03-13602-D
               *
VS.              *

UNITED STATES OF AMERICA    *
  RESPONDENT
               *

---

**PETITIONER'S RESPONSE TO THE GOVERNMENTS RESPONSE TO PETITIONER'S § 2255 MOTION**

---

  COMES NOW the Petitioner Jimmy Carter Jr. pro-se in the above styled case, response to the Government's response to the Petitioner's § 2255 Motion. The Petitioner "WILL NOT" place any BURDEN on this court by RE-LITIGATING Word for Word in all of the Eight(8) issues raised in his § 2255 Motion, as to Where the Evidence have been presented within this court alone with the Petitioner's "Exhibits (A).(B),(C),(D),(E),(F),(G),(H),(I),(J),(K),, Substantive Claims raised, his Response Sworn Affidavits, UnConstitutional Ineffective Assistance of Counsel Claims against both Attorneys, and Case Law Authority, Case Law Circuit Presedent that has already been Litigated or established in Petitioner's § 2255 Motion that will warrant Petitioner some type of relief large or small.

The Petitioner respectfully request this court to Conduct "fairness" Streight down the Middle on either side on it's Merits or by proof by a preponderance of the evidence standards in Petitioner's Civil proceedings. With the assurance of the Supreme Court's ruling in <u>HAINES V. KERNER</u>, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972), Stating tthe alligations of a pro-se Complaint MUST be viewed LESS Stringent Standards than formal pleadings Drafted by Lawyers.

  The Petitioner has presented Eight(8) "CONSTITUTIONAL LEGAL QUESTIONS OF LAW" to this Honorable Court to be answered making findings of facts and Conclusions of Law Specific to each issue raised because, the Government "HAVE NOT" done so in this

particular Case at hand. A "Legal Question of Law" persented in federal Habeas Corpus review are review de novo." <u>Amos v. Scott</u>, 64 F.3d 333, 338 (5th cir.) 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). The "Constitutional Legal Questions of Law" presented to this court are as follow;

### "CONSTITUTIONAL LEGAL QUESTIONS OF LAW"

(1). WHETHER DRUG QUANTITY ARE ESSENTIAL ELEMEMTS OF THE OFFENSE OF 21 U.S.C. SECTION 841(a)(1) THAT MUST BE CHARGED IN THE INDICTMENT FOUND BY A JURY AND PROVEN BEYOND A REASONABLE DOUBT.

(2). WHETHER THE PETITIONER WERE HELD IN UNCONSTITUTIONAL DETENTION FOR MORE THAN FORTY (45) MINUTES DURING A ROUTINE TRAFFIC STOP "BEYOND CITATION" FOR SPEEDING IN VIOLATION OF PETITIONER'S FOURTH AMENDMENT RIGHT TO THE CONSTITUTION.

(3). WHETHER THE DISTRICT COURT "LACK JURISDICTION" TO IMPOSE THE ENHAMCED JUDGEMENT ON PETITIONER'S SENTENCE UNDER THE U.S.S.G. OF MORE THAN THREE YEARS ON HIS PRIOR CONVICTIONS WITHOUT GIVING NOTICE AND COMPLYING PURSUANT TO 21 U.S.C. § 851(a)(1) AND (B) AND WHERE COUNLES FAILURE TO GHALLENGE THE ACCURACY OF PETITIONER'S PRIOR CONVICTIONS BEFORE THE COURT OR IN OPEN COURT.

(4). WHETHER COUNSEL MAURICE BELL CONSTITUTED INEFFECTIVE ASSISTENCE OF COUNSEL FOR FAILURE TO CHALLENGE AND OBJECT TO THE ALLEGATIONS OF FACTUAL INACCURACY IN THE P.S.I. REPORT AS REQUIRED UNDER FED.R.CRIM. P. 32(i)(3)(B) AND THE U.S.S.GUIDELINES SECTION 6A1.3.

(5). WHETHER PETITIONER'S INDICTMENT ARE FATALLY DEFECTIVE FOR FAILURE TO CHARGE THE ONE ELEMENT ("PARTICIPATE") UNDER THE OFFENSE OF 21 U.S.C. § 846 AND WHETHER ("PARTICIPATE") ARE AN ELEMENT UNDER 21 U.S.C. § 846 THAT "MUST" BE CHARGED IN THE INDICTMENT.

(6). WHETHER PETITIONER'S SIXTH AMENDMENT RIGHT TO TRIAL BY A JURY WERE VIOLATED UNDER IN RE WINSHIP / APPRENDI / BLAKELY / BOOKER / AND WHETHER COUNSEL DONALD MADISON WERE INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO AMEND AND ARGUE BLAKELY / BOOKER / WHILE PETITIONER WERE PENDING DIRECT APPEAL OR REVIEW.

(7). WHETHER PETITIONER CARTER'S COUNSEL MAURICE BELL WERE INEFFECTIVE ASSISTANCE OF COUNSEL DURING PRE-TRIAL AND TRIAL FOR FAILURE TO TIMELY FILE NOTION TO SUPPRESS THE EVIDENCE.

(8). WHETHER PETITIONER'S INDICTMENT ARE FATALLY DEFECTIVE FOR FAILURE TO CHARGE THE "ONE ELEMENT" ("ACTUAL OR CONSTRUCTIVE POSSESSIQN") UNDER THE OFFENSE OF 21 U.S.C. SECTION 841(a)(1) AND WHETHER ("ACTUAL OR CONSTRUCTIVE POSSESSION") ARE ELEMENTS UNDER SECTION 841(a)(1) THAT "MUST" BE CHARGED IN THE INDICTMENT SUBMITTED TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT.

There are Many INCONSISTANCIES alleged in the Governments Response to Petitioner's § 2255 Motion that "are not Corroborated nor Consistance with the Courts records that has been established. If the Court will fairly review each response of the Government it will See that the

Government is saying One thing, the Attorney's are saying another thing that "is not" Consistant with what the Government is saying, and the Court records are saying another thing that is different from what the Government have alleged in it's response to Petitioner's § 2255 Motion. Only a Evidentiary Hearing under Oath will Clear this matter as to a Clear and CONSISTANT Court record for future purposes and proceedings.

### CORRECTION TO THE GOVERNMENT'S PROCEDURALLY BARRED ALIGATIONS OF THE PETITIONER'S SUBSTANTIVE CLAIMS PROPERLY RAISED IN HIS § 2255 MOTION

All of Petitioner's "Substantive Claims" that is prorerly raised or alleged in his § 2255 Motion should be fully Heard because, Petitioner Carter received Ineffective Assistance of Counsel at Trial and on Appeal, and therefore Should be allowed to argue the same issues that should by "Effective Counsel" have been presented at Trial and, if necessary, on Appeal. Petitioner Carter Trial Counsel Mr. Bell and Appeal Counsel Mr. Madison "Did Not" raise "SUBSTANTIVE" Claims nor a Sixth Amendment or Fifth Amendment Challenge to the "Essential ELEMENTS of the Offense of 21 U.S.C. § 846 and § 841 (a)(1) that MUST be Charged in the Indictment, found by a Jury and proven beyond a reasonable doubt. The "Sixth Amendment requires that a defendant have Effective Assistance".

The QUESTIONS of Procedural Barred (on all of Petitioner's Constitutional Substantive Claims raised in his § 2255 Motion alleged by the Government on pages 7, and 8 ) "are not" Necessarily Implicated in an INEFFECTIVE ASSISTANCE CLAIM" brought under 28 U.S.C. § 2255 Motion. The Supreme Court has Clearly answered this Question of Procedural Barred in MASSARO V. UNITED STATES, 538 U.S. 500, 504, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) by Stating that, if the Proformance of Counsel is Deficient as a result of Not raising a particular issue, That issue "Can be raised MUCH later" for the very reason that it Was Not raised When it "Should have been raised by COMPETENT COUNSEL". The Petitioner's Substantive Constitutional Claims No.(1),(2),(5), (6),(7( and (8) raised in his § 2255 Motion Should have been raised by Competent Counsel, and therefore Constituted PREJUDICE and can be raised when Ineffective Aaaistance of Counsel Claims are brought Under 28 U.S.C. § 2255 Motion. The Petitioner's

3

named "Substantive Claims raised Should be fully Heard and "are not" Procedural barred. Cause and **PREJUDICE** issues in each of Petitioner's Substantive Claims are Demomstrated to show that the Ontcome would have Lowered Petitioner Sentenct under (Twenty-20 years) on those Claims reased in his Original § 2255 Motion but, for that because of the denial of "effcctive Counsel at Trial, Sentencing and on Appeal there are a great possibility the Petitioner a sentence lower than the current sentence would have accur or the sentence would have been Vacated had been for both Counsels "deficient Proformance".

> The Petitioner "Re-States his Constitutional Legal <u>OUESTIONS</u> of Law" Claim No.(1) raised in his § 2255 Motion "With Supporting Case <u>Law Authority</u> And Circuit Court Case Law Pre edent".
> The Petitioner Puts these Constitutional Legal Ouestions of Law before this Honorable Court to answer.!!!

(1). "**WHETHER DRUGS QUANTITY ARE ELEMENTS**" OF THE OFFENSE OF 21 U.S.C. § 841(a)(1) THAT MUST BE CHARGED IN THE INDICTMENT, FOUND BU A JURY AND PROVEN BEYOND A REASONABLE DOUBT ??.

Petitioner argues the Government "have NOT" rebutted or denied the Petitioner's Specific OUESTION No. (1) Claim raised in his § 2255 Motion that Drug Quantities Are **ELEMENTS** of the Offense of 21 U.S.C § 841(a)(1) That MUST be Charged in the "INDICTMENT", found by a Jury and Proven beyond a reasonable doubt. Quoting <u>United States V. Rogers</u>, 228 F.3d 1318 (11th cir. 2000) <u>United States V. Thomas</u>, 274 F.3d 655 )2nd cir. 2001) United <u>States V. Nordby,</u> 225 F.3d 1053 (9th cir. 2001) <u>APPRENDI V. NEW JERSEY</u>, 530 U.S. 147 L.Ed.2d 435, S.Ct 2348 (2000). The Government "did not" Challenge or Rebutted Any of the above Case Law Cited, nor did it disagree with either of them.

In all.....of the above Case Law Authority Cited and in Petitioner's § 2255 Motion on his OUESTION OF LAW has Clearly answered and ruled that, Drug Quantity Are "ELEMENTS" of the Offense of 21 U.S.C. § 841(a)(1) that **MUST** be Charged in the INDICTMENT, found by a Jury and proven beyond a reasonable doubt. The Sixty(60) Kilograms of Cocaine attributed to the Petitioner for Sentencing purposes "Are an ELEMENT" and were never Charged in the Indictment, found by a Jury and proven beyound a reasonable doubt. The Indictment ONLY Charged the drug Quantity ELEMENT of Fifty(50) grams of crack cocaine. See "Exhibit (A)". The Jury ONLY found the Petitioner Guilty of Fifty(50) grams of crack cocaine that was Charged in the Indictment. See "Exhibit (B)"of the Jury Verdict form. Because of the district courts error the Petitioner current Sentence should be VACATED.

See Petitioner's Original Claim No. (1) raised in his § 2255 Motion and case law.

The Petitioner "Re-States his Constitutional Legal QUESTIONS of Law Claim No.(2)" raised in his § 2255 Motion "With Souuorting Case Law Authority and Circuit Court Precedent".
The Petitioner Puts these Constitutional Legal QUESTIONS of Law before this Court to answer.

(2)."WHETHER THE PETITIONER WERE HELD IN "UNCONSTITUTIONAL DETENTION" FOR MORE THAN FORTY FIVE (45) MINUTES DURING A ROUTINE TRAFFIC STOP "BEYOND CITATION" FOR SPEEDING IN VIOLATION OF PETITIONER'S FOURTH AMENDMENT RIGHT TO THE CONSTITUTION.??

Petitioner argues he were held in "Unconstitutional Dention" for more than forty five (45) Minutes during a Routine Traffic Stop "Beyond Citation" for Speeding in in Violation of Petitioner's Fourth Amendment Right To The Constitution. Quoting U.S. V. Puritt, 174 F.3d 1215 (11th cir. 1999) Stating, ONCE such BFIEF Questions were Completed the defendant Should have been FREE TO-GO but, Petitioner Carter were HENDERED and Blocked by Three Officers from leaving the scene, and by those actions alone Violated Petitioner's Fourth Amendment Right To The Constitution during a Routine Traffic Stop "BEYOND CITATION" for Speeding holding Petitioner in "UNCONSTITUTIONAL DETENTION". See the Tape of the Traffic stop in the courts records!!!. The Petitioner are not disputing the fact that he gave consent to a BRIEF search of his vehicle but, when the Petitioner told the Officers to Stop, He "Wanted to leave, he were HENDERED". JUDGE MARK E. FULLER in the district court of Montgomery AL. Dismissed the Hernandez case in 2004 from the Suppression of Forty-Two Pounds (42) of cocaine that was found "BEYOND a Traffic Citation" for speeding because the Patrol Officer's had QUESTIONED the Suspect and her boy-friend TWO LONG after pulling them over for going Eight-Miles per-hour faster than the speeding limit's even though they gave consent to search. The Judge Stated that fifteen (15) Mintunes detainment was Too-Long. The Ouestion Now to the Court are 'Were Petitioner Carter"BEYOND A TRAFFIC CITATION" for Speeding.?? IF so Petitioner Carter Conviction should Vacated. See Petitioner's Claim or Issue No. (2) raised in his § 2255 Motion.

The Petitioner "Re-States his Constitutional Legal OUESTIONS of Law Claim No. (3)" raised in his § 2255 Motion "With supporting Case Law Authority and Circuit Court Precedent".
The Petitioner Puts these Constitutional Legal QUESTIONS of Law before this Court for Answers.

5

(3). **WHETHER THE DISTRICT COURT LACK JURISDICTION TO ENHANCE PETITIONER'S SENTENCE UNDER THE SENTENCING GUIDELINES OF MORE THAN THREE YEARS ON HIS PRIOR CONVICTIONS WITHOUT GIVING NOTICE AND COMPLYING PURSUANT TO 21 U.S.C. § 841 (a)(1) and (b) AND WHETHER COUNSEL BELL FAILURE TO CHALLENGE THE ACCURACY OF PETITIONER'S PRIOR CONVICTIONS BEFORE OPEN COURT.??**

Petitioner argues government failed to comply with § 851 (b) and Counsel Maurice Bell...failed to Challenge the Accuracy of his Prior Convictions and Misdemeanors Convictions. The prior convictions were never brong before or in Open Court so that the Petitioner can have the "Affirmation or Denial of his prior Convictions as of record". The Petitioner never Affirm or Denied that he has been previously Convicted of the alleged prior Convictions that was used to Enhance his Sentence. There were No written response as of record to the information used for Petitioner's prior's.

Counsel Bell failed to Challenge or correct the accuracy of Petitioner's MISDEMEANORS Convictions that was used to increase Petitioner's Sentence More than THREE Years. The United States has "CONCEDED" on page (13) of it's response that the "Probation Officer incorrectly attributed THREE points to Petitioner Carter" for Misdemeanors that "did not" carry the Minimum probation or Sentence required under the Guidelines. See U.S.S.G. § 4A1.2 (C) renderning his Criminal History Points for Sentencing Improper. Petitioner submit to this Court "EXHIBIT (C)" ATTACHMENT showing that as stated on pages 9, and 10 of his § 2255 Motion his prior State Conviction for Robbery 2nd degree on 12/5/1864 under case No. CC-85-005; receiving total of THREE (3) points under 4A1.1 alone for that conviction, Robbery 2nd degree under case No. CC-85-006 receiving THREE points under 4A1.1 on that one alone Which is a TOTAL of SIX (6) points for those Two prior convictions on 12/5/1984 on the SAME dates. See "Exhibit (C)". On 12/5/1984: Robbery 2nd degree under case No. CC-85-007 on the SAME dates of the above receiving TWO points under 4A1.1 (b) tolting "Eight (8) points for ALL three prior convictions. Cases No. CC-85-005 AND Case No. CC-85-006 were "RUN CONCURRENT" AND "CONSOLIDATED as ONE CASE" for Sentencing purposes. Those TWO convictions Should Count as ONE POINT. See U.S.S.G. § 4A1.2 (a)(2 Stating that, prior Sentences imposed in RELATED Cases are to be "TREATED AS ONE SENTENCE" for purposes of § 4A1 (a)(b) and (C). SEE also <u>United States V. Delvecchio</u>, 920 F.2d 810 (11th cir. 1991). SUBSTRACTED A TOTAL OF

6

five (5) points from those two CONCURRENT convictions for sentencing purposes instead of Six (6) pionts for both the Petitioner Criminal History Points will be a Total of Nine (9) points counting the two convictions as-one-point for both. SUBSTRACTED the THREE MISDEMEANORS Points that the government conceeded to will give the Petitioner a TOTAL OF SIX (3) Criminal History Points Category (111) at leval 38: with 262-327 Months. See pages 9,10 of Petioioner's Claim or issue raised in his Original § 2255. Therefore Counsel Bell failed to Challenge the accuracy or correct Petitioner error's prior convictions before the courts. His sentence should be Vacated and or an Evidentiary Hearing should be conducted to the relief shown. See ARON V. UNITED STATES, 291 F.3d 708 (11th cir. 2000). The Government Cited U.S. V. Rodriquez 398 F.3d 1291 (11th cir. 2005) which do not apply to the Petitioner's case because, the statements of Government witness Salary testimony of Sixty (60) kilograms of cocaine were NOT CORROBORATED by any-one over the objections, the testimony implicating Rodriquez on his cocaine dealing were CORROBORATED by several witnesses which invoke the prepomderance of the evidence standards. The prepomdance of the evidence do not apply in this case Under the Rule of Law Cited in APPRENDI / BLAKELY / AND BOOKER !!!!.

The Petitioner "Re-States his Constitutional Legal QUESTIONS of Law Claim No.(5)" raised in his § 2255 Motion "With Supporting Case Law Authority and Circuit Court Case Law Precedent.
The Petitioner Puts this CONSTITUTIONAL Legal QUESTION of Law before this Court to be answered sence the Government has failed to answer the specific Question as follow.

(4) **WHETHER COUNSEL MAURICE BELL CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO CHALLENGE AND OBJECT TO THE ALLEGATIONS OF THE FACTUAL INACCURACY IN THE P.S.I REPORT AS REQUIRED UNDER FED. R.CRIM. P. RULE 32(i)(3)(B) and the U.S.S.GUIDELINES 6A1.3**

Petitioner argues Counsel Maurice Bell Constituted Ineffectivt Assistanct of COunsel when he Clearly stated in the record on page TWO (2) of the Sentencing Transcripts on line-19 and 20 Stating that:

> Your Honor, There are "NO" Objections to the Contents
> WHAT-SO-EVER of the Pre-Sentence Investigation report.

See "Exhibit (D) Attachment'.' Had Counsel Bell Objected to the Contents in the P.S.I. report, the Sixty (60) Kilograms of cocaine, and Challenge the "factual Accuracy" of the P.S.I. report sa required under Rule 32(i)(3)(B) he would learnde Case No. CC-85-005: CC-85-006: were "Run Current" and "CONSOLIDATED" for semtencing purpose and should have

7

been Counted as ONE (1) point instead of Six-6-points. The government in it's response to this argument are incorrect according to U.S.S.G. § 4A1.2(a)(2). Had Counsel Counsel Bell Challenge and Objected to the factual inaccuracy of the P.S.I. report he would have learned the Probation Officer erred by giving Petitioner THREE (3) extra-points more as required under 4A1.2(C) note (1) as Agreed to by the Government in it's response on page-13.,. The Petitioner would have received a Total of Six (6) Criminal History points with a Criminal History Category (111) with 262-327 Months that would have reduced his Sentence being at a level 38, instead of Criminal History points (14) 360 Months to Life at a level 38 which are incorrect and Error. Had Counsel Bell Objected to the contents of the P.S.I. report and Challenge the inaccuracy of the P.S.I. report he would have also learned the above said points for the TWO robberies would been a Total of Five (5) points because, the Two Robberies Convictions were "Run Current and Consolidated" for Sentencing purposes, Ruling the TWO-prior State Convictions as being <u>RELATED</u> as one Conviction and Only-One- Point are required under 4A1.2 (a)(2) a reduce of five pionts instesd of six points. See <u>Glover V. United States</u>, 531 U.S. 198, 148 L.Ed.2d 604 121 S.Ct 696 (2000). This is PREJUDICE within the meaning of Sixth Amendment test for effective assistance of counsel set forth in <u>Strickland</u>. See also Petitioner's No. (4) full argument or Claim raised in his § 2255 Motion on pages 11,12,13. Counsel Bell would have learned that the Sixty (60) Kilograms of Cocaine "Were Not" Charged in the Indictment, found by a Jury and proven beyond a reasonable doubt as to the <u>APPRENDI V NEW JERSEY</u>, Rule that "<u>FORBIDDEN</u>" facts found by a Preponderance of the Evidence Standards SOLELY on Basis of any facts Only by or reflected in the Jury Verdict or admitted by the defendant which the defendant never admitted to Sixty (60) Kilo of cocaine.

The Petitioner "Re-States his Constitutional Legal <u>QUESTIONS</u> of Law Claim No. (5)" raised in his § 2255 Motion "With Supporting Case Law Authority and Circuit Court Case Law Precedent.
The Petitioner Puts this Constitutional QUESTION of Law before this court to be answered Correctly sence the Government failed to do so in this case The Legal QOUSTION as of the following.

(5) WHETHER PETITIONER'S INDICTMENT ARE FATALLY DEFECTIVE FOR FAILURE TO CHARGE THE "ONE ELEMENT" ("PARTICIPATE") UNDER THE OFFENSE ON 21 U.S.C. § 846 AND WHETHER ("PARTICIPATE") ARE AN "ELEMENT" UNDER 21 U.S.C. § 846 THAT MUST BE CHARGED IN

THE INDICTMENT FOUND BY A JURY AND PROVEN BEYOND A REASONABLE DOUBT.??

Petitioner argues his Indictment failed to Charge ............."PARTICIPATE" as an "ELEMENT" under the Offense of Section 21 U.S.C. § 846. "PARTICIPATE" are an ELEMENT under the Offense of § 846 that MUST be Charged in the Indictment, found by a Jury and proven beyond a reasonable doubt. Quoting U.S. V. GATEWOOD, 173 F.3d 983 (6th cir. 1999) U.S.V. High, 117 F.3d 464 (11th cir. 1997) U.S. V. Toler, 144 F.3d 1423 (11th cir. 1998). The Government has Misunderstood Petitioner's Legal Argument and Legal Question of Law in it's response on page-10 part(b) When it stated Petitioner claims the Indictment failed to allege that HE "Participated in a Conspiracy. "The Question" Were Not" Whether the Petitioner Participated in a Conspiracy but, "Were WHETHER OR NOT "PARTICIPATE" are an "ELEMENT" of the Offense of 21 U.S.C. § 846. The Petitioner Request this Court to Review his specific QUESTION of Law... above and in his Claim No.(5) and Supporting Case Law Authority Cited above and on pages (14,15,16, 17) raised in his § 2255 Motion. Sence the Indictment failed to Charge the "ONE-ELEMENT" PARTICIPATE the Petitioner's Conviction should be Vacated.

The Petitioner "Re-States his Constitutional Legal QUESTIONS of Law Claim No.(6)" raised in his § 2255 Motion "With Supporting Case Law Authority and Circuit Court Case Law Precedent.
The Petitioner Puts this Counstitutional Legal QUESTION of Law before this court to be answered sence the Government has failed to correctly answer the Specific Question of Law as follow;

(6). WHETHER PETITIONER'S SIXTH AMENDMENT RIGHTS TO TRIAL BY A JURY WERE VIOLATED UNDER IN RE WINSHIP/APPRENDI/BLAKELY/BOOKER AND WHETHER COUNSEL DONALD MADISON WERE INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO AMEND AND ARGUE BLAKELY/BOOKER WHILE PENDING DIRECT APPEAL OR REVIEW WHEN COUNSEL TO DO SO.???

Petitioner argues his SIXTH AMENDMENT RIGHT TO A TRIAL BY A JURY were Violated for the failure of Counsel Madison to AMEND BLAKELY/BOOKER on DIRECT REVIEW and for the failure to make and Argue a Sixth Amendment Right Violation in Petitioner's behalf after Petitioner requested Counsel Madison to do so by letters and by phone through the Wtiness of his Wife by Phone. BLAKELY/ BOOKER Were "LAND-MARK-CASES which most if not all Attorneys Knew of the dicision when if wsa announced. It was through all NEWS PAPERS and News Net worth and well Known to All Lawyers who practice Law and evwn well Known to Counsel Donald Madison, The Courts and the Lawers Association expect Counsels to-be AWARE

9

of the "NEW-LAW" as it accur's". See JOHNSON V. UNITED STATES, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). The Petitioner would have properly benifited from BLAKELY/BOOKER before Petitioner's Sentence became final on January 25, 2005 while still pemding direct review or Appeal because BLAKELY applied to the Sentencing Guidelines through BOOKER when it was announced on January 12, 2005, while Petioner were pending Appeal. The Government is wrong or incorrect on this one also alleging that Petitioner could have not benifit from application of BLAKELY/BOOKER because BLAKELY did not apply to the Sentencing Guidelines on page (19) of it's response. The Government helps make Petitioner's Claim No.(6) for relief that Counsel Madison Constituted Ineffective Assistance of Counsel for the Failure to Make a "Constitutional Sixth Amendment Right To Trial By A Jury Argument to AMEND BLAKELY/BOOKER in Petitioner Appeal when requested to do so through letter's and by Phone with his wife witness to him doing so by Phone while she were on the other-end through a Three-Way-Call. The Government STATED the fact that on page-19 of it's response, That the ('Initial Appeal brief filed by Carter's Counsel "Did Not" raise ANY issues that can be Considered an antecedent of BOOKER or ANY SISTH AMENDMENT Issue. Still had Counsel Madison AMENDED BLAKELY to Retitioner's Direct Appeal he would have Got the "Benifits from BLAKELY Through BOOKER on JANUARY 12, 2005 which Clearly Announced BLAKELY applied to the SENTENCING GUIDELINES. Therefore Counsel Madison were Ineffective Assistance of Counsel for failure to make a "Constitutional Sixth Amendment Right To Trial By A Jury Argument" and to AMEND BLAKELY/BOOKER that was "AUTOMATICLY RETROACTIVELY" to Petitioners Case while pending direct Review or Appeal. See "Petitioner NO. (6)" arguments pages 18-21.

Instead, Counsel Madison Filed a baseless, incorrect, UNTIMELY Rule 35(a) Motion with NO case Law Support, Nor did it have a Foundation for BLAKELY/BOOKER or a Sixth Amendment Right To Trial By A Jury Argument". See "EXHIBIT (I) Atthahment" of the Rule 35(a) Motion filed and the Court's ORDER to the Motion filed bt Counsel Madison Attached to here as "Exhibit (I)" also. Counsel Madison should have filed a proper Rule-44 RE-HEARING Motion request in the Eleventh Circuit Court of Appeals or a Motion to EUPPLEMENT. The Petitioner were fully "entitled to the Benifits" of the Legal Arguments

10

on his Appeal pending both those Opinion's in BLAKELY/BOOKER. Therefore Counsel Donald Madison PREJUDICE the Petioner to effective assistance of Counsel on "FIRST APPEAL" Which Constituted Ineffective Assistance of Counsel on Appeal and an Evidentiary Hearing are required.

The Petitioner "ReStates his Constitutional Legal QUESTION of Law Claim No. (7)" raised in his § 2255 Motion "With Supporting Case Law Authority and Circuit Court Case Law Precedent.
The Petitioner Puts this Constitutional Legal QUESTION of Law before this Court to be answered Specific Sence the Government has failed to do so.

(7) **WHETHER PETITIONER'S CARTER'S COUNSEL MAURICE BELL WERE INEFFECTIVE ASSISTANCE OF COUNSEL DURING PRE-TRIAL AND FOR COUNSEL FAILURE TO TIMRLY FILE MOTION TO SUPPRESS THE EVIDENCE.??**

Petitioner argues Counsel Bell Constituted Ineffective Assistance of Counsel during Pre-Trial for failure to Timely file Motion To Suppress the evidence at 304 payson road that was used against him during Trial which should have been Excluded that was used against him during Trial which came from the "Fruit of the Poisoness Tree". See pages 22,23,24,25, and 26 of Petitioner's §2255 Motion raised in his § 2255 Motion with the full Supporting facts of Law on his No. (7) Claim. Defen e Counsel has a "DUTY" to raise"Pontential Constitutional Claims during Trial and at Sentencing". See HUYNH V. KING, 95 F.3d 1052 (11th cir. 1996). The evidence found at 204 payson road were Critical which should have been Excluded and Suppress by Counsel Bell to show that the evidence and Statements gathered by Officer Sisson to conduct a Search Warrant were FALSE with intent. Had Counsel Bell filed a Motion to Suppress the evidence and the Statements of Officer Sisson He would have learned that the Home "did not" belong to Carter, That Carter never had KEYS to the home, That Carter never Lived at the home even though some mail could have came to the address for personal or business purposes to that address "Dose Not" mean guilt... or Actual prove that Carter lived there at 304 payson road, it Only proves Visits to that Home Not living there. Counsel Bell would also learned that Petitioner Carter NEVER had "CONSTRUCTIVE POSSESSION" To the home at 304 payson road nor AUTUAL POSSESSION" to that home and that it were Never proven by the Government from day-one. Counsel Bell would have learned that the date or day the Government agent Sisson Searched the home by sign consent

during the Petitioner's Visiting "Nothing were found" at 304 payson road on the day and the date while the Petitioner were there at that Specific time." See "EXHIBITS (J) Attachment."

Counsel Bell "ABANDED" the SUPPRESSION MOTION that was "CRITICAL" to Petitioner's case. There are a Second Motion to Suppress Attempted to be filed by Counsel Bell which was denied as UNTIMELY or was Waived Under Rule 12(b)(3)(C). See "EXHIBIT(K) Attachment" page-23 of the Court's response to the "Untimely Motion to Suppress the evidence attempted to be filed in behalf of Petitioner's Fourth Amendment Rights being Violated" as the Court States the follow;

> Such a claim is properly made through a pre-Trial Motion to Suppress. Rule 12(b)(3)(C). Fed. R. Crim. P. Rule 12(b)(3)(C) directs that Motion to Suppress evidenct MUST be raised prior to Trial and provides in it's Subsection (e) that any OBJECTIONS not raised by the Court's Deadline is Waived. U.S. V. Gresham, 585 F.2d 103,108, (5th cir. 1987). Because CARTER failed to raise this Claim in a PRE-TRIAL Motion To Suppress, he Waived it. See "Exhibit(K)."

Counsel Bell again "ABANDED" the SUPPRESSION MOTION this time in Open-Court that was "Critical to the Petitioner's case. See "EXHIBIT(K) Attachment" No. (2)." Counsel Bell stated in Open-Court when asked by the Court the following about the Suppression Motion or was a suppression filed by Petitioner Carter.

> "Was there a Motion to Suppress filed by either defendant Carter." Counsel Bell; WE had NO possessory intent to file a Suppression." (See "Exhibit (K) Attachment" NO. (2)."

In HUYNH the Court Stated, determination as to where defendant was PREJUDICE under Strickland by Counsel for failure to file Motion to Suppress Relevant Evidence involved examination of TWO Questions; (1) Was these a "Neritorious Fourth Amendment Claim" that necessitated the filing of such Motion, (2) And if there was a Valid Fourth Amendment Claim that "Counsel have raised in a Motion to Suppress; Was the evidence that should have been Excluded at Trial "Critical" but, for Counsel's failure to file suppression Motion.? The Petitioner Claim NO.(7) "FITS the TWO Standards of Questions in HUYNH" to suppress the evidence at 304 payson road to "Agent Sisson Sworn False, reckless, perjury Statement and Testimony in his Affidavit before the Magistrate Judge to Obtain a Search Warrant" Knowing it to be false. Therefore Cause and PREJUDICE are shown and demonstrated that because of counsel Bell's failure to Timely file Motion to suppress the evidence at 304 payson road that was used against Petitioner

Carter at Trial, Counsel Bell "Constituted Unconstitutional Ineffective Assistance of Counsel at Trial and at the Sentencing because, Defense Counsel has a "DUTY" to raise PONTENTIAL CONSTITUTIONAL CLAIMS during Pre-Trial and at the Sentencing. Petitioner Should be Granted Relief a New Trial and to have an "Evidentiary Hearing to Clear the record and to Clear ALL the INCINSISTANCIES through in the proceedings as Shown herein. Cave V.Singletary, 971 F.3d 1513, 1516 (11th cir. 1992).

The Petitioner "Re-States his Constitutional Legal QUESTIONS of Law Claim NO. (8.)" raised in his § 2255 Motion 'With Supporting Case Law Authority and Circuit Court Case Law Precedent. The Petitioner Puts this Court Constitutional Legal OUESTION of Law before this Court to br Answered Specific sence the Government has failed to do so. The QUESTION of Law are of the following.

(8) WHETHER PETITIONER"S INDICTMENT ARE FATALLY DEFECTIVE FOR FAILURE TO CHARGE THE "ONE ELEMENT" ("ACTUAL OR CONSTRUCTIVE POSSISSION") UNDER THE OFFENSE OF 21 U.S.S. § 841 (a)(1) AND WHETHER ("ACTUAL OR CONSTRUCTIVE POSSESSION") ARE ELEMENTS UNDER SECTION 841(a)(1) THAT "MUST" BE CHARGED IN THE INDICTMENT FOUND BY A JURY AND PROVEN BENOND A REASONABLE DOUBT.??

The Petitioner argues his Indictment are fatally defective for failure to "CHARGE THE "ONE-ELEMENT" ACTUAL OR CONSTRUCTIVE POSSESSION under the Offense of 21 U.S.C. § 841(a)(1) and that "ACTUAL OR CONSTRUCTIVE POSSESSION" are "ELEMENTS" under 21 U.S.C. § 841(a)(1) that MUST be Charged in the INDICTMENT found by a Jury and proven beyond a reasonable doubt.

The Governmrnt has reconized and have Stated on pages 13, and 14 in it's response the same as in the Petitioner's argument NO.(8) that, The Supreme Court firmly repeated it's holding from APPRENDI V. NEW JERSEY, 530 U.S. 466, 499-90, 120 S.Ct. 2348, 2362-63 (2002) that "Any fact (Other than a prior conviction), Which is necessary to Support a Sentence exceeding the Maximum Authorized by the facts extablished by a Plea of guilt, ........ by a defendant or a Jury VERDICT "MUST" be abmitted by the defendant or proven to a Jury beyond a reasonable doubt." See United States V. Booker, 543 U.S.___,125 S.Ct 738, 756 (2005). This is the same Standards applies to the Sixty(60) Kilograms of Cocaine attributed to the Petitioner for Sentencing purposes, that were Never admitted by the Petitioner, Never Charged in the Indictment, Never found by a Jury, and Never proven beyond a reasonable doubt. The Testimony of Wallace Salary of the Sixty(60) were Never "CORROBATED" by any-one nor any other evidence, but was omitted over several "OBJECTIONS" Violated the principles set in APPRENDI/BLAKELY AND BOOKER. ALL **ELEMENTS**

13

... **MUST** be Charged in the Indictment, Submitted to the Jury, and proven beyond a reasonable doubt. See "Exhibit Attachment (A)" of the indictment's language failed to Charge or allege either of the **ELEMENTS ("ACTUAL or CONSTRUCTIVE" POSSESSION")**. In Order to Convict a defendant for possession with <u>intent</u> to distribute a Controlled Substance, The Government **MUST** Charge in the Indictment ALL the ELEMENTS under the Charged Offense of § 841(a)(1), (ACTUAL or CONSTRUCTIVE POSSESSION), and Must establish that the defendant "Had Actual or Constructive Possession of the alleged Controlled Substance." The Government has Failed to do so in this case at hand. See <u>United States V. Ewards</u>, 166 F.3d 1362 (11th cir. 1999).

(1) There were Insufficient Evidence Shown in the Records at Trial that, Petitioner Carter had "ACTUAL or CONSTRUCTIVE" POSSESSION" to the <u>LOCKED</u> Home at 304 payson road. (2) There were Insufficient Evidence Shown in the Record that, Petitioner Had "ACTUAL or CONSTRUCTIVE POSSESSION" of the Drugs found at the home of 304 payson road. (3) The Petitioner's Indictment **Never** Charged him with "ACTUAL or CONSTRUCTIVE POSSESSION" of the Drugs found at 304 payson road, which Petitioner Never had any **KEYS** to the LOCKED Home at 304 payson road. The Evidence produced at Trial in the Record "DID" establish and "PROVE" Petitioner Carter **"Did Not'** LIVE at 304 payson road. The Evidence produced at Trial in the Record "DID" establish and "PROVE" Petitioner Carter **"Did Not"** OWN the Home at 304 payson road. The Evidence in the Record and at Trial does Show that, **"NO ONE"** Testified in Open Court that Petitioner Carter Had "KNOWLEDGE" of any drugs being found at the Home of 304 payson road.

The Indictment here has **"Failed** to Charge the **ELEMENT** "ACTUAL or CONSTRUCTIVE" POSSESSION" of the alleged drugs found at 304 payson road. The government in this Case "Never Proved it's Burden of Proof" nor did it establish Petitioner had Any **"Direct or Physical"** Control over the alleged Controlled Substance found at 304 payson road the home were Locked.

The GRAND JURY in this Case "Did Not" Include a **"ACTUAL or CONSTRUCTIVE POSSESSION ELEMENT"** in the Indictment against Petitioner Carter, and that Petitioner "Did Not' have **Any** House **KEYS** that would have "Constituted Actual Possession" to the Home at 304 payson road where drugs were found, quoting <u>U.S. V. Edwards</u>, 166 F.3d 1362 (11th cir. 1999)

14

In EDWARDS, Agent Flannery were working undercover as a narcotic Supplier as part of a reverse sting Operation. An informant put Agent Fannery in touch with EDWARDS Agent Fannery and EDWARDS discussed the possibility of a narcotics Sale; The next day the Two negotiated a deal in which EDWARDS Agreed to pay $5000. for One Half Kilograms of Crack Cocaine. Flannery and EDWARDS met in the parking lot under the watchful EYE of a group of DEA Agents. Flannery walked over to EDWARDS Car and asked to see the Money for the purchase. EDWARD flashed a bundle of cash. EDWARDS then allowed Flannery back to his car where he Open the TRUNK and pointed to a Manila envelope containing One half Kilograms of cocaine. EDWARDS reach into the Trunk and picked up the envelope. After inspecting the contraband, EDWARDS slid the plastic bag back into the envelope, returned the envelope to Flannery's Trunk, and said, "Lets go for ride". Flanneryclosed the Trunk, and as he and EDWARDS were getting into Flannery's Car, Flannery Contacted the DEA Agents (Via cellular telephone) Who proceeded to Arrest EDWARDS. The Case went to a Jury Trial which Convicted Edwards for possession with the intent to distribute Crack Cocaine. He Appealed. The Appeals Court For The Eleventh Circuit Held defendant EDWARDS "DID NOT" possess cocaine because, EDWARDS **WAS NOT** in possession of the Cocaine"and he"**COULD NOT**" be Found Guilty of possession with the intent to distribute" Therefore VACATED EDWARDS CONVICTION and SENTENCE.

The Appeals Court For The Eleventh Circuit ruled in the EDWARDS Case that, "The Only point at which EDWARDS had Any"PHYSICAL CONTROL" Over the Cocaine Was when he "PICKED up the Manila Envelope and briefly inspected its Contents". The Court Further Stated, **Mere** inspection of Contraband, Standing alone, is insufficient to establish Possession. See U.S. V. Derose, 74 F.3d 1177, 1186 (11th cir. 1996); See also U.S. V. Kitchen, 87 F.3d 516, 524 (7th cir. 1995). EDWARDS Therefore Had "ACTUAL POSSESSION of the COCAINE". In absence of "ACTUAL POSSESSION", the Government **Must** prove "**CONSTRUCTION POSSESSION**". For instance, a defendant Has "CONSTRUCTIVE POSSESSION of a Substance if it is being Held by a Codefendant or an Agent of the defendant, or if it is in a "Safe deposit Box to which the defendant has the **KEY'S**", or if it is in a COOKIE JAR at the defendant's House. The Government in the EDWARDS Case Contends that EDWARDS had CONSTRUCTIVE POSSESSION of the

15

Cocaine While it was in Agent Flannery's TRUNK." The Eleventh Circuit Court of Appeals **Disagree** because, The Cocaine was in a "LOCKED automobile Trunk to which **Only** Agent Flannery had the **KEYS**." EDWARDS had **NO** access to the Cocaine except through Agent Flannery. THEREFORE the Court found EDWARDS , Had **No** "ACTUAL or CONSTRUCTIVE POSSESSION of the Cocaine and VACATED EDWARDS CONVICTION".

The Evidence here in the Record and in the Indictment Shows that, Petitioner Carter "Was Not" on POSSESSION of the cocaine found and LOCKED at the Home of 304 payson road. The Indictment **Never** CHARGED a "ACTUAL or CONSTRUCTIVE POSSESSION ELEMENT" as required under 21 U.S.C. § 841(a)(1). The "JURY INSTRUCTIONS Never were Instructed that Petitioner Carter Had "ACTUAL or CONSTRUCTED POSSESSION" Over or To the drugs found at 304 payson road, Nor was the Jury Instructed it Had to Find THE Petitioner Carter GUILTY of "ACTUAL oFCONSTRUCTIVE POSSESSION" of the Cocaine He was Charged in the Indictment. THEREFORE Petitioner Carter "Could Not" be found GUILTY of "POSSESSION WITH THE INTENT TO DISTRIBUTE COCAINE" in **ABSENCE** of "ACTUAL or CONSTRUCTIVE POSSESSION ELEMENT **Not** being Charged in the Indictment, Submitted To a Jury, and Proven beyond a Reasonable Doubt" as required.

## CONCLUSIONS

COUNSEL DONALD MADISON has admitted Most of his Ineffectiveness of Assistance of Counsel while Representing Petitioner Carter as Stated in his MOTION TO WITHDRAW AS COUNSEL: MOTION TO WITHDRAW PETITION UNDER 18 U.S.C. § 2255 as Titled, Which surpose to be 28 U.S.C § 2255 instead 18 U.S.C § 2255. See "EXHIBIT ATTACHMENT (F)". Based upon the case Law Authority and the case Law precedent presented in **each** Seperate Claim in this § 2255 Motion, This district Court Should **Fairly** review ALL Eight (8) ISSUE'S raised" and Make "Findings of Facts of the Law to **each Seperate issue's** in these proceedings. Section 2255 provides the primary Means of Collateral Atteck of Federal Sentencing. Relief under this Section is Warranted for **Any Error** that "Occured at or prior to Sentencing", and that, The district Court Should "ORDER an Evidentiary Hearing"and rule on the MERITS of his Claim." See Holmes V. United States, 876 F.2d 1532, 1545 (11th cir. 1989) (Aron N. United States, 291, F.3d 708 (11th cir. 2002), Moreover, The Court Should Construe a HABEAS PETITION filed by a **pro-se** Litigant More Liberally than One filed by as Attorney. See Green V. Nelson, 881 E.2d 949, 961 (11th cir. 1989).

16

The "Sixth Amendment requires that a defendant have **EFFECTIVE ASSISTANCE** on a **FIRST APPEAL**" This is a Absolute Entitlement. Therefore a First Appeal of Right "is not" ADJUDICATED in according. Due Process of Law if the appellant Dose Not have the Effective Assistance of an Attorney". See EVITTS V. LACEY, 489 U.S. 387, 396, 105 S.Ct 838, 836 (1985).

The Law has LOng recognized that defense Counsel, doth Trial and APPELLATE, is required th raise "PONTENTIAL CONSTITUTIONAL CLAIMS" in REVIEW of **Developing Law**." The appropriate TEST is the Mirror image for the "Performance Prong of Strickland Ineffective Assistaance Test." In other words, if a "CONSTITUTIONAL CLAIM is Sufficiently DEVELOPED" so that **Failuer** to raise it will Cause a Procedural Default of the Claim, it Follow Logically that Failure to raise the CONSTITUTIONAL CLAIM Also CONSTITUTES INEFFECTIVE ASSISTANCE." This Test is Stated in EAGLE V. ISAAC, 456 U.S. 107, 134. 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Therefore the Petitioner should be Granted the Relief required for COUNSEL'S Ineffectiveness. The U.S. Supreme Court has recently ruled in DVE V. HOFBAUER, CASE NO. CASE NO. 04-8384; That a HABEAS Case MUST Look at the Substance of a defendant's pleadings and Not merly the denial of the Lower Court.

## CERTIFICATE OF SERVICE

I Jimmy Carter Jr., in the above styled case hereby Certify that a True and Correct Copy of the foregoing Response To The Governments Response was mailed this day To The Clerk's Office of Judge Charles S. Coody, United States District Court Montgomery Alabama, Middle District Of Alabama, Northern Division, P.O. BOX 711 Montgomery Alabame 28101-0711; And to The United States Attorney's Office, Todd Brown P.O. BOX 197 Montgomery Alabama 36101-0197, through the U.S. postal Service, postage pre-paid this 16th day of January 2006.

RESPECTFULLY SUBMITTED,

*Jimmy Carter Jr.*
Mr. JIMMY CARTER Jr.
REG. NO. 10986-002
P.O. BOX 34550
MEMPHIS, TN. 38184

17