"Exhibit (I) Attachment"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: CR-02-07-N |
| ) | |
| JIMMY CARTER, JR., and ) | |
| ARTRONE CHEATHAM, ) | |
| ) | |
| Defendants. ) | |

JOINT MOTION TO SET ASIDE AND/OR VACATE SENTENCE;
OR IN THE ALTERNATIVE, MOTION TO AMEND

COME NOW Artrone Cheatham (hereinafter referred to as the Defendant Cheatham) and Jimmy Carter, Jr. (hereinafter referred to as the Defendant Carter), and respectfully move this Honorable Court pursuant to Rule 35, *Federal Rules of Criminal Procedure (FRCrP)* to vacate and/or alternatively to amend sentence imposed against the Defendants Cheatham and Carter, respectively. In support hereof, said Defendants, jointly and severally, would show unto this Honorable Court the following:

1. That Rule 35, *Federal Rules of Criminal Procedure*, allow for the filing of a motion to vacate and/or amend the sentence when a new ruling is issued by the United States Supreme Court which modifies the case law and rulings upon which a conviction and sentence are imposed in a case at any time prior to the judgment becoming final.

January 25, 2005, is the last date for the filing for a Petition for Writ of Certiorari to the

1

the 50 or more grams that the jury had found in *Booker's* case.[1]

3. That attached hereto as Exhibit 1 is a copy of the Jury Verdict as to Cheatham entered in this action. It is clear that the only amounts charged as to Cheatham would be the fifty (50) grams or more upon which his sentence could be premised under the conspiracy charge under 21 U.S.C. 846. Therefore, Cheatham's sentence is due to be vacated.

Additionally, Carter's base sentence level under the conspiracy would have also been the amounts utilized under the conspiracy charge which was calculated as in Cheatham's case. Therefore, Carter's sentence under Count I of the Indictment should be vacated.

4. Carter's jury verdict is attached hereto as Exhibit 2. Carter respectfully submits that he is due to have his sentence re-calculated based upon the generalized minimum amounts contained in Counts II through V of the jury verdict rendered against him in his sentence calculation. Carter's sentence is due to be vacated and/or amended as a result.

5. Additionally, Cheatham and Carter both again allege that based upon *U.S. v. Booker*, the Salery drug amounts were not alleged in the Indictment nor set forth as an element of the Indictments as to Count I being the 21 U.S.C. 846 conspiracy charge filed against both of them. With all due respect, the failure of the Salery drug amounts to be alleged in the Count I conspiracy indictment precludes the use thereof against Carter and Cheatham in the conspiracy count. Therefore,

---

[1] The Seventh Circuit held that this application of the Guidelines conflicted with the *Apprendi v. New Jersey*, 530 U.S. 466, 490, holding that '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' Relying on *Blakely v. Washington*, 542 U.S., ____, the court held that the sentence violated the Sixth Amendment and instructed the District Court either to sentence Booker within the sentencing range supported by the jury's findings or to hold a separate sentencing hearing before a jury.

under *U.S. v. Booker, Blakely v. Washington*, as well as *Apprendi v. New Jersey*, the conspiracy count is due to be set aside against both Cheatham and Carter.

Setting aside of the conspiracy count against Cheatham would require a dismissal of all charges against him. The setting aside of the conspiracy count against Carter would require re-sentencing.

6. That based upon the above and foregoing, both Carter and Cheatham, jointly and severally, respectfully move this Honorable Court for a hearing under Rule 35, *Federal Rules of Criminal Procedure*.

7. Alternatively, Carter and Cheatham move this Honorable to alter, vacate or amend the sentence pursuant to Title 28 U.S.C. 2255.

Respectfully submitted,

*Donald A. Madison*
DONALD G. MADISON (MAD008)
Attorney for Defendants

OF COUNSEL:
DONALD G. MADISON
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile   (334) 265-8511

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon Honorable Todd A. Brown, Assistant United States Attorney, by depositing a copy of the same in the United States mail, postage prepaid, on this the _24th_ day of January, 2005.

*Donald A. Madison*
OF COUNSEL

"Exhibit (I) Attachment"

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 2:05cv61-F |
| JIMMY CARTER, JR. | ) |
| and | ) |
| ARTRONE CHEATHAM. | ) |

**ORDER**

The movants, through counsel, have filed a pleading styled as a "*Motion to Set Aside and/or Vacate Sentence; or in the Alternative Motion to Amend*" (Doc. 1), wherein they challenge the sentences imposed upon them by this court in 2003 for violations of various federal controlled substance laws.

In challenging their sentences, the movants seek to utilize the provisions of Rule 35 of the Federal Rules of Criminal Procedure. However, that rule does not authorize an attack on the sentences in this case. Rule 35(a), *Fed.R.Crim.P.*, provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." (Emphasis added.) Sentencing for both movants took place on September 29, 2003. The present motion was filed on January 24, 2005. Thus, assuming (without so finding) that the movants set forth claims falling under the ambit of Rule 35(a), an attempt to challenge their sentences under that rule would be untimely. Furthermore, Rule 35(b), *Fed.R.Crim.P.*, provides for the reduction of a sentence, "[u]pon the government's motion," based upon a defendant's providing "substantial assistance in investigating or prosecuting

another person." Consequently, Rule 35(b) does not afford the movants a vehicle for attacking their sentences.

The movants, alternatively, move to "alter, vacate or amend the sentence pursuant to Title 28 U.S.C. 2255." A review of the claims presented by the movants indicates that they seek relief from this court that is appropriate only under the remedy provided by 28 U.S.C. § 2255. Accordingly, the Clerk of this court is hereby DIRECTED to:

1. Open two (2) separate civil actions – one for each movant – under 28 U.S.C. § 2255. The Clerk is advised that the case number of the present civil action shall be assigned to Jimmy Carter, Jr.;

2. Assign the newly opened case to the Magistrate Judge and District Judge to whom the instant case is assigned;

3. Place a copy of the jointly filed motion in the newly opened case file; and

4. Refer these case files to the appropriate Magistrate Judge for further proceedings upon completion of the foregoing directives.

Done this 14th day of April, 2005.

                                                    /s/Charles S. Coody
                                                    CHARLES S. COODY
                                                    CHIEF UNITED STATES MAGISTRATE JUDGE