"Exhibit (J) Attachment"   Read Instructions on Reverse before completing.

**U.S. Department of Justice — Drug Enforcement Administration**

## ACQUISITION OF NON-DRUG PROPERTY AND REGULATORY SEIZURES

| 1. BASIS | 2. TYPE OF PROPERTY | 3. FILE NO. | 4. G-DEP IDENTIFIER |
|---|---|---|---|
| [X] EVIDENCE<br>[ ] FORFEITURE<br>[ ] TEMPORARY CUSTODY<br>  [ ] Safekeeping<br>  [ ] Transfer to Another Agency | [ ] MONEY    [ ] REGULATORY<br>  [ ] Recovered   [ ] FILM/FINGERPRINTS<br>  [ ] Seized    [X] OTHER<br>**6. CUSTOMS ORIGINATED CASE**<br>[ ] Case No.   OR   [ ] Seizure No. | KI-01-0073<br>**5. FILE TITLE**<br>CHEATHAM, Artrone<br>**7. DATE PREPARED**<br>01/16/2002 | (redacted)<br><br><br><br>**8. PROGRAM CODE**<br>HD100 |

| 9. EXHIBIT | 10. NAME AND DESCRIPTION OF ARTICLES | 11. COND. CODE | 12. VALUE |
|---|---|---|---|
| N-4 | ASSORTED PAPER DOCUMENTS | | N/A |
| N-5 | ASSORTED PAPER DOCUMENTS | | N/A |
| N-6 | ASSORTED PAPER DOCUMENTS | | N/A |
| N-7 | RUBBERMAID PLASTIC CONTAINER | | N/A |

**13. REMARKS**

EXHIBIT N-4 IS ASSORTED PAPER DOCUMENTS LOCATED BY TFA TATUM IN THE KITCHEN DURING SEARCH WARRANT AT 304 PAYSON ROAD, MILLBROOK, ALABAMA ON 01/14/2002. EXHIBIT N-5 IS ASSORTED PAPER DOCUMENTS LOCATED BY LIEUTENANT HARDY IN A BEDROOM DURING THE SAME SEARCH WARRANT. EXHIBIT N-6 IS ASSORTED PAPER DOCUMENTS LOCATED BY TFA SISSON IN THE BEDROOM DURING THE SAME SEARCH WARRANT. EXHIBIT N-7 IS PLASTIC RUBBERMAID CONTAINER WHICH CONTAINED EXHIBITS 4 AND 5 LOCATED BY TFA SISSON IN THE ATTIC. EXHIBITS N-4, N-5, N-6 AND N-7 WERE ALL SUBMITTED TO TFA TATUM BEFORE TRANSFERRING CUSTODY TO TFA SISSON AT THE CONCLUSION OF THE SEARCH.

| 14. SUBMITTED BY SPECIAL AGENT/INVESTIGATOR (Signature) | 15. APPROVED BY (Signature & Title) |
|---|---|
| TFA H.E. SISSON, JR /s/ | GS W.M. SIMONS /s/ W.M. Simmons 6/5 |

### RECEIPT REPORT

| 16. NO. PACKAGES | 17. RECEIVED FROM (Signature & Date) | 18. Print or Type NAME and TITLE |
|---|---|---|
| 1 | /s/ | TFA H.E. SISSON, JR |
| **19. SEAL**<br>[ ] Broken   [ ] Unbroken | **20. RECEIVED BY** (Signature & Date) | **21. Print or Type NAME and TITLE**<br>TFA R. THORNTON |

### DISPOSITION (FOR EVIDENCE CUSTODIAN USE ONLY)

| 22. Date DEA-48 | 23. Exhibit | 24. Authorizing Name | 25. Means of Disposition | 26. Name |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**27. REMARKS**

"Exhibit (J) Attachment"

| 28. ANALYST (Signature) | 29. DATE | 30. APPROVED BY (Signature) | 31. DATE |
|---|---|---|---|
| | | | |

DEA Form - 7a (Mar. 1995)    Previous edition dated 8/82 may be used until stock is exhausted.    Copy 1 - Prosecution

000262

"Exhibit (J) Attachment"

1  A.  I am not stating she was pleasant about it, no, sir.
2  Q.  Did she refuse to allow you to go in and search?
3  A.  We asked her a couple of questions about who -- about
4  whether or not Jimmy Carter lived there and the fact that she
5  sees his signature on the consent to search and so she thinks
6  it's okay.
7  Q.  Did she allow you to go in and search, Payson Place?
8  A.  We did not use force to search that place, no, sir.
9  Q.  But you went in?
10 A.  Yes, sir.
11 Q.  Who else went in with you?
12 A.  Basically everybody who was at the Camellia Court
13 address also.
14 Q.  Did you take anything out of that house?
15 A.  No, sir.
16 Q.  Nothing.
17 A.  No, sir.
18 Q.  But you did say you made a cursory search, and found
19 absolutely nothing; is that correct?
20 A.  Yes, sir.
21 Q.  All right. Then later on you obtained a search warrant,
22 a valid search warrant; correct?
23 A.  Correct.
24 Q.  By finding baggies in a trash can.
25 A.  Correct.