actually own a residence to have a possessory interest in the items found inside it. See Rakas v Illinois, 439 U.S. 128, 141-42 (1978), discussing Jones v. United States, 362 U.S. 257 (1960) (finding expectation of privacy extends to non-owner of apartment because of possessory interest in items contained within it).

XVII. THE ADMISSION OF EVIDENCE THAT WAS OBTAINED PURSUANT TO A SEARCH WARRANT DID NOT VIOLATE CARTER'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS.

Carter claims his Fourth and Fourteenth Amendment rights were violated because the search warrant for 304 Payson Road contained information that was knowingly or intentionally false, or made with reckless disregard for the truth, in violation of Franks v. Delaware, 438 U.S. 154 (1978). Such a claim is properly made through a pretrial motion to suppress. Rule 12(b)(3)(C), Fed. R. Crim. P. Rule 12(b)(3)(C) directs that motions to suppress evidence must be raised prior to trial and provides in its subsection (e) that any objection not raised by the court's deadline is waived. United States v. Gresham, 585 F.2d 103, 108, (5th Cir. 1978).[1] Because Carter failed to raise this claim in a pretrial motion to suppress, he waived it.

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

belongs to Sandra Thomas." The Court then inquired, "Then how does he have standing to object to the search warrant?" (pg 678). Mr. Madison responded,

> ". . . The converse would be true if he (Carter) has no standing to challenge the evidence, then likewise, the evidence should not be included against Mr. Carter by the fact that they haven't shown ownership of the residence against Mr. Carter. So if he doesn't have standing the evidence should not apply to him."

**Court:**   "I disagree with that."

Counsel were stating, in effect, that if Carter did not have standing then conversely he could not have a possessory interest.

At the close of the Government's case, motions were made to dismiss the counts applicable to 304 Payson Road by reason of the fact that Carter does not own the house; that the Government did not prove he paid the utility bills.

At page 677, the issue is raised as to the misrepresentations made to obtain the search warrant (i.e., as to Sisson searching the trash can at the home of Carter, that Carter owned 304 Payson Road. The Court responded, "<u>Was</u> there a motion to suppress filed by either defendant?" At page 698, <u>Mr</u>. <u>Bell</u> <u>stated</u>, "We had <u>no</u> possessory interest to file a suppression."

17.   Whether Carter's constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution were violated in that the