IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JAN 24 A 9: 50

| | | |
|---|---|---|
| JIMMY CARTER, JR. | * | |
| PETITIONER | * | CV-NO.2-05-CV-1016-F |
| VS. | * | CASE NO. 03-13602-D |
| | * | |
| UNITED STATES OF AMERICA | * | |
| RESPONDENT | * | |

**RESPONSE TO AFFIDAVIT OF MAURICE BELL TO PETITIONER'S
CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL
AND AT THE SENTENCING RAISED IN HIS § 2255 MOTION**

COMES NOW, Petitioner Jimmy Carter pro-se in the above styled case, response to the Affidavit of Maurice Bell to Petitioner's Claims of Ineffective Assistance of Counsel at Trial and at the Sentencing raised in his § 2255 Motion. Counsel Bell Never with the Petitioner meet with the Probation Officer to discuss the inaccurate in the P.S.I. Report.

(1). Counsel Bell "have not" denied the Facts presented in Petitioner's "Exhibits (C) and (D) Attachments" in his § 2255 Motion that he Constituted Ineffective Assistance of Counsel for the failure to Object and Resolve ALL the disputed facts, and the inaccuracy alledged in the P.S.I. report as reqiured Under F.R.Crim.P. 32(i)(3)(B).

(2). Petitioner's "Exhibit(C) Attachment" was presented as proof to this court Showing that his prior State cases Under cases No. CC-85-005, and case No. CC-85-006 were "CONSOLIDATED" for sentencing purposes, and the Petitioner Should have received Only-ONE(1) point for the TWO Cases that were "Consolidated" as One for Calculating his Criminal History Point, instead of him receiving Three(3) points for each case, giving the Petitioner a Total of Six(6) Criminal History Points. Had

Counsel Bell OBJECTED to the <u>improper Calculation</u> of the Petitioner's Criminal History Points, and the <u>inaccuracy</u> alleged in the P.S.I. report the Petitioner Criminal History Points would have been "Calculated different. See "Exhibit(C) Attachment".

(3). The Petitioner Submits to this Court "Exhibit(D)" Attachment" as Standard of Proof that Counsel Bell Failed to Object to **any** of the INACCURACY in the P.S.I. report at the Sentencing on page(2)-line-17 by Stating the following;

> THE COURT: Are there Any Objections, Mr. Bell before we we proceed ?
> MR. BELL: Your Honor, there are NO objections to the Contents What So Ever of the Presentence Investigation Report. Our ONLY Objections is...... and I have always stated.....is to the guidelines itself.

Clearly shown above in the record of "Exhibit(D) Attachment" Counsel Bell Failed to OBJECT or CHALLENGE **any of the Contents** of the inaccuracies alleged in the P.S.I. Report What so ever that Would have reduced the Petitioner's Sentence of more than Three years. Counsel Bell Only objected to the guidelines itself as he Stated in the record at the Sentencing. See "Exhibit(D) Attachment".

The Sixth Amendment requires that a defendant have "Effective Assistance of Counsel during Trial and at Sentencing". See <u>GLOVER V. UNITED STATED</u>, 531 U.S. 198, 148 L.Ed.2d 604 121 S.Ct. 696 (2001), Counsel Bell failure to Conduct Any INVESTIGATION into Mitigating Circumstances was Objectively Unreasonable.

(4). At the Petitioner's Trial, Counsel Maurice Bell Constituted "Unconstitutional Ineffective Assistance of Counsel" for Failure to "Timely file Motion to SUPPRESS" the evidence during pre-Trial on the Search Warrant for 304 payson road, where drugs were found that came from the "Fruits of the Poisoness Tree" as alledge and raised in the Petitioner's § 2255 Motion as Stated in issue or Claim No. (7) on pages-22,23,24,25 and

26. This failure of Counsel Bell to Timely file Motion to Suppress at pre-Trial Stage the evidence Seized at 304 payson road "Different" from the Suppression Motion mention by Counsel Bell in his Affidavit as to when the Judge granted a Suppression Motion on the "Consent Search on a Traffic Stop" on the Petitioner's Car as to when the the Judge Subsequent reversed herself on that particular Motion but, There were a second Suppression Motion filed by Counsel Bell ruled as "UnTimely" on page (698) Stating the following in "Exhibit (K) Attachment".

> "Was there a Motion To Suppress filed by <u>either</u> defendant Carter"? ), Counsel Bell Stated, "We had NO possessory interest to file a Suppression".

Counsel Bell abanding the "Suppression Motion were CRITICAL" to the Petitioner's Case. Counsel Bell "did not" deny in his Affidavit, alleged by the Petitioner the Specific argument No. (7) raised in his § 2255 Motion on pages 22,23,24,25, and 26 that Counsel Bell failed to Timely file Motion to Suppress the evidence Seized at 304 payson road Montgomery Alabama, and what he should have learned "Had he Timely filed that Specific Motion to Suppress during pre-Trial. See Petitioner's "Argument No. (7)" raised in his § 2255 Motion. See also <u>HUYNH V. KING,</u> 95 F.3d 1052 (11th cir. 1996).

(5). Defense Counsel has a "DUTY" to raise Pontential Constitutional Claims during Trial and at the Sentencing".

In <u>HUYNH</u>, the Court Stated, determination as to where defendant was **Prejudice** under Strickland by Counsel's failure to file Motion Timely to Suppress relevant evidence involved examination of TWO questions; (1). Was there a "Meritorious Fourth Amendment Claim" that necessitated the filing of such a Motion, (2). And if there was a Valid Fourth Amendment Claim that "Counsel have raised in a Motion to Suppress". Was the evidence that should have been Excluded at Trial CRITICAL but, for Counsel's failure to File The Suppression Motion?. The Petitioner Claim No. (7)"FITS the TWO standards of Questions in <u>HUYNH</u>"to Suppress

3

the evidence Seized at 304 payson road as to "Agent Sisson Sworn false Statements in his Affidavit before Magistrate Judge Venzetta McPherson to obtain a Search Warrant".

Therefore, Counsel Maurice Bell "Constituted Unconstitutional Ineffective Assistance of Counsel" for failure to Timely file Motion to Suppress a FOURTH AMENDMENT CLAIM and to EXCLUDE at Trial the MISINFORMATION and false Statements in the Affidavit of Agent Sisson that was CRITICAL, PREJUDICE the Petitioner to a Competent Counsel at Trial and at Sentencing.

"SENSE Counsel MAURICE BELL "Did Not" DENY in his AFFIDAVIT that he "CONSTITUTED UNCONSTITUTIONAL INEFFECTIVE ASSISTANCE OF COUNSEL"at Trial, an Evidentuary Hearing Should be required. COUNSEL MAURICE BELL AFFIDAVIT"ARE NOT" "SWORN UNDER THE PENALTY OF PERJURY UNDER TITLE 18 U.S.C.A § 1621 as required".

## CERTIFICATE OF SERVICE

I, Jimmy Carter Jr. in the above styled case hereby Certify that a True and Correct Copy of the foregoing Response to the Affidavit of Maurice Bell was mailed this 16th day of January 2006 through the U.S. postal service, postage pre-paid To The Office of The Clerk of The United States District Court For The Middle District of Alabama, P.O. Box 711 Montgomery Alabama 38101-0711; To The Office of Maurice Bell, 609 South McDonough Street, Montgomery Alabama 36104; And To The U.S. Attorney's Office, Todd Brown, P.O. Box 197 Montgomery Alabama 36101-0197.

PETITIONER'S JIMMY CARTER JR. RESPONSE TO COUNSEL MAURICE BELL'S AFFIDAVIT ARE "SWORN" UNDER THE PENALTY OF PERJURY TITLE 18 U.S.C.A. § 1741 TO BE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE THIS 16th DAY OF JANUARY 2005.

RESPECTFULLY SUBMITTED,

_Jim Carter Jr_
Mr. Jimmy Carter Jr.
Reg. No. 10986-002
P.O. Box 34550
Memphis, TN. 38184