"*Exhibit (K) Attachment*"

belongs to Sandra Thomas." The Court then inquired, "Then how does he have standing to object to the search warrant?" (pg 678). Mr. Madison responded,

> "... The converse would be true if he (Carter) has no standing to challenge the evidence, then likewise, the evidence should not be included against Mr. Carter by the fact that they haven't shown ownership of the residence against Mr. Carter. So if he doesn't have standing the evidence should not apply to him."

**Court:** "I disagree with that."

Counsel were stating, in effect, that if Carter did not have standing then conversely he could not have a possessory interest.

At the close of the Government's case, motions were made to dismiss the counts applicable to 304 Payson Road by reason of the fact that Carter does not own the house; that the Government did not prove he paid the utility bills.

At page 677, the issue is raised as to the misrepresentations made to obtain the search warrant (i.e., as to Sisson searching the trash can at the home of Carter, that Carter owned 304 Payson Road. The Court responded, "Was there a motion to suppress filed by either defendant?" At page 698, Mr. Bell stated, "We had no possessory interest to file a suppression."

17. Whether Carter's constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution were violated in that the

49