IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JAN 24 A 9: 50

JIMMY CARTER, JR.
    PETITIONER               \*    CV-No. 2-05-CV-1016
                                    CASE No. 03-13602-D

VS.                               \*

                               \*

UNITED STATES OF AMERICA
    RESPONDENT,             \*

                               \*

**RESPONSE TO AFFIDAVIT OF DONALD G. MADISON TO PETITIONER'S UNCONSTITUTIONAL INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL RAISED IN HIS § 2255 MOTION**

COME NOW, Petitioner Jimmy Carter pro-se, in the above styled case, response to the Affidavit of Counsel Donald G. Madison to the Petitioner's Claims of UnConstitutional Ineffective Assistance of Counsel on Appeal raised in his § 2255 Motion.

Counsel Donald Madison "Constited UnConstitutional Ineffective Assistance of Counsel" during Appeal process by failing to MOUNT a "CONSTITUTIONAL SIXTH AMENDMENT RIGHT CLAIM" under BLAKELY V. WASHINGTON, 524 U.S. 296, 124 S.Ct 2531, 159 L.Ed.2d 403 (2004) and under BOOKER V. UNITED STATES, 543 U.S.___,125 S.Ct 738, 160 L.Ed.2d 621 (2005) on direct Appeal or direct review, and after being requested by the Petitioner to do so. See "Exhibits (G) and (H) Attachments" of Petitioner's letters mailed to Counsel Donald Madison request him to **AMEND** on Appeal the "New Supreme Court Constitutional Rights Set out in or announced in BLAKELY, supra and BOOKER, supra.

Counsel Madison FAILED to Test the "Constitutionality of the ELEMENTS" Under § 846 and § 841(a) and the Amount of drugs being an Element that "Was Not" Charged in the Indictment, Submitted to a Jury

on a Standard Other than Proof by the Government beyond a reasonable doubt announced in BLAKELY, supra and in BOOKER, supra.

Counsel Madison "Did not" Deny in his Affidavit he were in fact AWARE of the "Newly announced Supreme Court ruling in BLAKELY, supra and in BOOKER, supra during the pending of Petitioner's direct Appeal but, failed to act or AMEND it on direct review "Are" "AUTOMATICLY RETROACTIVLY" in the present Case according to GRIFFITH V. KENTUCKY, 479 U.S. 314, 328, 107 S.Ct 708, 716, 93 L.Ed.2d 649 (1967).

Counsel Madison "did not" deny in his Affidavit that he "Should Have AMENDED the Newly announced Supreme Court ruling in BOOKER", supra during the Pending of Petitioner's direct Appeal, and that in fact he were AWARE of the "Newly announced Supreme Court SIXTH AMENDMENT RIGHTS" IN BOOKER, supra and BLAKELY, supra. The Petitioner requested Counsel Donald Madison by phone and by Letters of "Exhibits (G) and (H) Attachment" to Amend BOOKER, supra to his Appeal during direct review but, failed to do so which was CRITICAL to his pending of direct Appeal which "PREJUDICE" the Petitioner to have receive COMPETENT Counsel on Appeal. See the "full details" in Petitioner's issue or Claim No. (6)" raised in his § 2255 Motion. See also the UnTimely rule 35(a) Motion filed by Counsel Madison in "Exhibit (I)".

The Petitioner are "entitled to the BENIFITS" of the rule announced in BOOKER, supra and BLAKELY, supra while he were pending direct review to be AMEMDED under Rule Fed. R. Crim. P. Rule 28(j) by Counsel Madison, or that Counsel Madison should have filed a Motion To Re-Consider Petitioner's Sentence based on The "Newly Sixth Amendment Rights" announced in BOOKER, supra but, in stead, Counsel Madison filed an Incorrectly, Inapproiate, "UNTIMELY" Motion To Reduce or Correct Petitioner's Sentence under Fed. R. Crim. P. Rule 35(a) on January 24, 2005 in the district Court. Fed. R. Crim. P. Rule 35(a) States; The Court "May Not" extend the Time to take any Action under Rule 29.33,34, and 35 rules. There are NO privisions

2

in Rule-35 for an Extention of the Seven-7 day period for Correcting a Sentence. Counsel Madison Should have filed a Motion Under Fed.R.Crim.P. Rule-44 Requesting a RE-HEARING putting the Eleventh Circuit Court of Appeals on NOTICE of The "Newly announced Supreme Court SIXTH AMENDMENT RIGHTS" in BOOKER, supra BLAKELY, supra. SEE "Exhibit(I) "Brief filed by Counsel".

The "Sixth Amendment requires that a defendant have Effective Assistance" ON a "FIRST APPEAL". This is an **absolute entitlement.** Therefore, a First Appeal of Right "is not" Adjudicated in according "Due Process of Law if the appellant does not have the Effective Assistance of an Attorney". See Evitts V. Lacey, 489 U.S.387, 396, 105 S.Ct. 838,836 (1985).

The "Law has Long recognized that defense Counsel, both Trial and Appellate", is required to raise "Pontential Constitutional Claims in review of **developing** Law". The appropriate Test is a Mirror image for the Performance Prong of Stirckland "Ineffective Assistance" Test. In other words, if a "CONSTITUTIONAL Claim is Sufficiently Developed" so that Failure to raise it will cause a procedural default of the Claim, it follows logically that failure to raise the "Constitutional Claim **also** CONSTITUTES "INEFFECTIVE ASSISTANCE". This Test is Stated in Eagle V. Isaac, 456 U.S. 107, 134, 102 S.Ct 1558, 71 L.Ed.2d 783 (1982).

Therefore, Counsel Donald G. Madison "Constituted UUCONSTITUTIONAL INEFFECTIVE ASSISTANCE OF COUNSEL" during Direct Review for failure to raise or **Amend** PONTENTIAL CONSTITUTIONAL SIXTH AMENDMENT RIGHTS CLAIMS" in Review of the "NEW DEVELOPING LAW" announced in BOOKER, supra and BLAKELY, supra while Petitioner were pending direct review or Appeal in (2005 and 2004). The Petitioner Should be Granted relief FAIRLY on the merits of any one or more of his Eight (8) Claims raised in his § 2255 Motion with Supporting Case Law Authority.

SENSE COUNSEL DONALD MADISON "Did Not" DENY in his AFFIDAVIT that he "CONSTITUTED UNCONSTITUTIONAL INEFFECTIVE ASSISTANCE OF COUNSEL" ON DIRECT REVIEW OR APPEAL, an EVIDENTUARY HEARING SHOULD BE REQUIRED. COUNSEL Donald Madison Affidavit "ARE NOT 'SWORN" UNDER THE PENALTY OF PERJURY TITLE 18 U.S.C.A § 1621 as required.

## CERTIFICATE OF SERVICE

I Jimmy Carter Jr, in the above styled case hereby Certify that a True and correct Copy of the foregoing Response to The Affidavit of Donald Madison was Mailed this _16th_ day of January 2006 through the U.S. postal service, postal pre-paid to The Office of The Clerk of The United States District Court For The Middle District of Alabama, P.O. Box 711 Montgomery Alabama 38101-0711; To The Office of Donald Madison, 418 Scott Street Montgomery Alabama 36104; and To The United States Attorney's Office Todd Brown, P.O. Box 197 Montgomery Alabama 36101-0197.

PETITIONER'S JIMMY CARTER JR. RESPONSE TO COUNSEL DONALD MADISON'S AFFIDAVIT ARE "SWORN" UNDER THE PENALTY OF PERJURY TITLE 18 U.S.C.A. § 1741 TO BE TRUE AND CORRECT TO RHE BEST OF MY KNOWLEDGE THIS _16th_ DAY OF JANUARY 2005.

RESPECTFULLY SUBMITTED,

_Jim Carter Jr._
Mr. Jimmy Carter Jr.
Reg. No. 10986-002
P.O. Box 34550
Memphis, TN. 38184