"Exhibit (I) Attachment"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: CR-02-07-N |
| ) | |
| JIMMY CARTER, JR., and ) | |
| ARTRONE CHEATHAM, ) | |
| ) | |
| Defendants. ) | |

### JOINT MOTION TO SET ASIDE AND/OR VACATE SENTENCE; OR IN THE ALTERNATIVE, MOTION TO AMEND

COME NOW Artrone Cheatham (hereinafter referred to as the Defendant Cheatham) and Jimmy Carter, Jr. (hereinafter referred to as the Defendant Carter), and respectfully move this Honorable Court pursuant to Rule 35, *Federal Rules of Criminal Procedure (FRCrP)* to vacate and/or alternatively to amend sentence imposed against the Defendants Cheatham and Carter, respectively. In support hereof, said Defendants, jointly and severally, would show unto this Honorable Court the following:

1. That Rule 35, *Federal Rules of Criminal Procedure*, allow for the filing of a motion to vacate and/or amend the sentence when a new ruling is issued by the United States Supreme Court which modifies the case law and rulings upon which a conviction and sentence are imposed in a case at any time prior to the judgment becoming final.

January 25, 2005, is the last date for the filing for a Petition for Writ of Certiorari to the

1

United States Supreme Court by either Defendant. Therefore, the judgment in this case has not yet become final as to either Defendant.

2. That, with all due respect to the trial court, the recent United States Supreme Court case of *United States v. Booker,* 2005 WL 50108 (U.S.) _____ S.Ct. _____, contained very similar facts to the facts of this case. The appropriate facts of the *U.S. v. Booker* Opinion appear at pages 4, 5 and 8 of said Opinion. At page 8 of *Booker* the United States Supreme Court cited the following:

> "Booker's case illustrates the mandatory nature of the Guidelines. The jury convicted him of possessing at least 50 grams of crack in violation of 21 U. S. C. § 841(b)(1)(A)(iii) based on evidence that he had 92.5 grams of crack in his duffel bag. Under these facts, the Guidelines specified an offense level of 32, which, given the defendant's criminal history category, authorized a sentence of 210-to-262 months. See USSG § 2D1.1© (4). Booker's is a run-of-the-mill drug case, and does not present any factors that were inadequately considered by the Commission. The sentencing judge would therefore have been reversed had he not imposed a sentence within the level 32 Guidelines range.
>
> Booker's actual sentence, however, was 360 months, almost 10 years longer than the Guidelines range supported by the jury verdict alone. To reach this sentence, the judge found facts beyond those found by the jury: namely, that Booker possessed 566 grams of crack in addition to the 92.5 grams in his duffel bag. The jury never heard any evidence of the additional drug quantity, and the judge found it true by a preponderance of the evidence. Thus, just as in *Blakely*, 'the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact. 542 U.S., at ____ (slip op., at 9). There is no relevant distinction between the sentence imposed pursuant to the Washington statues in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines in these cases."

The United States Supreme Court affirmed the United States Court of Appeals, Seventh Circuit's holding in *U.S. v. Booker*, which reversed and remanded the case for re-sentencing where the trial judge had premised the sentence upon his finding of a drug factor which was over and above

under *U.S. v. Booker, Blakely v. Washington*, as well as *Apprendi v. New Jersey*, the conspiracy count is due to be set aside against both Cheatham and Carter.

Setting aside of the conspiracy count against Cheatham would require a dismissal of all charges against him. The setting aside of the conspiracy count against Carter would require re-sentencing.

6. That based upon the above and foregoing, both Carter and Cheatham, jointly and severally, respectfully move this Honorable Court for a hearing under Rule 35, *Federal Rules of Criminal Procedure*.

7. Alternatively, Carter and Cheatham move this Honorable to alter, vacate or amend the sentence pursuant to Title 28 U.S.C. 2255.

Respectfully submitted,

_____
DONALD G. MADISON (MAD008)
Attorney for Defendants

OF COUNSEL:
DONALD G. MADISON
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon Honorable Todd A. Brown, Assistant United States Attorney, by depositing a copy of the same in the United States mail, postage prepaid, on this the ___24th___ day of January, 2005.

_____
OF COUNSEL

"*Exhibit (I) Attachment*"

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | CIVIL ACTION NO. 2:05cv61-F |
| JIMMY CARTER, JR. | ) |  |
| and | ) |  |
| ARTRONE CHEATHAM. | ) |  |

**ORDER**

The movants, through counsel, have filed a pleading styled as a "*Motion to Set Aside and/or Vacate Sentence; or in the Alternative Motion to Amend*" (Doc. 1), wherein they challenge the sentences imposed upon them by this court in 2003 for violations of various federal controlled substance laws.

In challenging their sentences, the movants seek to utilize the provisions of Rule 35 of the Federal Rules of Criminal Procedure. However, that rule does not authorize an attack on the sentences in this case. Rule 35(a), *Fed.R.Crim.P.*, provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." (Emphasis added.) Sentencing for both movants took place on September 29, 2003. The present motion was filed on January 24, 2005. Thus, assuming (without so finding) that the movants set forth claims falling under the ambit of Rule 35(a), an attempt to challenge their sentences under that rule would be untimely. Furthermore, Rule 35(b), *Fed.R.Crim.P.*, provides for the reduction of a sentence, "[u]pon the government's motion," based upon a defendant's providing "substantial assistance in investigating or prosecuting

another person." Consequently, Rule 35(b) does not afford the movants a vehicle for attacking their sentences.

The movants, alternatively, move to "alter, vacate or amend the sentence pursuant to Title 28 U.S.C. 2255." A review of the claims presented by the movants indicates that they seek relief from this court that is appropriate only under the remedy provided by 28 U.S.C. § 2255. Accordingly, the Clerk of this court is hereby DIRECTED to:

1. Open two (2) separate civil actions – one for each movant – under 28 U.S.C. § 2255. The Clerk is advised that the case number of the present civil action shall be assigned to Jimmy Carter, Jr.;

2. Assign the newly opened case to the Magistrate Judge and District Judge to whom the instant case is assigned;

3. Place a copy of the jointly filed motion in the newly opened case file; and

4. Refer these case files to the appropriate Magistrate Judge for further proceedings upon completion of the foregoing directives.

Done this 14th day of April, 2005.

                           /s/Charles S. Coody
                           CHARLES S. COODY
                           CHIEF UNITED STATES MAGISTRATE JUDGE