IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY CARTER, JR.,           )
                             )
        v.                   )        Civ. Case No. 2:05cv1016-MEF
                             )               WO
UNITED STATES OF AMERICA     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

Unsuccessful in challenging his conviction on appeal, Carter has now filed a *pro se* motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, and it is that motion which the court now addresses.  First, however, a brief history of the underlying criminal litigation will set the scene.

On August 15, 2002, a grand jury returned a superseding indictment against Carter and his co-defendant, Artrone Cheatham.  Count One charged that Carter conspired to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 848(a)(1) and 846. Count Two charged that Carter knowingly and intentionally possessed with intent to distribute approximately 28.42 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).  Count Three charged that Carter knowingly and intentionally possessed with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Count Four charged that Carter knowingly and intentionally possessed with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).  On June 19, 2003, Carter was convicted of Counts One, Two, Four, and Five as charged in the superseding indictment.  With respect to Count Three, Carter was

convicted of the lesser-included offense of possession of a controlled substance, in violation of 21 U.S.C. § 844(a).  On September 29, 2003, Carter was sentenced to concurrent terms of 360 months' imprisonment on Counts One, Two, and Four, 24 months' imprisonment on Count Three, and 120 months' imprisonment on Count Five.   In February 2004, Carter and Cheatham filed a joint appeal, raising the following issues:

1.  Whether use of Carter's proffer statement in the original Grand Jury Hearing, as well as the Superseding Grand Jury Hearing, requires dismissal of this case.

2.  Whether the Government in obtaining the Superseding Indictment without new evidence violated Rule 7 of FED.R.CRIM.P.

3.  Whether Cheatham was entitled to a directed verdict in the first trial.

4.  The trial court committed prejudicial error in consolidating the defendants in a joint trial.

5.  The District Court never acquired jurisdiction over Cheatham by reason of the Montgomery city magistrate issuing a warrant returnable only in State court in a federal investigation.

6.  That a constructive amendment to the indictment occurred where the only evidence attributable to Cheatham during the conspiracy period was "powder" cocaine, not "crack" cocaine as alleged in the indictment.

7.  That a *Batson* challenge was upheld which should have required a mistrial and/or dismissal.

8.  That Wallace Salery's testimony regarding the conspiracy as to Cheatham was premised upon the

2

statements of Carter who did not testify, which violated Carter's and Cheatham's right to confrontation.

9.    That the Government, in failing to produce exhibits pursuant to Standing Order and then proffering the same for trial, with the trial court admitting same, represented a *Brady v. Maryland* violation.

10.    The trial court in allowing the Wallace Salery testimony, permitted evidence of a separate conspiracy to be submitted to the jury. This represented a constructive amendment to the indictment adding Salery to the conspiracy.

11.    Whether sufficient prosecutorial misconduct existed so as to require dismissal of the Indictment.

12.    Trial court erred in not granting judgment at close of the Government's case and Motion for Judgment at end of the case.

13.    That Cheatam's speedy trial rights were violated.

14.    Whether the trial court improperly influenced the jury.

15.    Whether the trial court erred in revisiting the suppression issue where Count I and II of the original indictment were suppressed (whether Carter's Fourth Amendment rights were violated).

16.    Whether the court should have dismissed Counts IV and V of the superseding indictment against Carter as the 304 Payson Road, Millbrook, Alabama, home was not owned by Carter.

17.    Carter's constitutional rights as guaranteed by the Fourth and Fourth Amendments to the United

> States Constitution were violated.  *Franks v.*
> *Delaware*, 438 U.S. 154 (1978).

*U.S. v. Carter*, 2004 WL 2848157, *1-3 (11th Cir. Feb. 6, 2004).  In August 2, 2004, the

Eleventh Circuit affirmed his convictions.  *U.S. v. Carter*, No. 03-13602, 116 Fed. Appx. 244

(11th Cir. August 2, 2004) (Table).  On August 23, 2004, Carter filed a request for rehearing.

On October 27, 2004, the Court denied Carter's request for rehearing.  Carter did not file a

petition for a writ of certiorari.  (Doc. No. 8, p.2.)  Consequently, the judgment became final

on January 25, 2005.[1]

One day earlier, on January 24, 2005, Carter's appellate counsel, Donald Madison

("Madison"), filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255.[2]  On June 9, 2005, Madison submitted a motion to withdraw the § 2255 motion,

asserting that he mistakenly believed that 28 U.S.C. § 2255 allowed for cases on direct

appeal to be reconsidered based upon new decisions issued by the United States Supreme

Court, such as *U.S. v. Booker*, 543 U.S. 220 (2005).  (Case No. 2:05cv61-MEF, Doc. No. 3,

p. 2.)  This court granted the motion to withdraw the petition and dismissed the § 2255

motion without prejudice.  (*Id.*, Doc. No. 4.)

On October 24, 2005, Carter filed his pro se motion to vacate, set aside, or correct

---

[1] *See Clay v. U.S.*, 537 U.S. 522, 524-25 (2003) (rejecting the appellate court's mandate as the triggering date and holding that a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction).

[2] Carter sought to utilize the provisions of FED.R.CRIM.P. 35 by filing a "Motion to Set Aside and/or Vacate Sentence; or in the Alternative Motion to Amend."  (Attach. to Doc. No. 19.)  Given the untimeliness of the Rule 35 motion and Carter's challenge to his sentence, the court construed the motion as filed pursuant to 28 U.S.C. § 2255.

sentence pursuant to 28 U.S.C. § 2255.  In this motion, Carter asserts the following claims:

1.    Whether drug quantity is an essential element of the offense of 21 U.S.C. § 841(a)(1) that must be charged in the indictment found by a jury and proven beyond a reasonable doubt.

2.    Whether the petitioner was held in unconstitutional detention for more than forty-five minutes during a routine traffic stop "beyond citation" for speeding in violation of the Fourth Amendment.

3.    Whether the district court lacked jurisdiction to impose the enhanced judgment on petitioner's sentence under the United States Sentencing Guidelines of more than three years on his prior convictions without giving notice and complying pursuant to 21 U.S.C. § 851(a)(1) and (B) and where counsel's failure to challenge the accuracy of petitioner's prior convictions before the court or in open court.

4.    Whether counsel Maurice Bell constituted ineffective assistance of counsel for failure to challenge and object to the allegations of factual inaccuracy in the PSI report as required under FED.R.CRIM.P. 32(i)(3)(B) and the Guidelines section 6A1.3.

5.    Whether petitioner's indictment is facially defective for failure to charge the one element ("participate") under the offense of 21 U.S.C. § 846 and whether "participate" is an element under 21 U.S.C. § 846 that must be charged in the indictment.

6.    Whether petitioner's Sixth Amendment right to trial by a jury was violated under *in re Winship/Apprendi/Blakely/Booker* and whether counsel Donald Madison was ineffective for

        failing to amend and argue *Blakely/Booker* while petitioner was pending direct appeal or review.

7.     Whether Carter's counsel Maurice Bell ("Bell") was ineffective during pre-trial and trial for failing to timely file a motion to suppress.

8.     Whether petitioner's indictment is fatally defective for failing to charge the one element, "actual or constructive possession" under the offense of 21 U.S.C. § 841(a)(1) and whether "actual or constructive possession" are elements under § 841(a)(1) that must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt.

(Doc. No. 1, p. 5.)

The Government responded to Carter's motion, asserting that his substantive claims were not raised on direct appeal and are procedurally defaulted. (Doc. No. 13-1, p. 7-8.) In addition, the Government argues that Carter's claims, including his ineffective-assistance-of-counsel claims are without merit. (*Id.*, pp. 9, 14.) Carter was afforded an opportunity to respond to the Government's submissions, and has done so. (Doc. Nos. 17, 18, & 19.) No evidentiary hearing is required because the facts are adequately developed in the record. After due consideration and upon review of the motion and numerous pleadings filed in this case, the court concludes that Carter's motion should be denied.

## II. DISCUSSION

### A. Claims Raised on Direct Appeal

Out of an abundance of caution the court will discuss two claims which while not directly raised were "lurking" in Carter's submissions. In Claim Eight of his § 2255 motion

6

and memorandum[3] Carter includes a claim that the evidence was insufficient to convict him of distributing drugs found in a residence on 304 Payson Road because he was not the owner of the residence.  This claim, however, was raised on direct appeal and decided adversely to him.[4]  "The district court is not required to reconsider claims of error that were  raised and disposed of on direct appeal."  *U.S. v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also U.S. v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).  Where a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be re-litigated in a collateral attack under § 2255.  *Nyhuis*, 211 F.3d at 1343.  Although the Eleventh Circuit did not specifically address this claim in its opinion, the Court concluded that all of Carter's appellate arguments were without merit.   (Doc. No. 13-6.)   Consequently, Carter's sufficiency claim is procedurally barred from review.

In Claim Seven of his memorandum[5] Carter contends that his constitutional rights were violated because Agent Sisson misrepresented facts in his affidavit when obtaining a search warrant.  This claim was also raised on direct appeal and decided adversely to him.  Therefore, this claim is also barred from review.

### B.  The Procedurally Defaulted Claims

Carter's substantive claims encompassed within Claims One, Two, Three, Five, Six,

---

[3] (Doc No. 2, pp. 26-29.)

[4] *See U.S. v. Carter*, 2004 WL 2848157, *41 & 48-49 (11th Cir. Feb. 6, 2004) (defendants' appellate brief).

[5] (Doc. No. 2, pp. 24-26.)

and Eight are procedurally defaulted because Carter could have but failed to raise these claims on direct appeal.[6]  *U.S. v. Frady*, 456 U.S. 152 (1982); *Murray v. Carrier*, 477 U.S. 478 (1986); *Hill v. Jones,* 81 F.3d 1015 (11th Cir. 1996).  A movant may avoid the procedural bar by demonstrating "cause and actual prejudice or actual innocence."  *Jones v. U. S.*, 153 F.3d 1305, 1307 (11th Cir. 1998).  Thus, to obtain relief, Carter must show cause that would excuse the failure to raise his claims on direct appeal and actual prejudice from the errors that he alleges.  *See U.S. v. Frady*, 456 U.S. 152, 167-68 (1982).  Carter asserts that he satisfies the cause and prejudice standard because his trial and appellate counsel were ineffective.

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Strickland,* 466 U.S. at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense.  *Id*. at 687.

To succeed on a claim of ineffective assistance, a movant must first establish that his attorney's performance "fell below an objective standard of reasonableness."  *Strickland*, 466

---

[6] The ineffective-assistance-of-counsel claims raised in Claims Three, Four, Six, and Seven of Carter's § 2255 motion and memorandum are not procedurally defaulted and will be addressed on the merits within this Recommendation.

U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective-assistance-of-counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *U.S. v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." *Strickland*, 466 U.S. at 689.

The prejudice component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *See Strickland*, 466 U.S. at 687. Unreliability or unfairness is not established if counsel's assistance did not deprive the defendant of any constitutionally protected right. *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000).

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (quoting *Strickland*, 466 U.S. at 693).

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied.  *Strickland*, 466 U.S. at 687.  Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id*. at 697. *See, e.g., Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal.  *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker....  Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).  If Carter's counsel were not ineffective then Carter's substantive claims are barred from review.

1.      **Claims One & Six: The Drug Quantity Issue**

Carter argues that his procedural defaults should be excused because appellate counsel failed to raise on direct appeal a challenge to his conviction and sentence based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 543 U.S. 220 (2005).   Specifically, he asserts that counsel should have supplemented his direct appeal with an argument that "the sixty (60) kilograms of cocaine attributed to the petitioner for sentencing purposes [is] an element [which was] never charged in the indictment, found by a jury and proven beyond a reasonable doubt."[7]   (Doc. No. 17, pp. 4, 9-11.)

In *Booker*, the Court held that the Sixth Amendment right to trial by jury is violated where under a mandatory guideline system, a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted the defendant nor found by the jury.   *See* 543 U.S. at 231-45.   The Eleventh Circuit Court affirmed Carter's convictions on August 2, 2004, and his request for rehearing was denied on October 27, 2004.   Thus, the time for filing a supplement or amendment to his appellate brief in the Eleventh Circuit Court expired before October 27, 2004.   *See U.S. v. Vanorden*, 414 F.3d 1321, 1323 (11th Cir. 2005) (noting that "issues and contentions [relating to *Booker* which

---

[7] The court notes that "'an *Apprendi*-based challenge to a § 846 or § 841 indictment for failure to allege a specific drug quantity is not of a jurisdictional dimension but, at most, one of sufficient specificity of the indictment.'" *U.S. v. Cromertie*, 267 F.3d 1293, 1297 (11th Cir. 2001) (quoting *McCoy v. U.S.*, 266 F.3d 1245 (11th Cir. 2001).  As discussed later in this court's Recommendation, the superseding indictment with respect to the conspiracy charge is sufficient in Carter's case.   Consequently, appellate counsel cannot be deemed ineffective for failing to raise this non-meritorious claim on direct appeal.

were] not timely raised in the briefs are deemed abandoned"). Booker was not decided until January 12, 2005.[8] It is well-settled that an attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel.[9] *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it." *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74). Consequently, Carter has not established that his counsel's failure to raise a Booker-type claim fell below an objective standard of reasonableness and prejudiced his case. *See Strickland, supra.* The court may not review the substantive drug quantity claims.

### 2.    Claim Two:  The Unconstitutional Detention Issue

Carter asserts that trial counsel failed to assert in his motion to suppress that he was unconstitutionally detained for 45 minutes. In its Supplemental Recommendation on Carter's motion to suppress, the court found that the initial traffic stop was valid and that Carter voluntarily consented to a search of his car and to a pat-down search of his person.

---

[8] The Eleventh Circuit has held that Booker is not retroactively applicable to cases on collateral review. *Varela v. U.S.*, 400 F.3d 864, 866-67 (11th Cir. 2005). Therefore, even assuming Carter's contention that Booker entitles him to relief were not procedurally barred, his claim is without merit.

[9] The court notes that the facts in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004) concerned the application of sentencing enhancements in state court. Thus, appellate counsel's failure to anticipate a change in the law with respect to federal sentencing does not constitute ineffective assistance of counsel.

(*U.S. v. Carter*, 2:02cr07, Doc. No. 174.)[10]  There is no credible evidence indicating that Carter's choice to remain on the scene during the time between the initial stop and the search of his person was involuntarily made.  Consequently, Carter has failed to show that trial counsel's failure to raise the specific argument in his motion to suppress that he was unconstitutionally detained for 45 minutes fell below an objective standard of reasonableness and prejudiced his case.  *See Strickland*, *supra*.  The detention issue is beyond review.

### 3.    Claim Three: The Accuracy of the Pre-Sentence Investigation Report

Carter contends that trial counsel was ineffective for failing to argue that this court lacked jurisdiction to impose judgment because the government failed to file a proper notice of enhancement under 21 U.S.C. § 851.  Within this argument, Carter asserts that trial counsel should have challenged the accuracy of his prior convictions at sentencing.  Specifically, he argues that the calculation of his criminal history category was incorrect because: (1) the pre-sentence report incorrectly lists three of his prior robbery convictions as separate convictions when they were consolidated during state sentencing proceedings; and (2) he was wrongly assigned one criminal point for each of his three misdemeanor convictions.

First, this court will discuss whether the prior robbery offenses were unrelated for sentencing purposes.  Under U.S.S.G. § 4A1.2, prior sentences imposed for related convictions should be counted as one sentence.  Application Note 3 provides:

---

[10]The court overruled Carter's objections to this Recommendation and denied the motion to suppress on April 17, 2003. (doc. # 188)

13

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense).   Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.   The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public....

U.S.S.G. § 4A1.2(a)(2), comment. (n.3).

In this case, nothing in the record indicates that Carter's offenses were separated by an intervening arrest.   The court's inquiry, however, does not end there.   Under the Guidelines, the court must consider whether the offenses were part of a common scheme or whether they were consolidated for sentencing.   The Government does not dispute Carter's assertion that the state cases were consolidated for sentencing purposes.   Instead, the Government, citing *U.S. v. Hernandez-Martinez*, 382 F.3d 1304 (11th Cir. 2004), argues that the robbery offenses were unrelated because "the convictions cited by Carter arose from separate robberies, and each had a separate docket number."   (Doc. No. 13-1, p. 12.)   In *Hernandez-Martinez*, the Court determined that, in light of factors indicating that the defendant pleaded nolo contendere to two unrelated state offenses on the same day and was subsequently sentenced to concurrent sentences, that there was no formal consolidation order, and that he was represented by two different attorneys at sentencing, the district court did not err in finding that the defendant's offenses were not consolidated for the purpose calculating criminal history.   382 F.3d at 1308.   In Carter's case, Carter was convicted of two robbery

14

offenses occurring on November 30, 1984, and one robbery offense occurring on December 4, 1984, and each of these offenses were assigned different docketing numbers. Given these facts, the court concludes that the December 1984 offense, which occurred on a separate occasion at a different location is obviously unrelated to the November 1984 offenses. It is arguable, however, that the November 30, 1984, offenses were part of a single common scheme or plan, as the pre-sentence report indicates that these robbery convictions arose from two purse-snatching incidents which occurred on the same day in a similar manner.

Nonetheless, even assuming *arguendo* that the additional points from the second November 30, 1984, conviction were not merited and were subtracted from his criminal history point total, the resulting score of 12 points would place Carter in Category V, which, when combined with an offense level of 38, still carries a sentencing guideline range of 360 months of imprisonment to life. *See* U.S.S.G. Chapter 5, Part A. Thus, Carter's sentence of 360 months' imprisonment would fall within this range of punishment. Consequently, Carter cannot demonstrate that he suffered prejudice as the result of counsel's failure to argue that his prior robbery offenses should have been treated as separate convictions when calculating his criminal history. *See Strickland*, *supra*.

Carter likewise does not show that his trial counsel's failure to argue that he was wrongfully assigned one criminal history point for each of three misdemeanor convictions prejudiced his case. After subtracting 3 points from Carter's criminal history total, the resulting score of 11 places him in Category V, which, when combined with an offense level of 38, carries a sentencing guideline range of 360 months to life. Because Carter was

15

sentenced within the same range, he cannot demonstrate that he was prejudiced by trial counsel's failure to object to the inclusion of criminal history points for the misdemeanor convictions.

The court notes that, even if the court were to assume that Carter's criminal history total should be reduced by 5 points due to errors in attributing points to both the November 1984 robbery offense (CC-85-007) and the misdemeanor convictions, Carter has failed to show prejudice. The ultimate effect of this recalculation would be to reduce Carter's sentencing range from 360 months up to life to 324 to 405 months.[11] The sentence that Carter received falls within either range. Thus, Carter's allegations regarding prejudice are speculative at best. This court therefore concludes that Carter has failed to demonstrate that he was prejudiced as a result of counsel's failure to challenge the calculation of his criminal history points in accordance with the *Strickland* standard. *See U.S. v. Brewer*, 60 F.3d 1142, 1145 (5th Cir. 1995) (holding that petitioner failed to demonstrate he was prejudiced by counsel's performance where a possible two-point reduction in base level arising from a lower loss amount would have caused at best a six-month decrease in sentencing range, and petitioner's 30-month sentence would remain within the new range); *U.S. v. Cortez-Sanchez*, No. 93-56447, 24 F.3d 250, 1994 WL 192218, *1 (9th Cir. May 17, 1994) (Table) (petitioner failed to show prejudice where petitioner was sentenced to 46 months and the sentencing

---

[11] Even if the court were to assume *arguendo* that Carter's criminal history total should be reduced by 8 points due to errors in calculating both November 1984 robbery offenses at issue, specifically Case Nos. CC-85-006 and CC-85-007, and the misdemeanor convictions, Carter has failed to show prejudice. The ultimate effect of this recalculation would be to reduce Carter's sentencing range from 360 months-life to 292-365 months. The sentence that Carter received falls within either range.

16

range would fall from 46-57 months to 41-51 months). Additionally, Carter has failed to demonstrate "actual prejudice" under the *Frady* standard. *See Clark v. U.S.*, No. 93-5622, *2, 7 F.3d 232 (6th Cir. Oct. 15, 1993) (Table); *U.S. v. Mitchell*, No. CR. A. 98-60-JJF, 2001 WL 708808, *3 (D.Del. June 20, 2001) (unpublished). See also *U.S. v. Ibanez*, 924 F.2d 427, 429 n.1 (2nd Cir. 1991) (noting that if the court had sentenced petitioner within a 20-month overlap, petitioner would have been unable to demonstrate prejudice with respect to any criminal history miscalculation).

To the extent Carter argues that his counsel was ineffective for failing to challenge the Government's failure to provide notice of information to establish a prior conviction for a drug felony for purposes of 21 U.S.C. § 851, he is in error. The record clearly indicates that the Government provided notice of information on March 31, 2003. *See U.S. v. Carter*, 2:02cr7-MEF, Doc. No. 181. Consequently, Carter has failed to show that trial counsel's failure to object or appellate counsel's failure to raise this non-meritorious claim on direct appeal prejudiced his case. *See Strickland*, *supra*. The substantive claim is barred from review.

### 4.    Claim Five: The Conspiracy Charge

Carter asserts that his counsel at trial and on direct appeal were ineffective for failing to raise an argument that the superseding indictment, which charged him with conspiracy pursuant to 21 U.S.C. § 846, was defective because it did not list "participate" as an element of the offense. An indictment charging a § 846 conspiracy "'is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the

statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy.'" *U.S. v. Benefield*, 874 F.2d 1503, 1506 (11th Cir. 1989) (quoting *U.S. v. Marable*, 578 F.2d 151, 153-54 (5th Cir. 1978)[12]). *See also U.S. v. Pease*, 240 F.3d 938, 942 (11th Cir. 2001). "An indictment charging a conspiracy under 21 U.S.C. § 846 need not be as specific as an indictment charging a substantive count." *Pease*, 240 F.3d at 943 (citing *U.S. v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983)).

Count One of the superseding indictment charged as follows:

> That from or in or about the month of January, 1999, and continuing up to and including the month of January, 2002, the exact dates being unknown to the Grand Jury, in Montgomery and Elmore counties, in the Middle District of Alabama, and elsewhere, the defendants,

> JIMMY CARTER, JR., and ARTRONE CHEATHAM, a/k/a, "Moochie",

> did knowingly and intentionally combine, conspire, confederate, and agree together with persons both known and unknown to the Grand Jury to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

(Doc. No. 13-3, p. 1.)  Thus, the indictment sufficiently charged that Carter knowingly conspired to distribute cocaine base, that he allegedly violated 21 U.S.C. §§ 841(a)(1) and 846, and the time during which the conspiracy operated.  Because the indictment sufficiently charged the conspiracy offense, Carter's contention that the indictment is defective due to

---

[12] *Marable* was overruled on other grounds by *U.S. v. Rodriguez*, 612 F.2d 906, 919 (5th Cir. 1980).

the absence of "participate" as a listed element is without merit.   Consequently, Carter has failed to demonstrate that his counsels' failure to raise this non-meritorious argument at trial or on appeal fell below an objective standard of reasonableness and prejudiced his case.  *See Strickland*, *supra*.

### 5.     Claim Eight:  The Distribution Charges

Carter also contends that counsel should have asserted at trial or on appeal that the superseding indictment was fatally defective because the distribution counts failed to charge "actual or constructive possession" as an element of the offense.   Generally, an indictment which tracks the language of a federal criminal statute is sufficient to inform a defendant of the charges against him.  *See*, *e.g.*, *U.S. v. Resendiz-Ponce*, ___ U.S. ___, 127 S. Ct. 782, 788 (2007);  *Hamling v. U.S.*, 418 U.S. 87, 117, 119 (1974); *United States v. Miranda*, 494 F.2d 783, 785 (5th Cir. 1974) ("The citation in the indictment to the United States Code section upon which the averred criminal violation was based, viewed in relation to the averred activity, was sufficient to indicate that [the defendant] was charged with a violation of 21 U.S.C.A. 841(a)(1)."). Title 21 U.S.C. § 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance." Thus, the superseding indictment charging that, on specific dates, Carter "did knowingly and intentionally possess with intent to distribute" certain controlled substances in violation of 21 U.S.C. § 841(a)(1) is sufficient.  This court therefore concludes that counsels' failure to challenge the omission of the terms "actual or constructive" from the superseding indictment did not fall below an

objective standard of reasonableness and prejudice Carter's case. *See Strickland*, *supra*. The court may not review the substantive count.

### 6.     Claims Seven & Eight:  The Search of 304 Payson Road

Carter asserts that trial counsel should have argued in a timely motion to suppress that the evidence of drugs found at 304 Payson Road was insufficient to convict him of distribution.  Specifically, he maintains that the evidence indicates that he did not have keys to the residence and that no witnesses testified that he had any knowledge of drugs in the home.  Carter also asserts that trial counsel should have argued that information in Agent Sisson's affidavit was false.  As previously discussed, the Eleventh Circuit concluded that Carter's claims that the evidence was insufficient to establish that he possessed drugs found at 304 Payson Road and that information in Agent Sisson's affidavit was false were without merit.  In addition, Carter's argument that he neither owned nor resided in the house indicates that he had no expectation of privacy in the residence.  A defendant must have an expectation of privacy in a premises in order to have standing to challenge a search in a motion to suppress.  *U.S. v. Richardson*, 764 F.2d 1514, 1526 (11th Cir. 1985).  Consequently, Carter has failed to show that trial counsel's failure to file a motion to suppress fell below an objective standard of reasonableness and prejudiced his case.  *See Strickland*, *supra*.

Because the court concludes that Carter's allegations of ineffective assistance of counsel are wholly without merit, Carter has failed to demonstrate cause for his procedural default.  Carter's procedurally defaulted claims are, therefore, foreclosed from review in this § 2255 motion.

## C.  Other Ineffective-Assistance-of-Counsel Claims

In his § 2255 motion and memorandum, Carter raises three other individual claims of ineffective assistance of counsel.  Specifically, he contends that (1) trial counsel should have objected to the accuracy of the pre-sentence investigation report[13]; (2) appellate counsel should have raised *Apprendi*, *Blakely*, and *Booker* claims in an amendment to his brief on direct appeal[14]; and (3) trial counsel failed to file a motion to suppress drugs seized from 304 Payson Road on the grounds that he neither owned the house or had keys to the residence.[15] As previously discussed, Carter has failed to show that he suffered prejudice in accordance with the *Strickland* standard.  Based on the foregoing, the court concludes that Carter's § 2255 motion with respect to his individual claims of ineffective assistance of trial and appellate counsel are due to be denied.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as the claims presented therein entitle the defendant to no relief.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

---

[13] This ineffective-assistance-of-counsel claim was raised in Claims Three and Four of Carter's § 2255 motion and memorandum.

[14] This ineffective-assistance-of-counsel claim was raised in Claim Six of Carter's § 2255 motion and memorandum.

[15] This claim was raised as Claim Seven in Carter's § 2255 motion and memorandum.

21

Recommendation on or before **February 13, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31st day of January, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE