IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY CARTER,JR. Pro se    2008 FEB 15  A 8: 38    Civ.Case No. 2:05cv1016-MEF
        Petitioner,                                                WO

                    DEBRA P. HACKETT, CLK
                    U.S. DISTRICT COURT
                    MIDDLE DISTRICT ALA
vs.

                                    *

UNITED STATES OF AMERICA,
        Respondent.              *

---

OBJECTIONS TO MAGISTRATE JUDGE'S
RECOMMENDATION PURSUANT TO
28 U.S.C. 2255 MOTION

---

COMES NOW, JIMMY CARTER,JR., (Petitioner and Pro se)
asking this Honorable Court to adjudicate the objections that
are set forth in this said motion.

BACKGROUND

On August 15,2002, a grand jury returned a superseding
indictment against Carter and his co-defendant, Artrone Cheatham.
Count One charged that Carter conspired to distribute cocaine
base, in violation of 21 U.S.C. ** 848(a)(1) and 846. Count
Two charged that Carter knowingly and intentionally possessed
with intent to distribute approximately 28.42 grams of cocaine
hydrochloride, in violation of 21 U.S.C. * 841(a)(1). Count
Three charged that Carter knowingly and intentionally possessed
with intent to distribute 50 grams or more of cocaine base, in
violation of 21 U.S.C. * 841(a)(1).

1.

Count Four charged that Carter knowingly and intentionally poss-
essed with intent to distribute 500 grams or more of cocaine
hydrochloride, in violation of 21 U.S.C. * 841(a)(1). On June
19,2003, Carter was convicted of Counts One,Two,Four, and Five
as charged in the superseding indictment. With respect to Count
Three, Carter was convicted of the lesser-included offense of
possession of a controlled substance, in violation of 21 U.S.C.
* 844(a). On September 29,2003, Carter was sentenced to concurrent
terms of 360 months imprisonment on Counts One,Two, and Four, 24
months imprisonment on Count Three, and 120 months imprisonment
on Count Five. In February 2004, Carter and Cheatham filed a joint
appeal, raising a number of issues. On August 2,2004, the Eleventh
Circuit affirmed the convictions. U.S. vs. CARTER, NO.03-13602,
116Fed.Appx.244 (11th Cir.August 2,2004)(Table). On August 23,2004
a request for rehearing was filed. On October 27,2004, the Court
denied request for rehearing.  No Writ of Certiorari was filed and
on January 25,2005 the judgment became final. On October 24,2005
petitioner filed Pro se to vacate, set aside, or correct sentence
sentence pursuant to 28 U.S.C. * 2255.  Now petitioner brings his
objections as to the Magistrate Judge's Recommendations as to his
motion for 2255.

2.

## ANALYSIS

PETITIONER JIMMY CARTER,JR. SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION (SEE STRICKLAND vs. WASHINGTON 466 U.S. 668,687) 1984

### A. STANDARD OF REVIEW

The Sixth Amendment guarantee's the right to effective assist-ance of counsel in criminal prosecution. **SEE McMANN vs. RICHARDSON, 397 U.S. 759,771 n. 14 (1970).** In **STRICKLAND vs. WASHINGTON, 466 U.S. 668,687 (1984),** the Supreme Court established a "two-prong test" to evaluate ineffective assistance claims. **SEE id; 466 U.S. 668,687 (1984).** To obtain a reversal of a conviction under the **STRICKLAND** standard, the defendant must prove that counsel perform-ance fell below an objective standard of reasonableness, and that counsel deficient performance preduiced the defendant, resulting in an unreliable or fundmentally unfair outcome in the proceeding. **SEE, STRICKLAND, 466 U.S. at 687; see also UNITED STATES vs. HERREA, 412 F3d 577,581-82 (5th Cir.2005).** A defendant failure to satisfy one prong of the **STRICKLAND** test negates a courts need to consider the other.

In deciding whether counsels performance was ineffective under **STRICKLAND,** a court must consider the totality of the circumstances. **id 466 U.S. at 690**

3.

The court in **STRICKLAND** stated that "the purpose of the effective assistance guarantee of the Sixth Amendment is to ensure that criminal defendant receive a fair trial".. **id. at 689 STRICK-LAND** states that a court must:

> "Judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the results of reasonable, professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate counsel."

## STRICKLAND'S FIRST PRONG;
## COUNSEL'S PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS

### (1) DEFICIENT PERFORMANCE

In reviewing an ineffective assistance claim, the court must judge the defense counsel's performance according to an objective standard of reasonableness, maintaining a presumption of the defense counsel's adequacy. (SEE id at 688-89).

Petitioner avers that counsel performed deficient by failing to argue at trial and at sentencing, that the enhancements to petitioner's then -mandatory guidelines range violated the Sixth Amendment. To show that counsel's performance was deficient, a defendant must show "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.

The defendant must show that counsel's representation fell below
an objective standard of reasonableness.

In **APPRENDI**, the Supreme Court stated that "[any fact(other
than a prior conviction) which is necessary to support a sentence
exceeding the maximum authorized by the fact established by a plea
or a jury verdict must be admitted by the defendant or proved to a
jury beyond a reasonable doubt. The Supreme Court reasoned, because
the guidelines were mandatory, such increased sentences based on
judge-found facts violated the Sixth Amendment right to a jury trial,
as the increased sentence sentence exceeds the maximum authorized by
the jury verdict, **APPRENDI**.

Apprendi casted considerable doubt on the constitutionality of
the mandatory guidelines regime and more importantly, the Federal
Sentencing guidelines stood on uncertain grounds in the wake of
Apprendi. With the future state of law so uncertain post-Apprendi,
**"any counsel whose performance satisfied an objective standard of
reasonableness, would have at least been cognizant of possible
extensions of Apprendi to challenge the Federal Sentencing Guidelines
and the necessity of preserving those challenges in case the Supreme
Court struck down the Guidelines while petitioner's case was pending
direct appeal".**

For many of the same reasons, petitioner believe that adequate
counsel would have preserved the Sixth Amendment challenge by raising
it on appeal, **"had it been raised in the district court".**

5.

Thus, there was no danger that stronger issues in order to satisfy briefing page limits or would otherwise distract from the other issues raised for appeal and petitioner can identify no other strategic reason why counsel would refuse to preserve the Sixth Amendment challenge for appeal (**U.S. vs. INFANTE, 404 F3d 376 5th Cir.2005**). Although, "counsel has no obligation to raise every possible claim" for appeal petitioner conclude that, given the uncertain state of law, the significant potential benefit to petitioner, and the significant costs--strategic or otherwise--required to perserve the claim, "**adequate counsel would have preserved the Sixth Amendment challenge for appeal**."

In (**UNITED STATES vs. PINEDA-ARRELLANO--F3d--2007 WL 2033992 5th Cir. JULY 17,2007**)(noting that "hundreds, if not thousands" of criminal defendants in the Fifth Circuit have argued on appeal that, under reasoning of **APPRENDI**, prior felony convictions should be treated as elements of certain offenses; not as sentencing enhancements, in order to preserve the issue in case the Supreme Court overruled (**ALMENDAREZ-TORRES vs. U.S., 523 U.S. 224 (1998)**, a pre-APPRENDI decision to the contrary). Had the Sixth Amendment challenge been preserved for appeal, "**adequate counsel would have filed a petition for a Writ of Certiorari**."
Almost a year later, (**BLAKELY vs. WASHINGTON, 124 S.CT.2531-38 (2004)** was decided and within two weeks, a number of lower Federal courts had already struck down "**parts**" or "**all**" of the Federal Sentencing Guidelines.

Two weeks later, on July 21,2004 the acting Solicitor General
sought expedited review in the Supreme Court of two decisions
questioning the constitutionality of the guidelines. Within two
more weeks, on August 2,2004, the Supreme Court granted certiorari
in **(UNITED STATES vs. BOOKER, 542 U.S. 956,(2004) and (UNITED
STATES vs. FANFAN 542 U.S. 956 (2004).** Under these circumstances,
"any competent attorney would have filed a petition for a Writ of
certiorari on behalf of Carter, seeking to take advantage of the
decision to come". The performance of many attorneys who represent-
ed criminal defendants after **APPRENDI,** but before **BLAKELY and BOOKER**
were constitutionally deficient. However, the question is not what
**(SOME)** or **(MOST)** attorneys did, but whether the performance of
Carter's counsel **"fell below an objective standard of reasonableness".**
**STRICKLAND 466 U.S. at 688.**

Although common practices may provide evidence of the objective
standard by which you should measure the performance of individual
attorneys, common practices can never be determinative lest it
freezes expectations of counsel at one moment in time, never to
improve or change in response to developments, **(in education, tech-
nology, or the law itself).** In this case, petitioner avers that the
performance of counsel was constitutionally deficient for failing to
take into account and respond to the significant changes in the law
effected by **APPRENDI.**

## (2) PREJUDICE

To establish prejudice, "the defendant must show that there is
a reasonable probability that,

7.

but for counsel's unprofessional errors, the results of the pro-
ceeding"--in this case, the results of Carter's sentencing--would
have been different. A reasonable probability is a probability
sufficent to undermine confidence in the outcome. **STRICKLAND, 466
U.S. at 694.**

In interpreting the prejudice prong, the Supreme Court has
identified a narrow category of cases in which prejudice is presumed.
**SEE STRICKLAND, 466 U.S. at 692,** see also **UNITED STATES vs. CRONIC,
466 U.S. 648,659 (1984),**"presumed where defendant demonstrates a
reasonable probability that **"BUT FOR"** counsel's deficient failure to
consult defendant about an appeal, counsel would have timely appealed.
In **CRONIC,** 466 U.S. 648,659 (1984), held that prejudice is presumed
where counsel entirely fails to subject the prosecutor's case to
meaningful adversarial testing. **SEE ALSO MICKENS vs. TAYLOR, 535 U.S.
162,166 (2002),** "Prejudice is presumed when assistance of counsel is
denied entirely or during critical stages of the proceeding. In the
matter presented, petitioner Jimmy Carter Jr. was enhanced (OF) and
(BECAUSE OF) drug quantity not charged in the indictment, as well as
an erroneous P.S.I. calcuation(s) and **BUT FOR** Counsel's unprofessional
errors to preserve petitioner's Fifth and Sixth Amendment rights under
the Due Process Clause of the Fifth Amendment and the notice and jury
trial guarantees of the Sixth Amendment, **"ANY FACT"**(Other than prior
conviction) that increases the maximum penalty for a crime must charged
in an indictment, submitted to a jury, and proven beyond a reasonable
doubt, as in Almendarez-Torres.

8.

Thus, petitioner's counsel (Maurice Bell) preduced peti-
tioner in this matter as well as other matters. **SEE SENTENCING
TRANSCRIPT PAGE TWO (2)-- LINES 19 to 24...**  Trial counsel
(Maurice Bell) stated: **"Your Honor, there are no objections to
the contents what so ever of the pre-sentence investigation report.
Our only objection is-- and I have always stated-- is to the guide-
lines itself. I mean to the--- I think it's repressive, you under--
stand. And the controversy about it in Congress and so forth".**

Petitioner avers, had counsel (Maurice Bell) preserved there
issues (about the drug quantity enhancement of sixty (60) Kilograms
alleged in the P.S.I., as well as the criminal history points)
pursuant to (ALMENDAREZ-TORRES vs. U.S., 523 U.S. 224 (1998);
JONES vs. UNITED STATES 526 U.S. 227,249 119 S.CT. 1215,1227 143 L.
ED.2d 311 (1999); NEW JERSEY 530 U.S. 466,147 L.ED.2d 435,120 S.CT.
2348, APPRENDI vs.NEW JERSEY;(2000); and UNITED STATES vs. ROGERS
228 F3d 1318 (11th Cir.2000) as to the petitioner's Fifth and Sixth
Am,endment rights--- as counsel (Maurice Bell) stated in the senten-
cing transcript,--- **[about the controversy in Congress and so forth
concerning the guidelines]** which consequently, the sixty (60) Kilo-
grams were not charged in the indictment. Petitioner avers that,
**BUT FOR)**counsel (Maurice Bell) ineffectiveness, petitioner case
would have been remanded for resentencing according to the precedent
of the Eleventh Circuit. U.S. vs. REECE 397 F3d 1337 (2005) in light
of **(BLAKELY AND BOOKER)**; for counsel (Maurice Bell) "KNOWINGLY KNEW"
that Congress was in controversy over the guidelines and so forth,
as counsel (Maurice Bell) stated in the sentencing transcript on
page two (2)--line 19-24, and therfore,

9.

"any adequate counsel that competent would have preserved peti-
tioner's Fifth and Sixth Amendment rights according to [ALMEND-
AREZ-TORRES, JONES, APPRENDI, and ROGERS].

Petitioner further avers that, the Magistrate never addressed
the issue of the fourth claim in the 2255 Motion filed--"WHETHER
COUNSEL (MAURICE BELL) CONSTITUED INEFFECTIVE ASSISTANCE OF COUNSEL
FOR FAILURE TO CHALLENGE AND OBJECT TO THE ALLEGATIONS OF FACTUAL
INACCURACY IN THE P.S.I. REPORT AS REQUIRED UNDER FED.R.CRIM.P.32
(i)(3)(B) and THE GUIDELINES SECTION 6A1.3-- SEE 2255 MOTION OF
PETITIONER, PAGE 11 thru 13."

Petitioner Jimmy Carter Jr. was preduced by counsel (Maurice
Bell) ineffectiveness and petitioner (CARTER) suggest that he has
established a "prima facie case" of ineffective assistance of counsel
and prays that this Honorable Court vacate his sentence and all that
is necessary and proper under the circumstances presented.

In UNITED STATES vs. ROGERS 228 F3d 1318(11th Cir.2000),where
drug quantity was neither charged in the indictment nor proven to
the jury, defendant had to be sentenced without reference to drug
quantity for possession of undetermined quantity of crack cocaine
with intent to distribute. Like ROGERS,the petitioner Jimmy Carter
Jr. was sentenced erroneous points in the P.S.I... In examining the
ROGERS case, as well as UNITED STATES vs. DAVIS 407 F3d 1269(11th
Cir. 2005);BLAKELY vs. WASHINGTON, 124 S. CT. 2531-38 (2004);
UNITED STATES vs. REECE, 397 F3d -11th Cir.2005; APPRENDI vs. NEW
JERSEY 530 U.S. 466,147 L.ED.2d 435,120 S.CT. 2348 (2000) and
ALMENDAREZ-TORRES vs. U.S., 523 U.S. 224 (1998); as well as "JONES
vs. UNITED STATES 526 U.S. 227,249,119 S.CT. 1215,1227,143 L.ED
2d 311 (1999)

the Supreme Court held that "other than the facts of prior con-
victions, **ANY FACT** that increases the penalty for a crime beyond
the prescribed statutory maximum must be submitted to a jury and
proved beyond a reasonable doubt." The Court considered whether
the sentencing procedure followed by courts deprived defendants
of there Federal Constitutional right to have a jury determine
beyond a reasonable doubt all facts legally essential to there
sentence. Like those precedents, petitioner Sixth Amendment right
was violated due to trial counsel ineffective assistance at the
petitioner's trial and sentencing, where counsel fail to object
to the sixty (60) kilograms of crack cocaine, which placed the
petitioner at level 38 on the sentencing guidelines, as opposed
to the fifty (50) grams of crack cocaine in the verdict.
Without the petitioner being enhanced for sixty (60) kilograms
that was not charged in the indictment, **nor admitted by the** peti-
tioner, submitted to a jury, and proved beyond a reasonable doubt;
petitioner's base offense level would have been 32 on the senten-
cing guidelines table for a criminal history category of three III,
which would have petitioner  guideline range at 151 to 188, as
opposed to the sentence that petitioner (Carter) received, which
was 360 to Life.
Petitioner further avers that the Eleventh Circuit in **UNITED STATES
vs. MCKINNEY 339 F.SUPP 2d 1314 (N.D. Fla. 2004)**, ruled that (1) the
"statutory minimum in **APPRENDI** context is the same in both federal
and State cases;

11.

(2) The sentencing guidelines cannot constitutionally operate
as designed; and (3) The sentencing guidelines cannot be
severed consistent with legislative intent and therefore
the guidelines were/are unconstitutional".

In <u>JONES vs. UNITED STATES, 526 U.S. 227,249,119 S.CT. 1215,143</u>
<u>L.ED.2d 311 (1999);   APPRENDII vs. NEW JERSEY, 530 U.S. 466,147</u>
<u>L.ED.2d 435,120 S.CT. 2348 (2000); ALMENDAREZ-TORRES vs. U.S.,</u>
<u>523, U.S. 224 (1998);   U.S. vs. ROGERS, 228 F3d (11th Cir.2000)</u>
<u>BLAKELY vs. WASHINGTON, 124 S.CT. 2531-38 (2004);   UNITED STATES</u>
<u>vs. DAVIS, 407 F3d 1269 (11th Cir.2005) :</u>

The Supreme Court reaffirmed it's holding in each of these
decisions, by reaffirming time and time again that **(ANY FACT)**,
other than the fact of a prior conviction, that increases the
maximum penalty for a crime must be charged in the indictment,
submitted to a jury, and proven beyond a reasonable doubt.

In the instant case, petitioner's counsel made no objections
to the P.S.I. calcuations as to the **drug quantity** or **other erron-**
**eous calcuations as to the petitioner criminal history,** nor did
counsel preserve the petitioner (CARTER) Fifth and Sixth Amendment
rights to trial by jury via his Due Process rights under the prece-
dent of **APPRENDI/BLAKELY/ALMENDAREZ-TORRES/JONES/ROGERS/DAVIS/ and**
**"BOOKER"..** Therefore, rendering petitioner (CARTER) appellant
counsel unable to raise any issues pertaining to the violations of
petitioner's Fifth and Sixth Amendment rights, as well as any of the
new precedent that came down. Petitioner would not have suffered
prejudice, as well as any of the new announced decision in BLAKELY
to BOOKER...

12.

<u>SEE U.S. vs. NICHOLS, 05-56452</u> (6th Cir.2007)  In NICHOLS, the
defendant went to trial and was found guilty by the jury. At
sentencing, the P.S.I. report included enhancements based upon
facts not proved (**or even charged**) in the indictment. NICHOLS
attorney did not object to the enhancements on **APPRENDI** grounds
and on appeal NICHOLS was denied. However, NICHOLS filed a 2255
arguing that his attorney had been ineffective for failing to argue
and perserve his APPRENDI issues, as well as the fact that APPRENDI
applied to the guidelines and that the enhancements he received were
unconstitutional, because his enhancements were based upon facts
decided by a judge and imposed under then-mandatory guidelines.
The attorney's error in failing to raise APPRENDI prejudice the
defendant, because the attorney for his co-defendant raised APPRENDI
before **BLAKELY and BOOKER and was granted by the Sixth Circuit court
of appeals.** The NICHOLS decision provides solid precedent to the fact
that counsel in the instant case was also ineffective on the grounds.
<u>SEE ALSO U.S. vs. REECE 397 F3d 1337</u> (11th Cir.2005)  Where a remand
to the trial court was necessary where the defendant expressly chall-
enged the sentence on APPRENDI grounds in the trial court and in the
Eleventh Circuit and the Supreme Court as well, which granted certiarori
and remanded for further consideration in light of BOOKER.
In conclusion trial counsel in the instant case clearly was ineffect-
ive at trial and sentencing, where the record clearly shows had
counsel objected to the contents in the P.S.I., **(AS WELL AS THE
FIFTH AND SIXTH AMENDMENT VIOLATIONS)**, Petitioner's criminal history
would have been six (6) points, but due to the errors in calcuating
both November 4,1984 Robbery and misdemeanor convictions, it placed
petitioner criminal history at 14.

SEE PAGE 12 to 16 of RECOMMENDATION of the Magistrate Judge foot-
note stating: "Even if the Court to assume Argendo that Carter's
criminal history total should be reduced by eight (8) points due
to errors in calculating both November 1984 Robbery offenses at
issue, specifically case case no(s) CC-85-006 and CC-85-007, and
the misdemeanor convictions, Carter has failed to show prejudice.
The ultimate effect of this recalcuation would be to reduce Carter's
sentencing range from 360 to Life to 292-365 months. the sentence
that Carter received falls within either range"..

SEE ALSO U.S. RESPONSE TO 2255 MOTION, PAGE 13: The U.S. Attorney
concedes that the probation office may have incorrectly attributed
these points to Carter, as the convictions were for misdemeanors
that did not carry the minimum probation or sentence required under
the guidelines.

In this matter presented defense counsel (Maurice Bell) failure
to investigate the prior convictions prior to sentencing to determine
whether they were legal and/or whether the P.S.I. had erroneously
made a mistake or suffered from fatal defects, when it was later
determined and conceded by the U.S. Attorney that the probation
office incorrectly attributed those points to Carter. Counsel(Maurice
Bell) failure to investigate and present evidence at a critical stage
during a sentencing phrase denied petitioner his constitutional
guarantee of effective assistant of counsel. SEE WILLIAM vs. TAYLOR,
529 U.S. 362, 396-99 (2000)

14.

Petitioner avers that, petitioner was prejudiced by counsel ineffectiveness to object, as well as investigate these issues. Petitioner further avers, a high-end of a sentence is not harmless error. The Magistrate Judge's Recommendation avers that, even if the sentence falls within 292-365 months, that Carter falls within the range; "but absence an express statement by the sentencing judge that under an advisory system, the same sentence (if not higher) would be imposed. **U.S. vs. CAIN 433 F3d 1345**   Similarly, if the Court sentenced petitioner (Carter) to mid-range sentence, this fact alone does not satisfy the government's burden of proving harmless error. U.S. **vs. Glover, 431 F3d 744 (11th Cir.2005**

## ARGUMENT II.

Petitioner avers that, at sentencing petitioner was given an enhanced (Supervised release), not identified as to statute or in the P.S.I. as grounds for an upward departure. In **U.S. vs. DIXON, 71 F3d 380 (11th Cir.1995)**, the Court observed that before trial court may impose an upward departure on a ground not identified as a ground for upward departure either in the pre-sentence report or in a pre-hearing submission by the government, the court must give reasonable notice that it is contemplating such a ruling. BURNS vs. U.S. 501, U.S. 129 (1991); U.S. vs. Holerks, 83 F3d 357 11th Cir.1996); U.S. JONES 1, F3d 1167 (11th Cir.1993) U.S. vs. Paslay 971 F2d 667 (11th Cir.1992); U.S. vs. ROMANO, 314 F3d 1279-81 (11th Cir.2002)

The purpose behind this rule is to promote focused, adversarial resolution of the legal and factual issues relevant to fixing guide-lines sentences.

15.

With proper notice defendants are able to marshal evidence with which to contest facts supporting a proposed upward departure. U.S. vs. VALENTINE, 21 F3d 395 (11th Cir.1994)    In U.S. vs. DIXON 71 F3d 380 (11th Cir.1995), the pre-sentence report (PSR) specifially identified the grounds for upward departure, even citing the guidelines provision, (This was sufficient notice), but in U.S. vs. VALENTINE 21 F3d 395 (11th Cir.1994) the Court found insufficient notice of the proposed upward departure, because merely offering the defendant the right to respond at the sentencing hearing is not sufficient to cure a BURNS violation. However, the petitioner avers the  sentencing court erred in giving petitioner an upward departure of ten (10) year probation (supervised release) which   violated the BURNS CLAUSE. Petitioner furthers avers that, if this enhancement was pursuant to the 851 statute,then the sentencing court erred in not allowing petitioner to affirm or deny the prior drug conviction used under 851 (B) to enhance the petitioner sentencing, because the prior drug conviction used under 851 (B) was within the five (5) year statute of limitation.

### PETITIONER JIMMY CARTER JR. SENTENCE IS ILLEGAL

ARGUMENT III.

### STANDARD FOR ILLEGAL SENTENCE

As required by U.S. vs. OLANO, 507 U.S. 725,732-33 (1993), this "finds plain error only if" (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights. When these elements are present (this court) may exercise (its) discretion to correct the error only if it seriously affects the fairness, intregity, or public reputation of judicial proceedings. SEE U.S. vs. GRACIA-CANTU, 302 F3d 308,310 (5th Cir.2002).

16.

## APPLICATION OF THE PLAIN ERROR STANDARD:

### (1) THERE WAS ERROR

Petitioner Carter suggest there was error during the sentence process when this court allowed the petitioner to be sentence under the mandatory guideline held unconstitutional in **BOOKER** and allowed his sentence to be enhanced pursuant to drug quantity and an erroneous P.S.I. (criminal history). Although under Supreme Court decisions in U.S. vs. ROGERS 228 F3d 1318 (11th Cir. 2000), APPRENDI vs. JERSEY, 530 U.S. 466, 147 L.ED. 2d 435 120 S.CT. 2348 (2000); JONES vs. UNITED STATES, 526 U.S. 227 249, 119 S.CT. 1215, 143 L.ED. 2d 311 (1999) ALMENDAREZ-TORRES vs. U.S., 523, U.S. 224 (1998), BLAKELY vs. WASHINGTON, 124 S. CT. 2531-38 (2004); and UNITED STATES vs. DAVIS, 407 F3d 1269 (11th Cir.2005) "ANY FACT" [other than a prior conviction] that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

### (2) THE ERROR UNDER OLANO WAS PLAIN

With respect to the second **OLANO** prong, the Supreme Court has held in **UNITED STATES vs. FOWLER, 794 F2d 144**, that a question of law is viewed "De Novo". It further defines an **"illegal"** sentence includes a sentence which is not authorized by the judgment of conviction. SEE PINEDO vs. UNITED STATES, 347 F2d 142.

17.

The Supreme Court further suggest in **OLANO**, that where the law at the time of trial was settled and clearly contrary to the law at the time of appeal, However, it is enough that a error be plain at the time of appellate review. SEE <u>JOHNSON vs. U.S. 570</u> U.S. 461 (1970).

(3) <u>THE ERROR AFFECTED PETITIONER CARTER SUBSTANTIAL RIGHTS</u>

Normally, the third prong of plain error review would require Mr.Carter to show a reasonable probability of prejudice i.e., a **reasonable probability that,**"BUT FOR" the error in this case, **(which was the ineffectiveness of counsel Maurice Bell, as well as petitioner Fifth and Sixth Amendment being violated pursuant to the precedent of APPRENDI, BLAKELY, ALMENDAREZ-TORRES, DAVIS, and ROGERS),** the sentence would have been different. SEE <u>UNITED STATES vs. DOMINQ-UEZ</u> 124 S.CT. 2333-40 (2004). SEE APP. E&F...

In **OLANO**, the Supreme Court suggested that there may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome, and, by its citation of this "SPECIAL" category of forfeited errors referred to the concept of "structual-errors" introduced in FULMINANTE (OLANO, 507 U.S. at 435). As applied to the context presented here, Structual Error is:

"A defect affecting the frame work within the sentencing process rather than simply an error in the sentence itself. Such error infect the entire sentence, and necessarily render a sentencing fundmentally unfair"..

put another way, these errors deprive a defendant of their basic protections without which no criminal punishment can be read fundmentally fair, SEE NEDER vs. U.S. 527 U.S. 1, 8-9 (1999). SEE ALSO U.S. vs. INMAN, 411 F3d 591,595 (5th Cir.2005)

Although a variety of practices can constitute plain error. SEE GRACIA-CANTU 302 F3d 308,313 (5th Cir.2002). Plain error claims frequently involve improper admission of evidence. SEE U.S. vs. TELLIER, 83 F3d 578,581 (2nd Cir.1996). However, has a greater possibility of being granted where there exit ineffectiveness of counsel.

## CONCLUSION

Petitioner avers that, he has made a showing of ineffectiveness of his trial counsel (Maurice Bell), as well as showing that (BUT FOR) his ineffectiveness, that petitioner could have challenged the violations of his Fifth and Sixth Amendment rights, because petitioner has made a clear showing that his Fifth and Sixth Amendment rights were violated according to the precedent of APPRENDI, DAVIS, ROGERS, JONES, BLAKELY, and ALMENDAREZ-TORRES. Petitioner has also made a clear showing of the violation of the BURNS CLAUSE, because petitioner never was given a notice to enhance petitioner's probation (supervised release) in the P.S.I. OR ANY FORMAL NOTICE OR HEARING.

Petitioner also avers, that the Magistrate Judge has conceded to claim four (4) of the 2255, by not addressing it on the face as well as the evidence that petitioner has supported to show that counsel (Maurice Bell) was ineffective.

19.

Petitioner also avers, that 21 U.S.C.A. *851 has established two safeguards inestablishing prior convictions. Statute requiring the government to file written information on defendants prior convictions to support sentencing increase based on prior conviction applies only to drug cases. SEE U.S. vs. AGUILAR-ORTIZ, 86 Fed.Appx. 390,2004 WL 103558,SEE ALSO SALINA vs. U.S. 547 U.S. 126 S.CT.--(ERROR TO TREAT PRIOR CONVICTION OF SIMPLE POSSESSION FOR ENHANCEMENT PURSUANT TO *4B1.1 (a).

## SUMMATION

Petitioner pursuant to 28 U.S.C. 2255, the court looks for errors in admission of evidence of Constitutional deprivation. Constitutional error in admission of evidence may be raised at any time. SEE U.S. vs. MOORE 435 F2d 113 (1970).

The Sixth Amendment of the United States Constitution guarantee a defendant the right to effective assistance of counsel in criminal prosecutions. SEE STRICLAND vs. WASHINGTON, 466 U.S. 668,687, (1984) It is the contentions of petitioner Jimmy Carter Jr. that he has met the required burden that he suffered from an illegal sentence in violation of the Eighth Amendment of the United States Constiution (as well). SEE U.S. vs. FOWLER, 794 F2d 144 and received ineffective assistance of counsel by (MAURICE BELL), trial counsel.

Accordingly, Petitioner Jimmy Carter Jr., prays that this Honorable Court will vacate the sentence and remand the same for further review and/or the alternate to respectfully give petitioner a evidentiary hearing concerning these matters.

THANK YOU

CERTIFICATE OF SERVICE

I, Jimmy Carter Jr., hereby certify that I have served a true
copy of the following:

"OBJECTIONS TO MAGISTRATE JUDGE'S
RECOMMENDATION PURSUANT TO 28
U.S.C. 2255 MOTION"

which is deemed filed at the time it was delivered to prison
authorities for forwarding to the court, (HOUSTON vs. LACK
101 L.ED. 2d 245 (1988), upon the court and parties to litigation
and his attorney of record, by placing same in a sealed, postage
prepaid envelope addressed to:

    MIDDLE DISTRICT OF ALABAMA
        OFFICE OF
    CLERK,UNITED STATES DISTRICT COURT
    P.O. BOX 711
    MONTGOMERY, ALABAMA 36101-0711

and deposited same in the United States Postal at F.C.I. MEMPHIS
MEMPHIS,TN., on this 12th,day of FEBRUARY,2008.

                    RESPECTFULLY SUBMITTED,

                    JIMMY CARTER JR. #10986-002
                    F.C.I. MEMPHIS
                    P.O. BOX 34550
                    MEMPHIS,TN. 38134-0550

*Jim Carter Jr.*
*10986-002*