IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. 2:05cv1016-MEF |
| ) | WO |
| JIMMY CARTER, JR.   ) | |

## **MEMORANDUM OPINION AND ORDER**

On January 31, 2008, the Magistrate Judge filed a Recommendation (Doc. # 22) in this case. On February 15, 2008, Jimmy Carter, Jr., ("Carter") filed objections (Doc. # 23) to the Recommendation of the Magistrate Judge. Within his objections, Carter claims that the court erred by imposing an upward departure sentence of ten years' supervised release in violation of *Burns v. United States*, 501 U.S. 129, 135-39 (1991). (Doc. No. 23, p. 15-16.) Specifically, he argues that the court should have provided notice of the specific prior convictions[1] under its consideration when contemplating an upward departure of ten years' supervised release and that trial counsel was ineffective for failing to object on this basis at sentencing. Carter did not raise these specific claims in his § 2255 motion, amendments, or responses. Nonetheless, out of an abundance of caution, the Court will address Carter's contention on the merits.

Federal Rule of Criminal Procedure 32(h) provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission,

---

[1] The records of the court reflect that on July 9, 2002, in the underlying criminal case the government filed an information advising Carter of the prior conviction on which it would rely and providing a certified copy of the conviction. *See United States v. Carter*, 2:02-cr-00007-MEF, (doc. # 44).

> the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Rule 32(h) codified the Court's holding in *Burns* that "before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling." 501 U.S. at 128.

In a superseding indictment in Carter's case, Count One charged that Carter conspired to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 848(a)(1) and 846. Count Two charged that Carter knowingly and intentionally possessed with intent to distribute approximately 28.42 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Count Three charged that Carter knowingly and intentionally possessed with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count Four charged that Carter knowingly and intentionally possessed with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). On June 19, 2003, Carter was convicted of Counts One, Two, Four, and Five as charged in the superseding indictment. With respect to Count Three, Carter was convicted of the lesser-included offense of possession of a controlled substance, in violation of 21 U.S.C. § 844(a). On September 29, 2003, the Court imposed concurrent terms of imprisonment for each conviction. In addition, the Court imposed concurrent terms of ten years' supervised release on Counts One and Four, six years' supervised release on Count

Two, one year of supervised release on Count Three, and eight years' supervised release on Count Five. Title 21 U.S.C. § 841(b)(1)(A) and USSG §5D1.2(b) provide that the authorized term of supervised release for a conviction of distribution and possession with intent to distribute cocaine base or hydrochloride may not be less than ten years if the defendant has a prior conviction for a felony drug offense as did Carter. Thus, the imposition of ten years of supervised release with respect to Counts One and Four is not an upward departure from the Guidelines; indeed, it is the minimum, mandatory, statutory term of supervised release available. Consequently, Carter's contention that the Court violated *Burns* or FED.R.CRIM.P. 32(h) by failing to provide notice of its intention to depart upward from the Guidelines by imposing ten years' supervised release is without merit. In addition, counsel cannot be deemed ineffective for failing to object on this non-meritorious basis. *See Strickland v. Washington*, 466 U.S. 668 (1984). This Court therefore concludes that Carter is entitled to no relief with respect to these newly presented claims.

Upon an independent review of the file in this case and upon consideration of the Recommendation of the Magistrate Judge and the petitioner's objections, it is

ORDERED that Carter's objections (Doc. # 23) be and are hereby OVERRULED, that the Recommendation (Doc. # 22) be and is hereby ADOPTED, and that Carter's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) be and is hereby DENIED.

A separate final judgment will be entered consistent with this Memorandum Opinion and Order.

Done, this the 6th day of March, 2008..

                                          /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE