

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

July 14, 2008

**Appeal Number: 08-11248-B**
Case Style: Jimmy Carter, Jr. v. USA
District Court Number: 05-01016 CV-MEF

TO:   Debra P. Hackett

CC:   Jimmy Carter, Jr. (10986-002)

CC:   Todd A. Brown

CC:   Leura Garrett Canary

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

July 14, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 08-11248-B**
Case Style: Jimmy Carter, Jr. v. USA
District Court Number: 05-01016 CV-MEF
SECONDARY CASE NO: 02-00007 CR-MEF

The enclosed certified copy of this Court's order denying the application for a Certificate of Appealability is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Also enclosed is the record on appeal, which consists of:
 1 sealed envelope w/PSI

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Carolyn Magers /scw (404)335-6181

Encl.

DIS-4 (3-2005)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

RECEIVED
2008 JUL 15 P 3: 25

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 14 2008
THOMAS K. KAHN
CLERK

No. 08-11248-B

JIMMY CARTER, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court for the
Middle District of Alabama

ORDER:

Appellant has filed motions for a certificate of appealability and for leave to proceed in forma pauperis in order to appeal the district court's denial of his 28 U.S.C § 2255 motion to vacate. Appellant raised seven claims, including claims of trial court error and ineffective assistance of counsel. Appellant's substantive claims of trial court error were procedurally defaulted because he did not raise these claims on direct appeal. United States v. Montano, 398 F.3d 1276, 1280 (11th Cir. 2005). Inasmuch as he raised ineffective assistance of counsel as the cause for his procedural default, he failed to show counsel's conduct fell below the standard of Strickland v. Washington, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 2064-2065, 2067, 80 L.Ed.2d 674 (1984), and could not

overcome his procedural default.

In his first claim, appellant maintained that his sentence was unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because drug quantity was not charged in the indictment and found by a jury beyond a reasonable doubt, and appellate counsel was ineffective for failing to raise this issue on appeal or in a petition for writ of certiorari to the United States Supreme Court. Counsel could not have been ineffective for failing to anticipate Booker's change in the law regarding the sentencing guidelines, however, see United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001), and, although Booker was decided prior the expiration of the time for appellant to file a petition for writ of certiorari, there was no basis for counsel to raise this issue because it had not been raised on direct appeal.

In his second claim, appellant maintained that he unconstitutionally was detained for more than 45 minutes during a routine traffic stop, and trial counsel was ineffective for failing to raise this issue in his motion to suppress. There was no evidence presented to support appellant's version of events, however, and he thus failed to show counsel was deficient for failing to raise his issue or that rasing this issue would have changed the court's ruling on his motion to suppress.

In his third claim, appellant maintained that the district court lacked jurisdiction to impose an enhanced sentence on the basis of his prior convictions because the government failed to file the notice required by 21 U.S.C. § 851, and he was not given an opportunity to affirm or deny his prior convictions, as required by § 851(b). The government did file the required notice on March 31, 2003, however, and appellant did not deny the existence of his prior convictions and thus

cannot show he was prejudiced by counsel's failure to object to the fact that he did not have the opportunity to affirm or deny his convictions. Inasmuch as appellant argued that the district court violated the Sixth Amendment by sentencing him based upon convictions which were not found by the jury beyond a reasonable doubt, this argument also was without merit because the prior conviction exception is still good law.  See United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

In his fourth claim, appellant maintained that the district court incorrectly calculated his criminal history points and thus placed him in the wrong category. He failed to show prejudice, however, because he was a career offender under U.S.S.G. § 4B1.1, which requires a criminal history category of VI, regardless of the actual criminal history points assessed.

In his fifth claim, appellant maintained that the indictment was defective because it did not charge all of the essential elements of the crimes. With respect to the conspiracy charge, the indictment alleged the time span and purpose of the conspiracy, along with the statutes violated. The indictment also alleged that appellant knowingly and intentionally conspired to possess with intent to distribute cocaine base. This language was sufficient to charge the elements of conspiracy. See 21 U.S.C. §§ 841(a), 846; Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 620 (1974); United States v. Benefield, 874 F.2d 1503, 1506 (11th Cir. 1989).

With respect to the distribution counts, the indictment charged that appellant "did knowingly and intentionally possess with intent to distribute" various narcotics. This language tracked the statute and contained the elements of illegal possession. See 21 U.S.C. § 841(a)(1); Hamling, 418 U.S. at 117, 94 S.Ct. at 2907.

In his sixth claim, appellant maintained that drug evidence used against him illegally was

seized from a residence where he did not live, and counsel was ineffective for failing to file a motion to suppress this evidence. Appellant's own allegations, however, show that he lacked standing to challenge the search of the residence. See United States v. King, 509 F.3d 1338, 1341 (11th Cir. 2007). His arguments essentially challenge the sufficiency of the evidence, which was raised and considered by this Court on direct appeal and cannot be relitigated. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000).

In his seventh claim, appellant maintained that the court erred by imposing an upward departure sentence of ten years' supervised release because he was not given notice of the specific prior convictions under the court's consideration, and trial counsel was ineffective for failing to object on this basis at sentencing. A sentence of ten years' supervised release was required for appellant's conviction, however. See 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5D1.2(b). Thus, the imposition of ten years of supervised release was not an upward departure from the Guidelines and this claim was without merit.

Accordingly, appellant's motion for a certificate of appealability is DENIED because appellant has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Appellant's motion for leave to proceed on appeal in forma pauperis is DENIED AS MOOT.

_____
UNITED STATES CIRCUIT JUDGE

4

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: Sheila Welter
Deputy Clerk
Atlanta, Georgia