IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY CARTER, JR., ) | |
| ) | |
| v. ) | Civil Action No. 2:05cv1016-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on Jimmy Carter, Jr.'s ("Carter") motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). Doc. #37.[1] For the reasons discussed below, the court concludes that this motion should be denied.

**I.   BACKGROUND**

On August 15, 2002, a grand jury returned a multi-count indictment against Carter. Count One of the indictment charged that Carter conspired to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 848(a)(1) and 846. Count Two charged that Carter knowingly and intentionally possessed with intent to distribute approximately 28.42 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Count Three charged that Carter knowingly and intentionally possessed with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count Four charged that Carter knowingly and intentionally possessed with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). On June 19,

---

[1] References to document numbers are to those assigned by the Clerk of Court. Page references are to those assigned by CM/ECF unless otherwise indicated.

2003, Carter was convicted of Counts One, Two, Four, and Five as charged in the indictment. With respect to Count Three, Carter was convicted of the lesser-included offense of possession of a controlled substance, in violation of 21 U.S.C. § 844(a). On September 29, 2003, the court sentenced Carter to concurrent terms of 360 months' imprisonment on Counts One, Two, and Four, 24 months' imprisonment on Count Three, and 120 months' imprisonment on Count Five.

Carter appealed to the Eleventh Circuit Court of Appeals, and on August 2, 2004, that court affirmed his convictions. *United States v. Carter*, 116 Fed. App'x 244 (11th Cir. 2004) (Table). Carter filed a request for rehearing, and on October 27, 2004, the Eleventh Circuit denied his request for rehearing. Carter did not file a petition for a writ of certiorari.

On October 24, 2005, Carter, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #1. On January 31, 2008, a magistrate judge entered a recommendation concluding that Carter's § 2255 motion should be denied. Doc. #22. On March 6, 2008, the district court adopted the magistrate judge's recommendation and entered judgment denying Carter's § 2255 motion. Doc. #24 and #25. On September 5, 2008, the Eleventh Circuit denied Carter's motion to reconsider that court's denial of his application for a certificate of appealability. *See* Doc. #34. On December 4, 2008, the Supreme Court denied Carter's petition for a writ of certiorari. On December 10, 2012, Carter filed the Rule 60(b)(6) motion for relief and a supporting memorandum which are currently before the court. Doc. # 37 and #38.

## II.  DISCUSSION

Rule 60(b)(6) allows a court to set aside a judgment for "any other reason that justifies relief."  A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment.  *Ackermann v. United States*, 340 U.S. 193, 199 (1950).  "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Motions brought under Rule 60(b)(6) "must be made within a reasonable time ... after the entry of the judgment or order or the date of the proceeding" challenged.  Fed.R.Civ.P. 60(c)(1).  Here, Carter attacks a judgment of this court that was over four years old when he filed his instant motion.  He has given no reason for his delay in attacking the judgment.  Under the circumstances, the court finds that his motion was not filed within a reasonable time after entry of the judgment he challenges and is therefore untimely.  Consequently, his motion for relief under Rule 60(b)(6) is due to be denied on this ground.  *See, e.g., Soloman v. United States*, 300 Fed. App'x 857, 858–59 (11th Cir. 2008) (Rule 60(b) motion on denial of § 2255 motion denied because petitioner "failed to file his motion for relief within a reasonable time, and he did not provide any explanation for the [nine-year] delay" in filing motion); *BUC Int'l Corp. v. International Yacht Council, Inc.*, 517 F.3d 1241, 1275 (11th Cir. 2008) (in deciding what is a "reasonable time" to file a Rule 60(b) motion, the court "must consider the circumstances of each case to determine 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take

3

action sooner'").

Even if Carter's motion had been filed within a reasonable time, it lacks merit. Carter's ground for his Rule 60(b)(6) motion is that this court failed to address "Claim No. 4" as set out in his § 2255 motion and in his memorandum in support of the § 2255 motion. *See* Doc. #1 at 5; Doc. #2 at 17-19. In Claim Four, Carter asserted that his attorney at sentencing, Maurice Bell, rendered ineffective assistance of counsel by failing to object to inaccuracies in the presentence investigation report ("PSI") as required under Fed.R.Crim.P. 32(i)(3)(B) and U.S.S.G. § 6A1.3. *Id*. In this regard, Carter argued that the PSI stated he was responsible for 60 kilograms of cocaine base, an amount the district court then attributed to him for sentencing purposes (resulting in an increased offense level), but this amount was greater than the 50 kilograms of cocaine base charged in his indictment. Doc. #2 at 18. Carter maintained that Bell should have objected to the enhancement of his sentence based on a fact found by the judge (i.e., the quantity of cocaine base attributable to him) that was not specified in the indictment, admitted by the defendant, or found by the jury. *Id*. Thus, Carter's claim in this regard was essentially that Bell should have made a *Booker*-type objection regarding the amount of cocaine based attributed to him at sentencing.[2] *See United States v. Booker*, 543 U.S. 220 (2005).

---

[2] In making this claim, Carter did not cite *Booker*, but rather *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See* Doc. #2 at 18. However, *Apprendi* is not applicable to the substance of Carter's argument, because the facts considered by the district court in attributing drug quantifies to Carter did not increase his sentence above the otherwise applicable statutory maximum but instead increased his guideline range inside the statutory range.

In Claim Four, Carter also asserted that Bell was ineffective at sentencing when he failed to object to the PSI's allegedly inaccurate accounting of his prior convictions, which were used to calculate his criminal history points and category. Doc. #2 at 19. In this regard, Carter argued that his criminal history category was incorrect because (1) the PSI incorrectly lists three of his prior robbery convictions as separate convictions when they were consolidated during state sentencing proceedings, and (2) he was wrongly assigned one criminal point for each of his three prior misdemeanor convictions. *Id*.

Notwithstanding Carter's present contention that this court neglected to address Claim Four of his § 2255 motion, Part II.C of the Magistrate Judge's Recommendation, which was adopted by the district court, addresses Claim Four, making specific reference to Carter's claim that his "trial counsel should have objected to the accuracy of the pre-sentence investigation report." Doc. #22 at 21. This same section of the Recommendation addresses, together with Claim Four, two other individual claims of ineffective assistance of counsel, including Carter's claim that his appellate counsel should have raised *Apprendi*, *Blakely*,[3] and *Booker* claims in an amendment to his brief on direct appeal. *Id*. The Magistrate Judge's Recommendation then states:

> As previously discussed, Carter has failed to show that he suffered prejudice in accordance with the *Strickland* standard. Based on the foregoing, the court concludes that Carter's § 2255 motion with respect to his individual claims of ineffective assistance of trial and appellate counsel is due to be denied.

Doc. #22 at 21. This constitutes a ruling on Claim Four rejecting the claim on its merits.

---

[3] *Blakely v. Washington*, 542 U.S. 296 (2004).

5

The Recommendation's reference to previous discussions of Carter's "fail[ure] to show that he suffered prejudice in accordance with the *Strickland*[4] standard" is a reference to Part II.B.1 of the Recommendation, in which the court finds that Carter is not entitled to relief under *Booker* (and specifically that his appellate counsel was not ineffective for failing to raise a *Booker*-type argument), as well as a reference to Part II.B.3 of the Recommendation, in which the court fully discusses the calculation of Carter's criminal history points and category and concludes that he suffered no prejudice as a result of his trial counsel's failure to object to the PSI's listing of his three prior robbery convictions as separate convictions or the assignment of one criminal point for each of his three prior misdemeanor convictions. *See* Doc. #22 11-12 and 13-17. Thus, the reference to these previous discussions in the Recommendation points to support for the ruling in Part II.C of the Recommendation rejecting Claim Four on the merits.

Thus, the court finds that Carter's Rule 60(b)(6) motion is simply an attempt to relitigate a claim addressed on the merits in the Recommendation, which was adopted by the district court. *See Gonzalez v. Sec'y for Dept. of Corrs.*, 366 F.3d 1253, 1291-92 (11th Cir. 2004) ("Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case."). Carter's motion is without merit and should be denied.

### III.   CONCLUSION

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Carter's motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) should be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 10, 2014**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 27th day of January, 2014.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE