IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Civil Action No. 2:05cv1016-MEF |
| ) | (WO) |
| JIMMY CARTER, JR. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In a motion filed on July 21, 2014, federal inmate Jimmy Carter, Jr. ("Carter") purports to bring an independent action for relief from judgment under Fed.R.Civ.P. 60(d)(1).[1]  Doc. #54.  Carter contends that, in ruling on his motion for relief from judgment under Fed.R.Civ.P. 60(b)(6), which he filed in December 2012,[2] this court failed to address the merits of Claim Four in his 28 U.S.C. § 2255 motion, which was an allegation that his attorney rendered ineffective assistance of counsel at his sentencing in 2003.[3]  This court's alleged failure to address the merits of Claim Four when denying Carter's § 2255 motion in 2008 was the asserted basis for relief in

---

[1] Rule 60(d)(1) permits a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding."

[2] *See* Civil Action No. 2:05cv1016-MEF, Doc. #37.

[3] Carter was convicted of conspiracy and various controlled substance offenses.  Case No. 2:02cr7.  He was sentenced in September 2003 to 360 months' imprisonment.  He filed his § 2255 motion in this court on October 24, 2005.  Civil Action No. 2:05cv1016-MEF, Doc. #1.  On January 31, 2008, the magistrate judge entered a recommendation concluding that the § 2255 motion should be denied.  *Id*., Doc. #22.  On March 6, 2008, the district court adopted the magistrate judge's recommendation and entered judgment denying Carter's § 2255 motion.  *Id*., Docs. #24 and #25.

Carter's Rule 60(b)(6) motion. Carter maintains that in denying his Rule 60(b)(6) motion as untimely, this court "yet again fail[ed] to re-open and adjudicate the merits on the petitioner's 4th claim of his counsel's ineffectiveness." Doc. #54 at 3-4. Carter is incorrect.

While finding Carter's Rule 60(b)(6) motion to be untimely because it was not filed within a reasonable time, this court held that "[e]ven if Carter's motion was filed within a reasonable time, it lacks merit." Civil Action No. 2:05cv1016-MEF, Doc. #42 at 4. The court then fully discussed how, Carter's allegation notwithstanding, the magistrate judge's 2008 recommendation to deny Carter's § 2255 motion, which was adopted by the district court, addressed the merits of Claim Four in Carter's § 2255 motion. *See id*. at 4-6. There is simply no merit to Carter's assertion this court failed to address the merits of Claim Four.

As with Carter's Rule 60(b)(6) motion, his Rule 60(d)(1) motion is another attempt to relitigate a claim addressed on the merits in the magistrate judge's § 2255 recommendation adopted by the district court. Parties may not use Rule 60 to relitigate the merits of claims.[4] *See Gonzalez v. Sec'y for Dept. of Corrs.*, 366 F.3d 1253, 1291-92 (11th Cir. 2004)). Carter's Rule 60(d)(1) motion is without merit and

---

[4] Carter's instant motion under Rule 60(d)(1), as was his motion under Rule 60(b)(6), is effectively a successive claim for relief under 28 U.S.C. § 2255, for which he must apply to the Eleventh Circuit for permission to raise in this court. *See* 28 U.S.C. § 2244; 28 U.S.C. § 2255(h)(2).

...

should be denied.[5]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Carter's motion for relief from judgment under Fed.R.Civ.P. 60(d)(1) (Doc. #54) should be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 13, 2014**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by

---

[5] Carter's designation of his motion as one seeking relief under Fed.R.Civ.P. 60(d)(1) seems a transparent attempt to avoid the time limitations applicable to motions under Fed.R.Civ.P. 60(b). Rule 60(d) has no limitation period. "Because a Rule 60 independent action is an equitable one, the proponent must show a meritorious claim or defense." *Sharpe v. United States*, 2010 WL 2572636, at *2 (E.D. Pa. Jun. 22, 2010). Furthermore, "[i]ndependent actions under Rule 60(d)(1) are available 'only to prevent a grave miscarriage of justice.'" *Gottlieb v. S.E.C.*, 310 Fed. App'x 424, 425 (2d Cir. 2009) (citing *United States v. Beggerly*, 524 U.S. 38, 46 (1998)). "Miscarriage of justice" is a stringent standard and, in a habeas context, a claimant must make "a strong showing of actual innocence." *Calderon v. Thompson*, 523 U.S. 538, 558 (1998). Carter has not made a showing of actual innocence. This is not a case where failure to vacate his conviction or sentence would result in a grave miscarriage of justice.

the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 30th day of July, 2014.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE